**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION**<br><br>This document relates to:<br>*Sistema Integrado de Salud del Oeste, L.L.C., et al. v. Eli Lilly Company, et al.*, Case No. 3:23-cv-01349 (D.P.R.) | **MDL DOCKET NO. 3080** |

**PLAINTIFFS SISTEMA INTEGRADO DE SALUD DEL OESTE, L.L.C., EAST COAST MEDICAL SERVICES INC., COSTA ESTE MEDICAL SERVICES, L.L.C., COSTA ESTE MEDICAL SERVICES CORP., & FAMILY MEDICINE GROUP INC.'S RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Sistema Integrado de Salud del Oeste, L.L.C. ("SISO"), East Coast Medical Services Inc. ("ECMS"), Costa Este Medical Services, L.L.C. ("Costa, L.L.C."), Costa Este Medical Services Corp. ("Costa Corp"), and Family Medicine Group Inc. ("FMG") (collectively, "the *SISO* Plaintiffs"), of *Sistema Integrado de Salud del Oeste, L.L.C., et al. v. Eli Lilly Company, et al.*, Case No. 3:23-cv-01349 (D.P.R.), file this interested party response under Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, responding to the Motion to Transfer and for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 filed by the States of Arkansas, Illinois, Kansas, Mississippi, and Montana (the "Movant AGs").

The *SISO* Plaintiffs are private plaintiff "independent physician associations" ("IPAs"), which are businesses comprised of a network of physicians who, through their associations, provide a diverse array of services to their beneficiaries, including the provision of analog insulins and other drugs. The *SISO* Plaintiffs bring exclusively state law claims—namely, violations of Puerto Rico's antitrust statute, the Puerto Rico Antitrust Act (the "PRAA"), 10 L.P.R.A. §§ 258, 268, *et*.

The Movant AGs seek only centralization of insulin pricing suits brought by state attorneys general and other governmental entities (the "Government Cases"). The Movant AGs have not moved for inclusion of the *SISO* Plaintiffs' case in their requested multidistrict litigation ("MDL") and have, in fact, expressly excluded insulin pricing suits brought by wholesalers, consumers, and other civilians (the "Civilian Cases"). The *SISO* Plaintiffs file this response in an abundance of caution to ensure that, if the Panel orders centralization of the Scheduled Actions, the *SISO* Plaintiffs' case is carved out from that order, as contemplated by U.S.C. § 1407 and in accordance with the Movant AGs' Motion, which expressly calls for the exclusion of the Civilian Cases.

1

**I.     INTRODUCTION**

The *SISO* Plaintiffs are uniquely situated among the plaintiff parties with an interest in this MDL proceeding. The *SISO* Plaintiffs are not governmental entities, as are 10 of the 15 plaintiff parties, including the Movant AGs. Nor are the *SISO* Plaintiffs wholesalers or consumers of analog insulins, as are the plaintiffs in the New Jersey putative classes (the only other Civilian Plaintiffs to have claimed an interest in this proceeding). The *SISO* Plaintiffs are, instead, "independent physicians associations" ("IPAs"), which are businesses comprised of a network of physicians who, through their associations, provide a diverse array of services to their beneficiaries, including the provision of analog insulins and other drugs. The *SISO* Plaintiffs, therefore, sit between the wholesalers and the end-users of analog insulins. Moreover, the *SISO* Plaintiffs operate in Puerto Rico, where the healthcare system is heavily dependent on the provision of healthcare resources through IPAs like the *SISO* Plaintiffs.

Particularly situated as they are—both in the drug supply chain and in Puerto Rico—the *SISO* Plaintiffs bear a unique economic burden with respect to the pricing of analog insulin: as IPAs, the *SISO* Plaintiffs receive a set amount of funding per beneficiary for a set period of time (e.g., a sum certain for each fiscal quarter within a fiscal year) that is referred to as a "capitation" payment. The *SISO* Plaintiffs disburse funds from that capitation payment for services being provided for, or pharmaceuticals being purchased by, the *SISO* Plaintiffs' beneficiaries (i.e., the individual consumer). At the end of the set period of time (e.g., the end of a particular quarter), the *SISO* Plaintiffs either retain a portion of the remaining capitation-payment balance as profit, or they bear a portion of the overage on the capitation-payment balance as a loss. Thus, as it pertains to analog insulin, the artificially increased and created prices discussed herein have "squeezed" the margins associated with the *SISO* Plaintiffs' capitation payments: IPAs, including the *SISO* Plaintiffs, have received diminished profits, or have had to bear larger losses, because the prices

for analog insulin paid by IPAs (including the *SISO* Plaintiffs) from the capitation payments are higher than would otherwise be the case in a competitive marketplace.

In short, the *SISO* Plaintiffs' suit is distinct among those tagged in the instant proceeding, and the *SISO* Plaintiffs' claims differ materially from those asserted in the other cases. As other courts have recognized, and as the Movant AGs freely acknowledge, because the *SISO* Plaintiffs "are in [such] a materially different position," centralization, consolidation, and/or coordination of the *SISO* Plaintiffs' claims is inappropriate. See Movants' Br. At 12 (citing *In re Insulin Pricing Litig.*, No. 317CV699BRMLHG, 2020 WL 5642002, at *6 (D.N.J. Sept. 22, 2020)). Recognizing this procedural impropriety, the Movant AGs have expressly carved out Civilian Plaintiffs from inclusion in their requested MDL. *Id.* at 11-13. The same should apply to the *SISO* Plaintiffs.

Accordingly, and for the reasons contained in this pleading, the *SISO* Plaintiffs hereby respond to the motion for transfer filed by Movant AGs as follows:

1. The *SISO* Plaintiffs oppose the transfer of their case pursuant to 28 U.S.C. § 1407, because the proposed centralization does not satisfy the requirements of Section 1407.

2. Were the Panel to centralize the Government Cases and the Civilian Cases in an MDL, the *SISO* Plaintiffs respectfully request that the Panel exclude the *SISO* Plaintiffs' case from the MDL. Indeed, the Movant AGs have not requested transfer of Civilian Cases, a category that includes the *SISO* Plaintiffs' case.

## II.     ARGUMENT

This Panel may centralize cases for consolidated or coordinated pre-trial proceedings only if three statutory requirements are satisfied: (1) common questions of fact must predominate among the cases; (2) transfer must serve the convenience of the parties and witnesses; and (3) centralization must "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The party seeking centralization bears the burden of proving each statutory element, *In re Acthar Gel Antitrust Litig.*, 543 F. Supp. 3d 1375, 1376 (J.P.M.L. 2021), and "centralization

under Section 1407 should be the last solution after considered review of all other options," *In re Baby Food Mktg., Sales Practices and Products Liab. Litig.*, 544 F. Supp. 3d 1375, 1377 (J.P.M.L. 2021). This burden is heavier where, as here, "only a minimal number of actions are involved." *In re Broiler Chicken Grower Antitrust Litig.*, 325 F. Supp. 3d 1366, 1367 (J.P.M.L. 2018) (citing *In re Transocean Ltd. Sec. Litig.* (No. II), 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010)). Movant AGs have failed to meet that heavy burden.

The *SISO* Plaintiffs are not alone in opposing centralization. With the exception of two county plaintiffs, all of the parties to the Government Cases and the Civilian Cases—encompassing both plaintiffs and defendants—oppose the Movant AGs' Motion. That is because centralization of these cases is neither necessary nor does it meet Section 1407's statutory requirements, and the Panel should deny the Movant AGs' request for centralization.

1. ***Centralization would not effect full consolidation; those cases that might be centralized are too few in number, with the involvement of too few attorneys, to warrant centralization.***

The majority of Government Cases tagged by the Movant AGs either already have avoided, or soon will avoid, centralization as is their right under the law, leaving centralization of these cases unnecessary. The Movant AGs have tagged for inclusion the cases brought by the State of California, the State of Louisiana, the Government of Puerto Rico, and Jackson County, Missouri. The attorneys general bringing those cases have sought remand to their respective state courts. The State of California's motion for remand—to which the motions for remand filed by the State of Louisiana, the Government of Puerto Rico, and Lake County, Missouri are nearly identical—has been granted; based on their similarity to the motion filed by the State of California, it seems likely that remand of the cases filed by the State of Louisiana, the Territory of Puerto Rico, and Lake County, Missouri will soon follow, leaving even fewer Government Cases for centralization in an

4

MDL. Moreover, the cases brought by the State of Louisiana and by the Government of Puerto Rico are exempt from centralization pursuant to 28 U.S.C. § 1407(g).[1] Accordingly, even if the Panel were to grant the Movant AGs' Motion and centralize the Government Cases, litigation would still proceed separately in California, Louisiana, Puerto Rico, and Missouri.

The exclusion of those cases dwindles an already small number. The Movant AGs have expressly sought to *exclude* the Civilian Cases, a category into which the *SISO* Plaintiffs' case plainly falls. The Movant AGs instead seek centralization of the Government Cases only, filed by government plaintiffs, primarily state attorneys general. For reasons above, the cases filed by the State of California, the State of Louisiana, the Government of Puerto Rico, and Lake County, Missouri, either already have been, or are likely to be, excluded from any centralization as a matter of law. Any later-filed cases by government entities will likely experience the same fate.

This leaves only seven cases subject to the Movant AGs' Motion, and those cases involve two sets of identical law firms. The five Movant AGs are represented by the same three law firms.[2] Government plaintiffs Albany County, New York and Lake County, Illinois—the only other parties who support the Movant AGs' Motion—are represented by another set of identical law firms.[3] Each defendant in the Government Cases (and, for that matter, the Civilian Cases) is represented by the same lead counsel law firms. *See, e.g.*, PBM Defs. Br. at 3.

Where, as here, there are relatively few actions "among relatively few involved attorneys," "alternatives to centralization . . . are eminently feasible and will be sufficient to minimize any

---

[1] Section 1407(g) provides that "any action in which … a State is a complainant arising under the antitrust laws" is exempt from the centralization. The claims asserted by the State of Louisiana and the Government of Puerto Rico arise under the antitrust statutes of their respective jurisdictions.

[2] Those firms are Liston & Deas PLLC; Forman Watkins & Krutz, LLP; David Nutt & Assoc.; and The Cicala Law Firm PLLC.

[3] Those firms are Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.; Kozyak Tropin & Throckmorton LLP; Archie Lamb & Associates; and Seeger Weiss LLP.

5

potential for duplicative discovery or inconsistent pretrial rulings." *In re Broiler Chicken Grower Antitrust Litig.*, 325 F. Supp. 3d at 1367 (citing Manual for Complex Litigation, Fourth, § 20.14 (2004)). Though the underlying cases are sufficiently different to preclude centralization,[4] even where litigation "involves common factual questions relating to allegations that defendants agreed not to compete [in a particular market]," informal coordination is feasible and preferred where the number of cases and attorneys involved is low. *Id.*

Because the Government Cases are very few in number, with even fewer attorneys representing the parties among them, alternatives to centralization are "eminently feasible" and sufficient to address the concerns driving the purpose of 28 U.S.C. § 1407. Indeed, the other parties to these actions have already coordinated informally. *See* Manufacturing Defs. Br. at 7 ("The parties have conducted four planning conferences, coordinated the proposed case schedules and trial settings across the Actions . . ., aligned document productions across the Actions through similar confidentiality and protective orders, and tracked negotiations on discovery responses, including relevant time periods, across the cases."). The Defendants have offered evidence of this informal coordination and represent a willingness to continue to cooperate in that regard. *See* Manufacturing Defs. Br. at 9-11; PBM Defs. Br. at 6-8. "Informal cooperation among the relatively few involved attorneys and coordination among the involved courts therefore are practicable

---

[4] Each of the Government Cases (i.e., the cases tagged by the Movant AGs for centralization in an MDL) asserts claims arising under state-specific consumer protection statutes, state antitrust statutes, and/or state common law claims. The *SISO* Plaintiffs' case likewise asserts exclusively state law claims—namely, violations of Puerto Rico's antitrust statute, the PRAA. The cases present "state-specific legal and factual inquiries that are not suitable for centralized pretrial proceedings." *In re Uber Techs., Inc., Wage & Hour Emp. Pracs.*, 158 F. Supp. 3d 1372, 1373 (J.P.M.L. 2016).

The Manufacturing Defendants are therefore right to note that "there is no benefit in consolidating idiosyncratic state-law questions into one district, [and] these cases should remain in their respective home districts." Manufacturing Defs. Br. at 2. Under such circumstances, where the elements of the claims are state-specific, the first requirement of Section 1407 is not satisfied. *See, e.g.*, *In re: Healthextras Ins. Mktg. & Sales Pracs. Litig.*, 24 F. Supp. 3d 1376, 1377 (J.P.M.L. 2014) (citing *In re: Title Ins. Real Estate Settlement Procedures Act (RESPA) & Antitrust Litig.*, 560 F. Supp. 2d 1374, 1375 (J.P.M.L. 2008) (denying centralization of 25 actions involving "different regulatory regimes in the states in which the actions [we]re pending along with variances in insurance regulation and law in each state")).

alternatives to centralization." *In re Am. Bd. of Med. Specialties Maint. of Certification Antitrust Litig.*, 382 F. Supp. 3d 1353, 1354 (J.P.M.L. 2019).

In light of the small number of Government Cases proposed (and eligible) for centralization, the few common law firms representing the parties in those cases, and the parties' demonstrated ability to coordinate informally concerning discovery and other pre-trial matters, centralization of the Government Cases (and, though not requested, the Civilian Cases) would not further promote the "just and efficient resolution" of these cases, as Section 1407 requires, and the Movant AGs' Motion should be denied.

2. ***The nearly unanimous opposition to the Movant AGs' Motion further evidences centralization is unwarranted.***

But for the two sets of law firms representing the Movant AGs, on one hand, and Lake County, Illinois and Albany, New York, on the other, no party to any of the Government Cases, the Civilian Cases, or the *SISO* Plaintiffs' case supports centralization pursuant to 28 U.S.C. § 1407. Most notably, the Manufacturing Defendants and the PBM Defendants (parties to all and almost all of the Government and Civilian Cases, respectively) oppose the Movant AG's Motion. That is, the parties who stand the most to benefit from any centralization of these cases—the Defendants named in all, or nearly all, of the cases—oppose such transfer, because it would not result in the efficient resolution for the community of the parties. The Movant AGs' Motion should be denied.

3. ***The longtime, and successful, coordination of the New Jersey cases, and the more recent coordination among the Movant AGs' cases--all without formal centralization— demonstrate the lack of necessity for centralization now.***

Were there any doubt that centralization is unwarranted here, the Panel need only look to the Government and Civilian Cases filed in New Jersey (the "New Jersey Cases"), which have reportedly been coordinating informally—and successfully—for more than *six years*. The parties

7

to the New Jersey Cases assert they have "undertaken dozens of depositions, reviewed tens of thousands of documents, and completed extensive expert disclosures," all while coordinating informally, without an MDL. New Jersey Consumer Pls. Br. at 2; Manufacturing Defs. Br. at 4.

The Movant AGs apparently are already coordinating in like fashion among their own cases, on "case schedules, trial dates, discovery deadlines, depositions, and document production across the [Movant AGs'] Actions." Manufacturing Defs. Br. at 2; *see also id.* ("The parties can synchronize discovery through joint phone calls or emails—and, indeed, have already been doing so."). The parties in the Movant AGs' cases are already sharing discovery and coordinating depositions among them, again, without formal centralization in an MDL.[5] *Id.* at 8.

The informal coordination among both the New Jersey Cases and the Movant AG Cases provides "a demonstrated track record of successfully coordinating the litigation," such that intervention by the Panel is simply not needed. *In re Glob. Tel\*Link Corp. Inmate Calling Servs. Litig.*, 140 F. Supp. 3d 1338, 1339 (J.P.M.L. 2015). The PBM Defendants are right to note—and best situated to know—that "[c]onsolidation under Section 1407 would only disrupt that informal coordination and introduce new complications to a litigation that has, to date, functioned smoothly." PBM Defs. Br. at 2. Centralization is not necessary, and the Movant AGs' Motion should be denied.

### 4. *Regardless of whether the Panel orders consolidation of the Government Actions, the SISO Plaintiffs' case should be excluded from the MDL.*

With respect to the *SISO* Plaintiffs' case, there is *no* dispute among the parties that inclusion of cases like the *SISO* Plaintiffs' case is unwarranted. The Movant AGs have expressly excluded

---

[5] The Movant AGs suggest that such informal coordination is not possible, citing, as an example, a Magistrate Judge's order from the Mississippi case that purportedly "restrict[s] use of documents to the Mississippi Action." Movants Reply at 2. But Congress did not design 28 U.S.C. § 1407 to provide an end-run to parties displeased with orders issued by courts in their litigations, and the Movant AGs' displeasure with the court order purporting to impose some restrictions on the use of discovery among the Government Cases is insufficient reason for this Panel to order centralization.

the Civilian Cases, a category into which the *SISO* Plaintiffs' case falls, and the defendants in the *SISO* Plaintiffs' case all oppose centralization.

The *SISO* Plaintiffs also oppose the transfer of their case and for good reason. By depriving the *SISO* Plaintiffs from litigating their claims in their home territory, centralization of the *SISO* Plaintiffs' case in any of the districts proposed by the Movant AGs and other parties with an interest in this proceeding would significantly inconvenience the *SISO* Plaintiffs. Every *SISO* Plaintiff is located in Puerto Rico, as are all of their witnesses, their documents, and other discovery. Travel to and from Puerto Rico from any of the forums proposed for this MDL can be expensive and averages 8 to 10 hours of travel time.

But the *SISO* Plaintiffs' opposition is rooted in more than inconvenience and additional expense. The *SISO* Plaintiffs, like the Government of Puerto Rico, will be prejudiced by the transfer of their cases from the Puerto Rican courts. The *SISO* Plaintiffs' claims are brought pursuant to the laws of Puerto Rico, which are unique to the Commonwealth. Puerto Rico is not a common law jurisdiction and uses a civilian code as its primary source of law. Moreover, many cases and other materials interpreting Puerto Rican law have been written in the Spanish language and thus require a translation for many English-speaking jurists to understand. In this way, Puerto Rican law is fundamentally different from statutory and common law found on the mainland. A Puerto Rican jurist, by virtue of his or her experience interpreting Puerto Rican law and familiarity with the local language and custom, is best suited to preside over the *SISO* Plaintiffs claims, which arise exclusively under Puerto Rico's antitrust statute, the PRAA.

Accordingly, even if this Panel were to grant the AG Movants' Motion (which it should not), the Panel should exclude from centralization the *SISO* Plaintiffs' case. *Cf. In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, 2023 WL 3829242, at *2 (J.P.M.L. June

9

5, 2023) (excluding certain potential tag-along cases from the Panel's CTO). The AG Movants do not want the *SISO* Plaintiffs' case included; the *SISO* Defendants have all opposed centralization; and the *SISO* Plaintiffs would be prejudiced by transfer of their case from Puerto Rico, the jurisdiction best suited to handle their case.

## CONCLUSION

For reasons herein, Movant AGs have failed to satisfy Section 1407's requirements. No common issues predominate the cases, and no efficiency would be gained from their centralization. Centralization is accordingly unwarranted, and the *SISO* Plaintiffs respectfully request that the Panel deny Petitioners' motion to transfer.

Were the Panel to centralize these cases, however, the *SISO* Plaintiffs respectfully request that the Panel carve out their case from centralization, as the inclusion of their case has been requested by neither the Movant AGs or the defendants in the *SISO* Plaintiffs' case, and transfer of their case from Puerto Rico would prejudice the *SISO* Plaintiffs.

Dated: July 11, 2023                                Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge
Michael R. Dodson
C. Hogan Paschal
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.586.5252
Facsimile:     504.586.5250
jburge@fishmanhaygood.com
mdodson@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Harold D. Vicente-Colón
VICENTE & CUEBAS
Capital Center Sur Ph1-1201
239 Arterial Hostos

Hato Rey
Tel. (787) 751-8000
Fax (787) 756-5250
hdvc@vclawpr.com

Heriberto López Guzmán
H. LOPEZ LAW, L.L.C.
Metro Office Park
Lot 11, Suite 105A
Guaynabo, Puerto Rico 00968
Tel: (787) 422-0243
hlopez@hlopezlaw.com

*Counsel to SISO Plaintiffs*