**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE: INSULING PRICING** | ) | **MDL NO. 3080** |
| **LITIGATION** | ) | |
| | ) | |
| **Related action:** | ) | |
| *Jackson County, Missouri v. Eli Lilly* | ) | |
| *and Co., et al.*, Case No. 4:23-CV-206-FJG (W.D. Mo.) | ) | |

**INTERESTED PARTY JACKSON COUNTY, MISSOURI'S OPPOSITION TO**
**MOTION TO TRANSFER**

Jackson County, Missouri[1] agrees with the defendants that the Panel should deny Movants'

Motion to Transfer [Doc. 1, 2]. Defendants' ample briefing points out why Movants fail to meet

their burden. Most persuasively, though, the only common parties among all the actions, *the*

*defendants*—those who stand to benefit the most from centralization—believe centralization

would be disruptive. *See In re: Student-Athlete Name & Likeness Litig.*, 763 F. Supp. 2d 1379,

1380 (J.P.M.L. 2011) (denying transfer when those affected the most by transfer opposed

centralization). Jackson County respectfully submits additional reasoning why the Panel should

deny the Motion to Transfer:

**I.      THE PANEL SHOULD DENY THE MOTION TO TRANSFER**

Jackson County's uniquely positioned case underscores that Movants cannot prove the

common factual questions are sufficiently complex or numerous to justify transfer. *See In re: Bank*

*of New York Mellon Securities Lending Litig.*, 716 F. Supp. 2d 1361, 1362 (J.P.M.L. 2010). On

behalf of certain Missouri cities and counties as a proposed Class, Jackson County brings two

---

[1]      Jackson County, on behalf of a class of Missouri cities and counties, is the plaintiff in *Jackson County, Mo. v. Eli Lilly and Co., et al.*, No. 23-cv-00206-FJG (W.D. Mo.). The Clerk of the Panel included Jackson County's case in its Notice of Related Actions [Doc. 43].

Missouri common law claims: unjust enrichment and conspiracy. Jackson County's case is the only relevant action relying exclusively on Missouri law; indeed, no other potential transferee action invokes Missouri law.

Moreover, the states bring their claims based on purchases made by consumers, but Jackson County alleges that it and members of its proposed Class are payors for the at-issue drugs through their employee health plans. Jackson County Petition [Doc. 43-4] at ¶ 29. That Jackson County pays into a health plan also distinguishes itself from Lake and Albany County, both of which allege direct contractual relationships with the PBMs. Jackson County, though, pays a larger health plan provider. Thus Movants, Lake and Albany Counties, and Jackson County each have a different relationship with the defendants, and each allege they have been damaged differently.

In addition to these factual and substantive distinctions, there is a procedural distinction that sets Jackson County's case apart from the rest: it is the only class action. Thus, Jackson County's case will implicate different procedural tracks and involve different inflection points than the other cases, chief among them being the issue of class certification.

Jackson County's case has also advanced on a threshold issue. Jackson County's Motion to Remand is currently pending and fully briefed.[2] Another interested party, the State of Louisiana, also has a motion to remand on file, and so does the Government of Puerto Rico.[3] As the State of Louisiana points out in its opposition, the State of California's motion to remand has recently been granted. [Doc. 53] at p. 4. The California decision strengthens Jackson County's position supporting remand. That several relevant actions could be remanded provides additional bases for

---

[2]     *Jackson County*, No. 23-CV-206-FJG [Doc. 45] (W.D. Mo. Apr. 25, 2023).

[3]     *The State of Louisiana v. Sanofi Aventis U.S. LLC, et al.*, No. 23-cv-00302-BAJ-SDJ [Doc. 24] (M.D. La. May 19, 2023); *Gov't of Puerto Rico v. Eli Lilly and Co., et al.*, No 23-cv-01127-JAG [Doc. 74] (D. P.R. May 1, 2023).

the Panel to deny the Motion to Transfer, or at a minimum, defer its decision on cases involving

fully-briefed remand motions.

For all the foregoing reasons, even if the Panel should decide to consolidate the cases,

Jackson County should not be included. Jackson County's case applies only Missouri law, relies

on distinct facts, and is the only matter pleaded as a class action. These distinctions underscore

why Jackson County's case should not be subject to coordination under section 1407.

## II.     ALTERNATIVELY, THE WESTERN DISTRICT OF MISSOURI IS AN APPROPRIATE TRANSFEREE COURT

### a.     W.D. Missouri has a history of efficiently handling MDLs.

If the Panel decides in favor of coordination, the Western District of Missouri has the

resources and the ability to effectively manage this multidistrict litigation. On numerous occasions,

the Panel has found the Western District of Missouri well-equipped to handle multidistrict

litigation in cases of similar size and complexity to the litigation at hand.  *See, e.g., In Re: Dollar*

*General Corp. Motor Oil Marketing and Sales Practices Litigation*, MDL No. 2709; *In Re: Simply*

*Orange Juice Marketing & Sales Practices Litigation*, MDL No. 2361; *In Re: Folgers Coffee*

*Marketing and Sales Practices Litigation*, MDL No. 2984; *In re: T-Mobile Customer Data*

*Security Breach Litigation*, MDL No. 3019; *In re: T-Mobile 2022 Customer Data Security Breach*

*Litigation*, MDL No. 3073.

### b.     W.D. Missouri is a convenient transferee forum.

With relevant parties spanning across the United States, Kansas City is centrally located

and would be a convenient forum for the multidistrict litigation; this factor militates in favor of

transferring the litigation to that jurisdiction. *See In re Ashley Madison Consumer Data Security*

*Breach Litigation*, 148 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) (choosing the Eastern District of

Missouri as the transferee district because the "district is a geographically central and accessible forum for this nationwide litigation").

The Panel—despite competing applications for transfer to other districts—has repeatedly determined that the Western District of Missouri was the forum best suited to handle multidistrict litigation, in part because it "will provide a readily accessible and convenient transferee forum for this nationwide litigation." *In Re: Folgers Coffee Marketing and Sales Practices Litigation*, MDL No. 2984, Transfer Order at p. 2 (April 1, 2021). Like *In re Folgers*, the instant litigation is also nationwide, involving widely dispersed cases in several different districts. Thus, the Western District of Missouri would also be a convenient forum for this litigation.

**c.   W.D. Missouri's docket conditions support transfer.**

The Panel also considers the respective docket conditions of the proposed transferee court's district. *In re Teflon Prods Liability Lit.*, 416 F. Supp. 1364, 1365 (J.P.M.L. 2006). Here, two distinct factors weigh in favor of transfer to the Western District of Missouri.

First, the most recent Federal Court Management and Caseload Statistics for the Western District of Missouri indicate that it is not unduly congested, and that it has the capacity to handle this litigation. In multidistrict litigation, "[t]he percentage of cases over three years old is an especially useful basis for comparing the various court dockets."  D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17 at 210-11 (2008).  As of March 31, 2023, the Western District of Missouri had only 8.7% of its civil cases pending for three years or more—compare that with the district of New Jersey (another potential transferee court), which sits at 45.9%.

Second, the Western District of Missouri fares well compared to other proposed transferee forums in terms of average time for civil case disposition, and average number of days to rule on

dispositive motions, such as motions to dismiss and for summary judgment. The importance of the median time to disposition in the district courts has also previously been recognized by the Panel as an important consideration. *See In re National Student Marketing Lit*., 368 F. Supp. 1311, 1318 (J.P.M.L. 1972). In the Western District of Missouri, the average time from filing to disposition of the case is 6.4 months, whereas the District of New Jersey is 10 months. Indeed, as of March 31, 2023, the district of New Jersey has 3,741 pending cases compared with 465 cases in the Western District of Missouri.

Jackson County's case is assigned to the Hon. Fernando Gaitan. Judge Gaitan is on senior status, and it is unclear whether he is amenable to accepting an MDL assignment of this scope and size. If he is not amenable, then several jurists in the Western District of Missouri have demonstrated a willingness and capacity to accept MDL appointments in the past, including Chief Judge Beth Phillips and/or the Hon. Stephen R. Bough.

III.     CONCLUSION

For these reasons, the Panel should deny the pending Motion to Transfer. However, should the Panel decide that transfer is appropriate, the Western District of Missouri is an appropriate district for the transferee court.

DATE: July 6, 2023                              Respectfully submitted,

                                                **WILLIAMS DIRKS DAMERON LLC**

                                                _____/s/ Matthew L. Dameron_____
                                                Michael A. Williams  MO Bar No. 47538
                                                Eric L. Dirks          MO Bar No. 54921
                                                Matthew L. Dameron  MO Bar No. 52093
                                                Clinton J. Mann       MO Bar No. 70212
                                                1100 Main Street, Suite 2600
                                                Kansas City, Missouri 64105
                                                Telephone:           (816) 945-7100
                                                Facsimile:           (816) 945-7118
                                                mwilliams@williamsdirks.com
                                                dirks@williamsdirks.com
                                                matt@williamsdirks.com
                                                cmann@williamsdirks.com

                                                Bryan O. Covinsky
                                                County Counselor
                                                **OFFICE OF THE JACKSON COUNTY COUNSELOR**
                                                415 East Twelfth Street, Suite 200
                                                Kansas City, Missouri 64106
                                                Telephone:           (816) 881-3442
                                                Facsimile:           (816) 881-3398
                                                bcovinsky@jacksongov.org

                                                *Counsel for Jackson County, Missouri and the Proposed Class*