# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GOVERNMENT OF PUERTO RICO,<br><br>   **Plaintiff,**<br><br>                  v.<br><br>ELI LILLY AND CO., *et al.*,<br><br>   **Defendants.** | CIVIL NO. 23-1127 (JAG) |

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is the Government of Puerto Rico's (the "Government") Motion to Remand (the "Motion"), Docket No. 74; co-Defendant Express Scripts, Inc.'s ("Express Scripts") Opposition, Docket No. 88; co-Defendant CaremarkPCS Health, LLC's ("Caremark") Memorandum in Opposition, Docket No. 89; the Government's Reply, Docket No. 94; and the Government's Notice of Supplemental Authority, Docket No. 99. For the reasons stated below, the Motion is hereby **GRANTED**.

The Government initiated this action in the Court of First Instance of Puerto Rico alleging violations of Puerto Rico's Fair Competition Act and seeking "to redress all Defendants' misleading, deceptive and unlawful activity concerning their marketing and sale of insulin products to the residents of Puerto Rico, including, but not limited to artificially inflating the cost of insulin products." Docket No. 1-1 at 1. Express Scripts removed the action pursuant to 28 U.S.C. § 1442(a)(1), also known as the federal officer removal statute. Docket No. 1. The Government now requests remand, arguing that removal under § 1442(a)(1) was unwarranted insomuch as the

**CIVIL NO.** 23-1127 (JAG) 2

First Amended Complaint (the "Complaint") expressly disclaimed all claims related to any federal program. Docket No. 74. The Court agrees with the Government.

Because "federal courts are courts of limited jurisdiction," the burden of establishing federal jurisdiction falls on the party invoking a removal statute. *Woo v. Spackman*, 988 F.3d 47, 53 (1st Cir. 2021); *see v. Priv. Health Care Sys.*, 185 F.3d 1, 4 (1st Cir. 1999).

Here, the Complaint asserts that "[t]he Government is not seeking relief relating to any federal program (e.g., Medicaid, Medicare) or any contract related to a federal program." Docket No. 1-1 at 8, 40. The Government reasserted this disclaimer multiple times throughout its Motion and Reply. Docket Nos. 74 at 2, 4, 7, 8; 94 at 1, 2, 4. The Court finds that this disclaimer is sufficiently clear and specific. The language does not merely parrot the federal officer removal statute; nor does it "generally purport[] to waive *all* federal claims based on boilerplate language; or (2) disavow[] claims based on a defendant's acts or omissions carried out under color of office, [while] the plaintiff, nonetheless, [seeks] to recover based on a defendant's official acts." *Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1363 (S.D. Fla. 2016). The Government explicitly renounced claims of a specific nature for specific beneficiaries, i.e. potential violations of Puerto Rico's Fair Competition Act as related to insulin prices under any and all federal programs. *See id.* ("[F]ederal courts have consistently granted motions to remand based on a plaintiff expressly disclaim[ing] the claims upon which federal officer removal was based.") (cleaned up) (collecting cases).

Furthermore, the Complaint does not seek recovery based on the conduct of Defendants when "acting under" a federal officer. The claims here are strictly limited to non-federal programs, which "is a discrete and readily identifiable category whose membership does not require the state court to consider the contours of the federal officer removal statute." *Healthcare Venture Partners,*

**CIVIL NO.** 23-1127 (JAG) 3

*LLC v. Anthem Blue Cross & Blue Shield*, No. 1:21-CV-29, 2021 WL 5194662, at *8 (S.D. Ohio Nov. 8, 2021). Defendants cannot reasonably claim that the actions they took with respect to non-federal contracts were "taken on behalf of an officer of the United States and under color of office." *See* 28 U.S.C. § 1442(a)(1). Therefore, remand is warranted because there is no "causal connection between the charged conduct and asserted official authority" as required by the federal officer removal statute. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (cleaned up). In a recently decided case involving essentially the same issues and the same Defendants, the district court for the Central District of California found that

> [I]f Plaintiff waives and disclaims all claims arising out of the PBM Defendants' negotiation on behalf of FEHBA and TRICARE plans, and does not seek damages related to copays paid under these plans, it is difficult to see how the requisite causal nexus would continue to exist. Thus, the Court finds that, while there is joint and several liability, there would be no government-directed conduct left in the wake of Plaintiff's express disclaimer to which such liability would attach.

*People of the State of Cal. v. Eli Lilly & Co.*, No. 2:23-CV-01929-SPG-SK, 2023 WL 4269750, at *6 (C.D. Cal. June 28, 2023). The same rationale applies in the instant case.

The Court also rejects Express Scripts' indivisibility argument. Because this case does not make any claims related to federal programs, a decision in this case would have no impact on insulin prices under any federal program because relief would be strictly limited to non-federal health insurance plans. Thus, upon remand, the state court would not need to address any issue related to Defendants' contracts with the federal government nor would Defendants have any colorable federal defense because the claims asserted do not involve federal programs or federal actors. Just because Defendants conduct business in a particular way, i.e. negotiations with manufacturers do not take place on a plan-by-plan basis, does not mean that they cannot conduct

**CIVIL NO.** 23-1127 (JAG) 4

negotiations differently pursuant to a court order. Moreover, the Court is not persuaded that dividing the work done by Defendants on behalf of the federal government from the work done for its private clients is not possible in this case. As stated by the district court for the Central District of California,

> Caremark's argument, when carried to its logical end, assumes that any organization that contracts with the government, including for services that are also available to private organizations, may always take advantage of federal officer removal if any portion of the work it performs is on behalf of both private and government organizations, even if the government services are not at issue. Yet Caremark has not provided authority for this proposition, nor has the Court found any such authority, especially under circumstances similar to the present case, where Plaintiff has repeatedly demonstrated that it does not seek to sue over any conduct performed on behalf of a federal entity.

*People of the State of Cal.*, 2023 WL 4269750, at *6.

Policy considerations also favor remand. "[C]onsiderations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983). Additionally, the rationale behind the federal officer removal statute is not an issue here. "With any claims related to conduct on behalf of DoD and OPM waived, it is not clear how the private companies could be seen as performing actions at the direction of federal law, and therefore be in danger of discrimination in state court." *People of the State of Cal.*, 2023 WL 4269750, at *7. Moreover, the Court notes that "[t]he ordinary rule is that the plaintiff is master of his complaint and that a case cannot be removed if the complaint's allegations are premised only on local law." *Negron-Fuentes v. UPS Supply Chain Sols.*, 532 F.3d 1, 6 (1st Cir. 2008); *see Danca*, 185 F.3d at 4 ("Under our dual-sovereign system, the plaintiff is the master to decide what law he will rely upon.").

**CIVIL NO.** 23-1127 (JAG)                                                                                     5

Finally, Express Scripts requests that the Court delay the mailing of the remand order to the state court by seven days. Express Scripts provides no legal basis for this request. The request is hereby **DENIED**.

The case shall be remanded to the Court of First Instance of Puerto Rico, San Juan Part. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, July 13, 2023.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
