BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: INSULIN PRICING LITIGATION | § | MDL NO. 3080 |

**MOVANTS' OMNIBUS REPLY TO RESPONSES TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Movants the States of Arkansas, Illinois, Kansas, Mississippi, and Montana submit this Omnibus Reply to the responses and oppositions filed by the various parties (ECF 34, 35, 36, and 37). The Panel should consolidate the actions for coordinated proceedings in Mississippi or another appropriate forum.

I. **An MDL Is Needed to Efficiently Coordinate the Cases.**

    A. **Defendants have consistently obstructed coordination across the State AG actions.**

The Manufacturer Defendants and Pharmacy Benefit Manager (PBM) Defendants (collectively, Defendants) paint a rosy picture of "informal coordination pervad[ing] every facet of these cases." Their picture distorts reality. In reality, the only issue on which Defendants have cooperated is an attempt to coordinate depositions – which occurred only after the Kansas district court ordered such coordination. Defendants have, from the very beginning, resisted and obstructed attempts to coordinate, and have maintained their obstructive stance unless and until forced to do so. For example:

- **Balkanized Discovery**. Defendants insisted that *all* disclosure and discovery materials could only be used in the action in which they were produced, and for no other purpose and in no other proceeding. (*See* Stipulated Confidentiality Order (Mississippi), MS ECF 174,

1

attached as Exhibit 1, at § 7). In other words, documents produced in the Mississippi action may not be used in the Arkansas, Illinois, Kansas, Montana, or any other currently filed or future actions. The State of Mississippi objected to this restriction, pointing out it was contrary to Defendants' professed goal of coordinated discovery across the cases, and proposed that the restrictions apply only to materials designated for confidentiality protection. (*See* Dec. 20, 2022 email from T. Ellis, attached as Exhibit 2. Mississippi). The Magistrate Judge, who is responsible only for management of the Mississippi action and not coordination of the several actions, indicated he would restrict use of documents to the Mississippi action. The State therefore reluctantly accepted the provision in order to finalize the confidentiality order, which had already taken over three months to negotiate and was necessary to begin document production. The same provision has since been included in the confidentiality orders for each of the other State AG actions, precluding use of the documents across cases.

Defendants point to the Mississippi, Arkansas, and Kansas ESI protocols, as allegedly streamlining the production of previously produced documents and ESI. (ECF 37 at 8). While these protocols may set procedures for re-producing such documents, they still contemplate *re-producing* the documents in each action.

- **Fragmented Use Restrictions**. Defendants point to a letter from Manufacturer Sanofi, "stipulating that Sanofi's Mississippi document productions may be used in Kansas" as evidence of their alleged cooperation, coordination, and streamlining. (ECF 37 at 8). However, contrary to Defendants' claim, the letter (ECF 37-1) was not an across-the-board release to use the documents: it pertained to *certain production volumes only*. The letter does not allow use of the documents in any of the other actions, nor does it apply to documents produced by other Defendants. The letter is in fact an example of the fragmented and piecemeal nature of the

current configuration. Rather than streamlining discovery to gain efficiency, the alleged cooperation Defendants tout actually complicates matters by imposing the need to track numerous permissions and prohibitions, which vary by Defendant, by action, and even down to the precise document involved.

- **Repetitive Productions**. Mississippi and Arkansas opened discovery by requesting that Defendants produce documents they had previously produced in related matters involving the same issues. Defendants refused to produce the documents they had already produced in the related matters. The Manufacturers ultimately agreed to re-produce certain documents they had previously produced – i.e., they agreed to produce some of the documents they had produced in the New Jersey litigation only, but not those produced in other insulin pricing matters. One Manufacturer (Eli Lilly) agreed to re-produce only a portion of the New Jersey documents pertaining to 2014 to 2018, even though the document productions in New Jersey spanned a broader period of 2011 to 2018. Lilly also applied new Mississippi Bates numbers rather than simply keeping the New Jersey Bates numbers, even though these very same documents are produced in both actions, and likely will be produced in the other State AG actions in the future. As a result, the very same document will be repeatedly produced in each of the State AG actions and will bear a different number every time it is produced. This is needlessly complicated and only serves to block the efficient discovery and use of the documents.

- **Relevant Time Period for Discovery**. PBM Defendants have resisted efforts to establish a relevant time period for discovery that would apply across the State AG cases. When this issue first arose in the Mississippi action, the PBMs refused to discuss a time period for discovery to apply generally across the actions and limited their proposals to Mississippi only.

3

Indeed, the Manufacturers and PBMs even disagreed among themselves as to start and end dates for the relevant time period for discovery. (On June 2, 2023, the same date the PBM Defendants responded to Plaintiffs' MDL motion, the PBM Defendants finally agreed – at least among themselves – to a relevant time period for discovery.) The Mississippi Magistrate Judge, again considering only the Mississippi action, indicated that the end date for the relevant time period for discovery should be February 2022, the date of the operative Mississippi complaint. While that end date may make sense for the Mississippi action, it has no significance for the other actions, all of which were filed later, and the same reasoning would result in five different end dates across the actions. Differing time periods for discovery is unnecessary and inefficient and can be solved by consolidating pretrial proceedings for all of the actions.

The fact that so much discovery remains to be done, more than halfway through the discovery period in Mississippi, is a testament to extensive obstruction by Defendants and the need for consolidated and coordinated pretrial proceedings. Untold hours have been spent on conferences of counsel, letter-writing between counsel, and discovery conferences with the Mississippi Magistrate Judge. Yet, according to the PBMs, there has been little progress in the Mississippi case and virtually none in the other State AG cases. (ECF 36, at 3-4). Further, almost all disputes which have been resolved were resolved only for the Mississippi case. The current case-by-case approach to discovery in these actions, which share all of their core factual issues, is wildly inefficient and needlessly duplicative.

   **B.  Informal coordination is an inadequate substitute for consolidation.**

The varying procedural postures, scheduling orders, and deadlines among the State AG actions make informal coordination impracticable and insufficient as a substitute for consolidation of these actions – and others that are yet to be filed. The conduct of depositions

provides a good example of why. All aspire to have deponents deposed only once across all cases. However, each case is currently on a different schedule. In Mississippi, after the relevant documents were produced, Mississippi noticed a deposition in the Mississippi action. Defendants cross noticed that deposition in Arkansas and Illinois, where discovery was open, but no documents had been produced. Defendants did not cross-notice the deposition in Kansas, where discovery was open, but no documents had been produced, nor in Montana, where discovery was not open, and no documents had been produced. The deposition went forward in the Mississippi case. Undoubtedly there will be future arguments in the other cases about whether the deponent can be deposed again and whether the Mississippi transcript can be used. A states-only MDL would achieve the parties' mutual goal of efficiency in depositions by having ***all*** the relevant cases proceeding on a consolidated basis, with a single timeline, under a judge charged with oversight of the litigation as a whole rather than a single case. This is precisely what an MDL is intended to accomplish.

      **C.**    **There will be additional relevant cases, likely with additional counsel involved.**

First, having the same counsel across the cases does not preclude transfer to an MDL. The Panel has previously established MDLs in exactly such instances, where centralization would serve the goal of coordinated and efficient proceeding. *See In re Lowe's Cos., Inc., Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 481 F. Supp. 3d 1332, 1333 (J.P.M.L. 2020) ("plaintiffs in all actions are represented by the same counsel, and defendant Lowe's also has a single counsel acting as lead counsel in all actions"). *See also In re Tasigna (Nilotinib) Prods. Liab. Litig.*, 555 F. Supp. 3d 1363, 1365 (J.P.M.L 2021) (all plaintiffs represented by two groups of counsel). Here, having the same Plaintiff's counsel in the State AG cases has thus far

not been enough to ensure efficiency and coordination due to the Defendants' refusal to cooperate and their insistence on restrictions on coordination.

Further, while Movants requested an MDL for the five State AG actions, the Panel has now been apprised of other actions brought by three counties (Albany County, New York; Lake County, Illinois; and Jackson County, Missouri[1]). The three county actions have two different sets of Plaintiff's counsel – both of which are different than Plaintiff's counsel in the State AG actions.

There are also other pending cases brought by the Attorneys General for California, Louisiana, Minnesota, and Puerto Rico. All involve different counsel. Minnesota is part of the New Jersey Insulin Pricing Litigation, and California, Louisiana, and Puerto Rico all have pending remand motions.

Finally, additional Attorney General cases will likely be filed.

## II.     The Pendency of Motions to Dismiss Is No Reason to Delay Transfer.

Contrary to Manufacturers' contention, the Panel regularly transfers cases that have pending motions, and may do so here. *See, e.g., In re Commonwealth Oil/Tesoro Petroleum Sec. Litig.*, 458 F. Supp. 225, 230 (J.P.M.L. 1978) ("The pendency in Bouchard of certain motions to dismiss is not a persuasive reason to delay transfer in this litigation. These motions can be presented to and decided by the transferee judge following transfer."); *In re Prudential Ins. Co. of Am. SGLI/VGLI Contract Litig.*, 763 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011) (based on Panel's precedents, a fully briefed motion to dismiss is not reason to avoid centralization of cases). *See also In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F.

---

[1] The parties in the Jackson County, Missouri case are currently briefing a remand motion, according to PBMs.

Supp. 2d 277, 281-82 (W.D. Penn. 2010) (transferee court describing motions to dismiss that were pending at the time of transfer to the MDL); *Schoenfeld v. Teva Pharm., USA, Inc.*, 2020 WL 10458530, at *1 (E.D. Mich. Dec. 18, 2020) (mention of motion to dismiss, as well as other briefs, that were pending at the time of transfer by the JPML).

Manufacturers' cited cases are unavailing:

- In *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968), the Panel in fact ordered transfer, without special conditions or reservations, notwithstanding its concern for principles of comity.

- In *In re L. E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054 (J.P.M.L. 1975), as well, the Panel in fact ordered transfer, selecting the district court with the pending motion as the transferee.

- In *In re Nat'l Grid Tax Gross-Up Adder Litig.*, 2023 WL 2876091 (J.P.M.L. Apr. 10, 2023), and *In re Droplets, Inc., Patent Litig.*, 908 F. Supp. 2d 1377 (J.P.M.L. 2012), the Panel mentioned the pending motions to dismiss, but they were not the primary reason for the Panel's decision not to centralize the cases.

Unlike in *In re Nat'l Grid*, there is no "reasonable prospect" that the "multidistrict character of this litigation could be resolved through resolution of these pending motions." 2023 WL 2876091, at *1. As Manufacturers note, Defendants have moved to dismiss for lack of personal jurisdiction and for failure to state a claim. With regard to personal jurisdiction, even if every motion were to be granted, all of the Manufacturers and at least one entity within each PBM corporate group would remain in each case. With regard to the alleged failure to state a claim, Defendants' arguments were soundly rejected by the only district court to render a decision so far. (*See* Order, MS ECF 111, attached as Exhibit 3, at 11-17 (denying in its entirety

7

Manufacturers' motion to dismiss for failure to state a claim); Order, MS ECF 114, attached as Exhibit 4 (denying PBMs' motion to dismiss for failure to state a claim, as to 10 of the 11 PBM Defendants in the case at the time)). Further, while Movants acknowledge there are some differences between the applicable laws, the relevant laws and arguments across the pending motions are substantially the same, making it efficient for a transferee court to adjudicate them all.

### III. Movants Request Transfer to the Southern District of Mississippi Or Another Appropriate Transferee Forum.

Movants had good reasons for their suggestion of Mississippi as the transferee forum, and they still do. For the reasons detailed in Movants' motion, the JPML should consolidate the cases in the Southern District of Mississippi.

Movants recognize that the District of New Jersey has considerable experience with the subject matter and would also be an appropriate transferee forum. The Manufacturers' statement that "Plaintiffs argue that New Jersey is an inappropriate forum" is egregiously false. (ECF 37, at 18). Movants have said no such thing.

Both Movants and Defendants agree, however, that there are numerous differences between the New Jersey Insulin Pricing Litigation on the one hand, and the State AG and County cases on the other. Both Movants and Defendants agree that these differences present challenges to consolidation of the New Jersey Insulin Pricing Litigation with the State AG and County cases into a single MDL. (ECF 36, at 10-11; ECF 37, at 15-17).[2]

---

[2] If consolidated, the establishment of a State AG track could resolve some of those challenges.

## CONCLUSION

For the reasons given in their motion and in this reply, the Movants respectfully request that the Panel transfer the State AG actions to an MDL for consolidated pretrial proceedings.

Dated: June 9, 2023

Respectfully submitted,

**Counsel for Movants, the States of Arkansas, Illinois, Kansas, Mississippi, and Montana**

*/s/ Edwin S. Gault, Jr.*
Edwin S. Gault, Jr.
Walter G. Watkins, III
Tanya D. Ellis
Courtney C. Hunt
Daniel J. Mulholland
T. Joel Fyke
Jennifer M. Studebaker
**Forman Watkins & Krutz LLP**
210 E. Capitol Street, Suite 2200
Jackson, MS 39201-2375
Tel: (601) 960-8600
Fax: (601) 960-8613
win.gault@formanwatkins.com
Trey.Watkins@formanwatkins.com
Tanya.Ellis@formanwatkins.com
courtney.hunt@formanwatkins.com
daniel.mulholland@formanwatkins.com
joel.fyke@formanwatkins.com
jennifer.studebaker@formanwatkins.com

*/s/ W. Lawrence Deas*
W. Lawrence Deas
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
lawrence@listondeas.com

*/s/ William Liston, III*
William Liston, III
**Liston & Deas, PLLC**
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel: (601) 981-1636
Fax: (601) 982-0371
william@listondeas.com

*/s/ Joanne Cicala*
Joanne Cicala
R. Johan Conrod
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
johan@cicalapllc.com

*/s/ Josh Wackerly*
Josh Wackerly
**The Cicala Law Firm PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
josh@cicalapllc.com

OF COUNSEL:

Matthew C. McDonald
**David Nutt & Associates**
605 Crescent Blvd., Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 898-7302
mattm@davidnutt.com

Kate Donoven
Kim DuVall Renteria
**Arkansas Attorney General's Office**
323 Center Street, Suite 200
Little Rock, AR 72201
Tel: (501) 682-8114
Fax: (501) 682-8118
kim.renteria@arkansasag.gov
kate.donoven@arkansasag.gov

David F. Buysse
**Deputy Chief, Public Interest Division**
**Illinois Attorney General's Office**
100 W. Randolph Street – 12th Floor
Tel: (312) 590-7844
david.buysse@ilag.gov

Darren Kinkead
**Deputy Chief, Special Litigation Bureau**
**Office of the Attorney General of Illinois**
100 W. Randolph Street – 11th Floor
Tel: (773) 590-6967
darren.kinkead@ilag.gov

Christopher Teters
**Office of the Kansas Attorney General**
120 SW 10th Avenue
Topeka, KS 66612-1597
Tel: (785) 296-3751
Fax: (785) 291-3699
chris.teters@ag.ks.gov

Tricia L. Beale
**Mississippi Attorney General's Office**
1141 Bayview Ave., Suite 402
Biloxi, MS 39530
Tel: (228) 596-8803

tricia.beale@ago.ms.gov

Anna K. Schneider
Andrew Butler
**Montana Department of Justice**
P.O. Box 200151
Helena, MT 59620-0151
Tel: (406) 444-4500
Fax: (406) 444-3594
anna.schneider@mt.gov
andrew.butler@mt.gov

## Certificate of Service

I hereby certify that on June 9, 2023, the foregoing Movants' Omnibus Reply To Responses To Motion For Transfer of Actions Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings was filed through the Panel's CM/ECF system, which will send notification of the filing to counsel for all parties and interested parties.

*/s/ Edwin S. Gault, Jr.*
Edwin S. Gault, Jr.
