Query    Reports    Utilities    Help    What's New    Log Out

MAPN,PHV

# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00206-FJG

Jackson County, Missouri v. Eli Lilly and Company et al
Assigned to: District Judge Fernando J. Gaitan, Jr
Demand: $50,000
Case in other court:  Jackson County, Missouri v. Eli Lilly and Co
        et al, 2316-CV01801
Cause: 18:241 Conspiracy Against Citizen Rights

Date Filed: 03/27/2023
Jury Demand: Both
Nature of Suit: 370 Other Fraud
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Jackson County, Missouri**
*on behalf of itself and the proposed Class*

represented by **Matthew Lee Dameron**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945-7110
Fax: (816) 945-7118
Email: matt@williamsdirks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Clinton Mann**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
816-945-7110
Email: cmann@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945-7110
Email: dirks@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Anthony Williams**
Williams Dirks Dameron LLC
1100 Main Street

Suite 2600
Kansas City, MO 64105
(816) 945-7110
Fax: (816) 945-7118
Email: mwilliams@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**Eli Lilly and Company**                          represented by   **Thomas P. Schult**
Berkowitz Oliver LLP-KCMO
2600 Grand Boulevard
Suite 1200
Kansas City, MO 64108
(816) 561-7007
Fax: (816) 561-1888
Email: tschult@berkowitzoliver.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Andrew A Kassof**
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Email: akassof@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Diana Watral**
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
312-862-2000
Email: diana.watral@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**James Hurst**
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
312-862-5230
Email: james.hurst@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jason Feld**
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
312-862-3759
Email: jason.feld@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer B. Wieland**
Berkowitz Oliver LLP-KCMO
2600 Grand Boulevard
Suite 1200
Kansas City, MO 64108
(816) 627-0266
Fax: (816) 561-1888
Email: jwieland@berkowitzoliver.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ryan Moorman**
Kirkland & Ellis LLP
300 N LaSalle
Chicago, IL 60654
312-862-2000
Email: ryan.moorman@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

Novo Nordisk, Inc.                     represented by **Anthony F. Rupp**
Foulston Siefkin, LLP - OPKS
7500 College Boulevard
Suite 1400
Overland Park, KS 66210
913-498-2100
Fax: 866-889-9276
Email: trupp@foulston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Andrew Yaphe**
Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
650-752-2088
Email: andrew.yaphe@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Chui-Lai Cheung**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000
Email: chui-lai.cheung@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Ian Hogg**
Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
650-752-2066
Fax: 650-752-3666
Email: ian.hogg@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**James Rouhandeh**
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, NY 10017
212-450-4000
Email: james.rouhandeh@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Maria Drouhard**
Foulston Siefkin, LLP - OPKS
7500 College Boulevard
Suite 1400
Overland Park, KS 66210
920-445-1212
Email: mdrouhard@foulston.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Neal Potischman**
Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
650-752-2000
Email: neal.potischman@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Sanofi-Aventis U.S. LLC**                    represented by  **Robert J McCully**
                                                               Shook, Hardy & Bacon, LLP-KCMO

2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
Fax: (816) 421-5547
Email: rmccully@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Melissa L Patterson**
Jones Day
51 Louisiana Ave, N.W.
Washington, DC 20001
(202) 879-3939
Email: mlim@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Shirlethia Franklin**
Jones Day - Washington
51 Louisiana Avenue, NW
Washington, DC 20001
202-879-3892
Fax: 202-626-1700
Email: sfranklin@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Theresa Coughlin Martin**
Jones Day - Washington
51 Louisiana Ave NW
Washington, DC 20001
202-879-3617
Email: tcoughlin@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**William D Coglianese**
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 897-3939
Email: wcoglianese@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Evernorth Health, Inc.,**                    represented by   **Taylor Brooke Concannon Hausmann**
Husch Blackwell LLP - KCMO
4801 Main Street

Suite 1000
Kansas City, MO 64112-2551
816-983-8000
Fax: 816-983-8080
Email:
taylor.hausmann@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
202-373-6709
Email: jr.scherr@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
202-739-5724
Fax: 202-739-3001
Email: lindsey.levy@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
202-373-6284
Fax: 202-739-3001
Email: patrick.harvey@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Express Scripts, Inc.**            represented by **Taylor Brooke Concannon Hausmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Express Scripts Administrators, LLC**          represented by   **Taylor Brooke Concannon Hausmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**ESI Mail Pharmacy Service, Inc.**          represented by   **Taylor Brooke Concannon Hausmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

<u>**Defendant**</u>

**Express Scripts Pharmacy, Inc.**              represented by **Taylor Brooke Concannon Hausmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

<u>**Defendant**</u>

**Medco Health Solutions, Inc.**              represented by **Taylor Brooke Concannon Hausmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jason R Scherr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lindsey T Levy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick A Harvey**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**CVS Health Corporation**                    represented by   **Adam Joshua Podoll**
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5092
Email: apodoll@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Casey P. Murray**
Spencer Fane LLP-KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106-2140
816-292-8133
Fax: 816-474-3216
Email: cmurray@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig D Singer**
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5964
Email: csinger@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Dockery**
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5698
Email: ddockery@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Nicole Reed**
Spencer Fane, LLP
1000 Walnut St
Ste 1400
Kansas City, MO 64106
785-408-0927
Email: ereed@spencerfane.com
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**Enu Mainigi**
680 Maine Avenue, S.W.
Washington, DC 20024
202-434-5420
Email: emainigi@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**McKayla R Stokes**
680 Maine Avenue S.W.
Washington, DC 20024
202-434-5992
Email: mstokes@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Raymond K Poteat , III**
Williams & Connolly
680 Maine Avenue, S.W.
Washington, DC 20024
202-434-5699
Email: kpoteat@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

<u>**Defendant**</u>

**CVS Pharmacy, Inc.**                represented by **Adam Joshua Podoll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Casey P. Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig D Singer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Dockery**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Emily Nicole Reed**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Enu Mainigi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**McKayla R Stokes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Raymond K Poteat , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Caremark RX LLC**                   represented by   **Adam Joshua Podoll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Casey P. Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig D Singer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Dockery**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Nicole Reed**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**Enu Mainigi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**McKayla R Stokes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Raymond K Poteat , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Caremark PCS Health, LLC**                  represented by   **Adam Joshua Podoll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Casey P. Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig D Singer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Dockery**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Nicole Reed**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Enu Mainigi**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**McKayla R Stokes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Raymond K Poteat , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Caremark LLC**                      represented by **Adam Joshua Podoll**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Casey P. Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig D Singer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Dockery**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Nicole Reed**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Enu Mainigi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**McKayla R Stokes**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Raymond K Poteat , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**United Health Group, Inc.**

**Defendant**

**Optum, Inc.**

**Defendant**

**OptumRX, Inc.**                         represented by   **Megan A. McCurdy**
Stinson LLP - KC 2900
1201 Walnut St.
Ste. 2900
Kansas City, MO 64106
(816) 691-2649
Email: megan.mccurdy@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**OptumRX Holdings LLC,**

**Defendant**

**OptumInsight, Inc.**

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/2023 | 1 | NOTICE OF REMOVAL from Circuit Court of Jackson County County, case number 2316-CV01801, filed by Emily Nicole Reed. Filing fee $402, receipt number AMOWDC-8386121. (Attachments: # 1 Exhibit A - Petition, # 2 Civil Cover Sheet Civil Cover Sheet, # 3 State Court Petition Complete State Court Filing)(Reed, Emily) (Entered: 03/27/2023) |
| 03/27/2023 | 2 | NOTICE of filing *Supplemental Notice of Removal of Civil Action* by Eli Lilly and Company re 1 Notice of Removal, (Attachments: # 1 Exhibit 1)(Schult, Thomas) (Entered: 03/27/2023) |
| 03/27/2023 | 3 | DISCLOSURE OF CORPORATE INTERESTS filed by Thomas P. Schult on behalf of Defendant Eli Lilly and Company. (Attachments: # 1 Exhibit 1)(Attorney Thomas P. Schult added to party Eli Lilly and Company(pty:dft))(Schult, Thomas) (Entered: 03/27/2023) |
| 03/27/2023 | 4 | Motion to allow James F. Hurst to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8386142) filed by Thomas P. Schult on behalf of Eli Lilly and Company. |

| | | |
|---|---|---|
| | | (Schult, Thomas) (Entered: 03/27/2023) |
| 03/27/2023 | 5 | Motion to allow Diana M. Watral to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8386144) filed by Thomas P. Schult on behalf of Eli Lilly and Company. (Schult, Thomas) (Entered: 03/27/2023) |
| 03/27/2023 | 6 | Motion to allow Ryan Moorman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8386145) filed by Thomas P. Schult on behalf of Eli Lilly and Company. (Schult, Thomas) (Entered: 03/27/2023) |
| 03/27/2023 | 7 | Motion to allow Jason A. Feld to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8386146) filed by Thomas P. Schult on behalf of Eli Lilly and Company. (Schult, Thomas) (Entered: 03/27/2023) |
| 03/28/2023 | 8 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 03/28/2023) |
| 03/28/2023 | 9 | ORDER granting 4 , 5 , 6 & 7 motion to appear pro hac vice entered by Clerk of Court. Attorney James F. Hurst, Diana M. Watral, Ryan Moorman and Jason A. Feld for Eli Lilly and Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 03/28/2023) |
| 03/28/2023 | 10 | RULE 16 NOTICE. Rule 26 conference due by 4/28/2023. Proposed scheduling order due by 5/12/2023. Signed on 3/28/23 by District Judge Fernando J. Gaitan, Jr. (Anderson, Christy) (Entered: 03/28/2023) |
| 03/28/2023 | 11 | DISCLOSURE OF CORPORATE INTERESTS filed by Anthony F. Rupp on behalf of Defendant Novo Nordisk, Inc..(Rupp, Anthony) (Entered: 03/28/2023) |
| 03/29/2023 | 12 | Motion to allow Craig D. Singer to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8388642) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 03/29/2023) |
| 03/29/2023 | 13 | Motion to allow Raymond Kennon Poteat, III to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8388649) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 03/29/2023) |
| 03/29/2023 | 14 | ORDER granting 12 & 13 motion to appear pro hac vice entered by Clerk of Court. Attorney Craig D. Singer and Raymond K. Poteat, III for CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC and Caremark RX LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register |

| | | |
|---|---|---|
| | | for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 03/29/2023) |
| 03/29/2023 | | Mediation and Assessment Program Reminder: Your Designation of Mediator is due soon (filed as an ADR event in CM/ECF). See Notice of Inclusion and MAP General Order for specifics. (Houston, Kiambu) (Entered: 03/29/2023) |
| 03/30/2023 | <u>15</u> | NOTICE of appearance by Taylor Brooke Concannon Hausmann on behalf of ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc. (Attorney Taylor Brooke Concannon Hausmann added to party ESI Mail Pharmacy Service, Inc.(pty:dft), Attorney Taylor Brooke Concannon Hausmann added to party Evernorth Health, Inc.,(pty:dft), Attorney Taylor Brooke Concannon Hausmann added to party Express Scripts Administrators, LLC(pty:dft), Attorney Taylor Brooke Concannon Hausmann added to party Express Scripts Pharmacy, Inc.(pty:dft), Attorney Taylor Brooke Concannon Hausmann added to party Express Scripts, Inc.(pty:dft), Attorney Taylor Brooke Concannon Hausmann added to party Medco Health Solutions, Inc.(pty:dft)) (Concannon Hausmann, Taylor) (Entered: 03/30/2023) |
| 03/30/2023 | <u>16</u> | DISCLOSURE OF CORPORATE INTERESTS *Certificate of Interest* filed by Taylor Brooke Concannon Hausmann on behalf of Defendants ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc..(Concannon Hausmann, Taylor) (Entered: 03/30/2023) |
| 03/30/2023 | <u>17</u> | Motion to allow Jason R. Scherr to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8392103) filed by Taylor Brooke Concannon Hausmann on behalf of ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc.. (Attachments: # <u>1</u> Client List, # <u>2</u> List of Courts Admitted)(Concannon Hausmann, Taylor) (Entered: 03/30/2023) |
| 03/30/2023 | <u>18</u> | Motion to allow Patrick A. Harvey to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8392124) filed by Taylor Brooke Concannon Hausmann on behalf of ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc.. (Attachments: # <u>1</u> Client List, # <u>2</u> List of Courts Admitted)(Concannon Hausmann, Taylor) (Entered: 03/30/2023) |
| 03/30/2023 | <u>19</u> | Motion to allow Lindsey Titus Levy to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8392128) filed by Taylor Brooke Concannon Hausmann on behalf of ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc.. (Attachments: # <u>1</u> Client List)(Concannon Hausmann, Taylor) (Entered: 03/30/2023) |
| 03/30/2023 | <u>20</u> | Motion to allow Daniel Dockery to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8392191) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 03/30/2023) |
| 03/31/2023 | 21 | ORDER granting <u>17</u> , <u>18</u> & <u>19</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Jason R. Scherr, Patrick A. Harvey and Lindsey T. Levy for ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc., Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc. and Medco Health Solutions, Inc. allowed to appear |

| | | |
|---|---|---|
| | | pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 03/31/2023) |
| 03/31/2023 | 22 | ORDER granting 20 motion to appear pro hac vice entered by Clerk of Court. Attorney Daniel Dockery for CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC and Caremark RX LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 03/31/2023) |
| 03/31/2023 | 23 | Joint MOTION for order Briefing Schedule filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. Suggestions in opposition/response due by 4/14/2023 unless otherwise directed by the court. (Murray, Casey) (Entered: 03/31/2023) |
| 04/03/2023 | 24 | DISCLOSURE OF CORPORATE INTERESTS *(Disclosure Statement/Certificate of Interest)* filed by Robert J McCully on behalf of Defendant Sanofi-Aventis U.S. LLC. (McCully, Robert) (Entered: 04/03/2023) |
| 04/03/2023 | 25 | Motion to allow McKayla R. Stokes to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8395973) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 04/03/2023) |
| 04/03/2023 | 26 | ORDER granting 25 motion to appear pro hac vice entered by Clerk of Court. Attorney McKayla R. Stokes for CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC and Caremark RX LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/03/2023) |
| 04/04/2023 | 27 | Motion to allow Andrew A. Kassof to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8398648) filed by Thomas P. Schult on behalf of Eli Lilly and Company. (Schult, Thomas) (Entered: 04/04/2023) |
| 04/05/2023 | 28 | ORDER granting 27 motion to appear pro hac vice entered by Clerk of Court. Attorney Andrew A. Kassof for Eli Lilly and Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/05/2023) |
| 04/05/2023 | 29 | ORDER granting 23 joint motion for briefing schedule. Signed on 4/5/2023 by District Judge Fernando J. Gaitan, Jr. (Houston, Kiambu) (Entered: 04/05/2023) |
| 04/05/2023 | 30 | Motion to allow Adam Joshua Podoll to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8399637) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 04/05/2023) |
| 04/05/2023 | 31 | ORDER granting 30 motion to appear pro hac vice entered by Clerk of Court. Attorney Adam Joshua Podoll for CVS Health Corporation,Adam Joshua Podoll for CVS Pharmacy, Inc.,Adam Joshua Podoll for Caremark LLC,Adam Joshua Podoll for Caremark PCS Health, LLC,Adam Joshua Podoll for Caremark RX LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 04/05/2023) |
| 04/06/2023 | 32 | Motion to allow Andrew D. Yaphe to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403109) filed by Anthony F. Rupp on behalf of Novo Nordisk, Inc.. (Rupp, Anthony) (Entered: 04/06/2023) |
| 04/06/2023 | 33 | Motion to allow Chui-Lai Cheung to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403131) filed by Anthony F. Rupp on behalf of Novo Nordisk, Inc.. (Rupp, Anthony) (Entered: 04/06/2023) |
| 04/06/2023 | 34 | Motion to allow Ian Hogg to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403139) filed by Anthony F. Rupp on behalf of Novo Nordisk, Inc.. (Rupp, Anthony) (Entered: 04/06/2023) |
| 04/06/2023 | 35 | Motion to allow James P. Rouhandeh to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403145) filed by Anthony F. Rupp on behalf of Novo Nordisk, Inc.. (Rupp, Anthony) (Entered: 04/06/2023) |
| 04/06/2023 | 36 | Motion to allow Neal A. Potischman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403152) filed by Anthony F. Rupp on behalf of Novo Nordisk, Inc.. (Rupp, Anthony) (Entered: 04/06/2023) |
| 04/06/2023 | 37 | ORDER granting 32 , 33 , 34 , 35 & 36 motion to appear pro hac vice entered by Clerk of Court. Attorney Andrew D. Yaphe, Chui-Lai Cheung, Ian Hogg, James P. Rouhandeh and Neal A. Potischman for Novo Nordisk, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a |

| | | |
|---|---|---|
| | | WDMO e-filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/06/2023) |
| 04/07/2023 | <u>38</u> | Motion to allow Enu Mainigi to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8403827) filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Murray, Casey) (Entered: 04/07/2023) |
| 04/07/2023 | 39 | ORDER granting <u>38</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Enu Mainigi for CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, and Caremark RX LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 04/07/2023) |
| 04/10/2023 | <u>40</u> | Motion to allow William D. Coglianese to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8405845) filed by Robert J McCully on behalf of Sanofi-Aventis U.S. LLC. (McCully, Robert) (Entered: 04/10/2023) |
| 04/10/2023 | <u>41</u> | Motion to allow Theresa C. Martin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8405884) filed by Robert J McCully on behalf of Sanofi-Aventis U.S. LLC. (McCully, Robert) (Entered: 04/10/2023) |
| 04/10/2023 | 42 | ORDER granting <u>40</u> & <u>41</u> motion to appear pro hac vice entered by Clerk of Court. Attorney William D. Coglianese and Theresa C. Martin for Sanofi-Aventis U.S. LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/10/2023) |
| 04/11/2023 | <u>43</u> | Motion to allow Shirlethia V. Franklin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8407768) filed by Robert J McCully on behalf of Sanofi-Aventis U.S. LLC. (McCully, Robert) (Entered: 04/11/2023) |
| 04/11/2023 | 44 | ORDER granting <u>43</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Shirlethia V. Franklin for Sanofi-Aventis U.S. LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 04/11/2023) |
| 04/25/2023 | <u>45</u> | MOTION to remand *and Suggestions in Support Thereof* filed by Michael Anthony Williams on behalf of All Plaintiffs. Suggestions in opposition/response due by 5/9/2023 |

| | | |
|---|---|---|
| | | unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Williams, Michael) (Entered: 04/25/2023) |
| 04/28/2023 | 46 | NOTICE of appearance by Megan A. McCurdy on behalf of OptumRX, Inc. (Attorney Megan A. McCurdy added to party OptumRX, Inc.(pty:dft))(McCurdy, Megan) (Entered: 04/28/2023) |
| 04/28/2023 | 47 | DISCLOSURE OF CORPORATE INTERESTS filed by Megan A. McCurdy on behalf of Defendant OptumRX, Inc..(McCurdy, Megan) (Entered: 04/28/2023) |
| 04/28/2023 | 48 | MOTION to stay re 45 MOTION to remand *and Suggestions in Support Thereof* filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. Suggestions in opposition/response due by 5/12/2023 unless otherwise directed by the court. (Related document(s) 45 ) (Murray, Casey) (Entered: 04/28/2023) |
| 04/30/2023 | 49 | SUGGESTIONS in opposition re 48 MOTION to stay re 45 MOTION to remand *and Suggestions in Support Thereof Plaintiff's Opposition to Motion to Stay* filed by Matthew Lee Dameron on behalf of Plaintiff Jackson County, Missouri. Reply suggestions due by 5/15/2023 unless otherwise directed by the court. (Related document(s) 48 ) (Dameron, Matthew) (Entered: 04/30/2023) |
| 05/05/2023 | 50 | MOTION for extension of time to file response/reply as to 45 MOTION to remand *and Suggestions in Support Thereof* filed by Casey P. Murray on behalf of CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. Suggestions in opposition/response due by 5/19/2023 unless otherwise directed by the court. (Related document(s) 45 ) (Murray, Casey) (Entered: 05/05/2023) |
| 05/05/2023 | 51 | ORDER granting 50 motion for extension of time to file response/reply as to 45 MOTION to remand *and Suggestions in Support Thereof*. Defendants' suggestions in opposition/response due by 5/18/2023 unless otherwise directed by the court.Signed on 05/05/2023 by District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached. (Powers, Jo) (Entered: 05/05/2023) |
| 05/12/2023 | 52 | REPLY SUGGESTIONS to motion re 48 MOTION to stay re 45 MOTION to remand *and Suggestions in Support Thereof* filed by Casey P. Murray on behalf of Defendants CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. (Related document(s) 48 ) (Murray, Casey) (Entered: 05/12/2023) |
| 05/18/2023 | 53 | SUGGESTIONS in opposition re 45 MOTION to remand *and Suggestions in Support Thereof (Manufacturer Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand)* filed by Thomas P. Schult on behalf of Defendant Eli Lilly and Company. Reply suggestions due by 6/1/2023 unless otherwise directed by the court. (Related document(s) 45 ) (Schult, Thomas) (Entered: 05/18/2023) |
| 05/18/2023 | 54 | SUGGESTIONS in opposition re 45 MOTION to remand *and Suggestions in Support Thereof "Defendant CaremarkPCS Health LLC's Response in Opposition to Motion to Remand"* filed by Casey P. Murray on behalf of Defendants CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC. Reply suggestions due by 6/1/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A - Declaration of Matthew C Oesterle, # 2 Exhibit B - Declaration of Joseph Anderson)(Related document(s) 45 ) (Murray, Casey) (Entered: 05/18/2023) |
| 05/22/2023 | 55 | ORDER - DENYING 48 Defendant's motion to stay Rule 26(f) Conference. The parties are directed to conduct their conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(a) on or before **May 31, 2023**. The parties shall file their proposed discovery and scheduling plan pursuant to Local Rule 16.1(d) on or before **June 14, 2023**. Signed on |

| | | |
|---|---|---|
| | | 5/22/23 by District Judge Fernando J. Gaitan, Jr. (Anderson, Christy) (Entered: 05/22/2023) |
| 05/22/2023 | | Utility/Reset Deadlines: Rule 26 Meeting due by 5/31/2023. Proposed scheduling order due by 6/14/2023. (Anderson, Christy) (Entered: 05/22/2023) |
| 06/01/2023 | 56 | NOTICE of appearance by Clinton Mann on behalf of All Plaintiffs (Attorney Clinton Mann added to party Jackson County, Missouri(pty:pla))(Mann, Clinton) (Entered: 06/01/2023) |
| 06/01/2023 | 57 | REPLY SUGGESTIONS to motion re 45 MOTION to remand *and Suggestions in Support Thereof Plaintiff's Reply to Defendant CaremarkPCS Health L.L.C.'s Response in Opposition to Motion to Remand* filed by Michael Anthony Williams on behalf of Plaintiff Jackson County, Missouri. (Related document(s) 45 ) (Williams, Michael) (Entered: 06/01/2023) |
| 06/01/2023 | 58 | REPLY SUGGESTIONS to motion re 45 MOTION to remand *and Suggestions in Support Thereof Plaintiff's Reply to Manufacturer Defendants' Response in Opposition to Motion to Remand* filed by Michael Anthony Williams on behalf of Plaintiff Jackson County, Missouri. (Related document(s) 45 ) (Williams, Michael) (Entered: 06/01/2023) |
| 06/03/2023 | 59 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiff's Requests for Production of Documents* filed by Matthew Lee Dameron on behalf of Plaintiff Jackson County, Missouri.(Dameron, Matthew) (Entered: 06/03/2023) |
| 06/08/2023 | 60 | Motion to allow Melissa L. Patterson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-8491335) filed by Robert J McCully on behalf of Sanofi-Aventis U.S. LLC. (McCully, Robert) (Entered: 06/08/2023) |
| 06/08/2023 | 61 | ORDER granting 60 motion to appear pro hac vice entered by Clerk of Court. Attorney Melissa L. Patterson for Sanofi-Aventis U.S. LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/08/2023) |
| 06/14/2023 | 62 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Megan A. McCurdy on behalf of Defendant OptumRX, Inc..(McCurdy, Megan) (Entered: 06/14/2023) |
| 06/14/2023 | 63 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Casey P. Murray on behalf of Defendants CVS Health Corporation, CVS Pharmacy, Inc., Caremark LLC, Caremark PCS Health, LLC, Caremark RX LLC.(Murray, Casey) (Entered: 06/14/2023) |
| 06/14/2023 | 64 | REPORT of Rule 26(f) planning meeting. (Schult, Thomas) (Entered: 06/14/2023) |
| 06/14/2023 | 65 | CERTIFICATE OF SERVICE by Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc. *Rule 26(a)(1) Initial Disclosures* filed by Taylor Brooke Concannon Hausmann on behalf of Defendants Evernorth Health, Inc.,, Express Scripts Administrators, LLC, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Medco Health Solutions, Inc..(Concannon Hausmann, Taylor) (Entered: 06/14/2023) |

| 06/15/2023 | <u>66</u> | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Robert J McCully on behalf of Defendant Sanofi-Aventis U.S. LLC.(McCully, Robert) (Entered: 06/15/2023) |
|---|---|---|
| 06/15/2023 | <u>67</u> | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Matthew Lee Dameron on behalf of Plaintiff Jackson County, Missouri.(Dameron, Matthew) (Entered: 06/15/2023) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed Class, *Plaintiff,* v. ELI LILLY AND COMPANY, et al., *Defendants.* | Civil Action No. 23-206 Removed from Case No. 2316-CV01801, 16th Judicial Circuit Court, Jackson County, Missouri |

<u>**NOTICE OF REMOVAL**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 2

JACKSON COUNTY'S ALLEGATIONS................................................................ 5

PROCEDURAL HISTORY..................................................................................... 6

VENUE .................................................................................................................. 7

GROUNDS FOR REMOVAL................................................................................. 7

    A.    Defendant Acted Under the Direction of a Federal Agency.................................. 7

    B.    The Defendant's Charged Conduct is Carried Out "For or Relating to" the Asserted Official Authority....................................................... 9

    C.    Defendant has a Colorable Federal Defense to Jackson County's Claims. ........... 11

    D.    Defendant is a "Person" Within the Meaning of § 1442. ....................... 13

SUPPLEMENTAL JURISDICTION ....................................................................... 13

ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED................................ 13

    A.    The Notice of Removal Is Timely. ........................................................ 13

    B.    Consent Is Not Required........................................................................ 14

    C.    Written Notice of Removal.................................................................... 14

    D.    Non-Waiver of Defenses........................................................................ 14

    E.    Other. .................................................................................................... 15

i

# TABLE OF AUTHORITIES

## CASES

*Allen v. Allen*, 291 F. Supp. 312 (S.D. Iowa 1968)..........................................................13

*Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021) ...........................................7, 8

*Coventry Health Care, Inc. v. Nevils*, 581 U.S. 87 (2017) ...............................................2

*Devazier v. Caruth*, 2016 WL 3939777 (E.D. Ark. July 15, 2016)................................14

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006).............................14

*Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006).......................2

*Fernandez v. Tyson Foods, Inc.*, 509 F. Supp. 3d 1064 (N.D. Iowa 2020) ...................14

*Freeman v. Bee Mach. Co.*, 319 U.S. 448 (1943)...........................................................14

*Garden Homes, Inc. v. Mason*, 238 F.2d 651 (1st Cir. 1956).......................................15

*Graves v. 3M Co.*, 17 F.4th 764 (8th Cir. 2021) ...........................................................11

*Graves v. 3M Co.*, 447 F. Supp. 3d 908 (D. Minn. 2020)...............................................9

*Jacks v. Meridian Resource Co., L.L.C.*, 701 F.3d 1224 (8th Cir. 2012) ........................8

*Jackson County, Missouri v. Eli Lilly, et al.* (Case No. 2316-CV-01801)........................1

*Jefferson Cnty. v. Acker*, 527 U.S. 423 (1999) ...........................................................7, 9

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) .......................................................10

*Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007) ..........................10

*McGillick v. World Trade Ctr. Props., LLC*, 2004 WL 2049260 (S.D.N.Y. Sept. 13, 2004) ...............................................................................................................13

*Moss v. Atl. Coast Line R.R. Co.*, 157 F.2d 1005 (2d Cir.1946)....................................15

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ....................13

*Oberstar v. CBS Corp.*, 2008 WL 11338471 (C.D. Cal. Feb. 11, 2008).........................10

*PT United Can Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998)..................15

*Redman v. A.W. Chesterton Co.*, 2008 WL 4447729 (N.D. Cal. Sept. 30, 2008) ..........10

*St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 809 F. Supp. 2d 524
    (E.D. La. 2011) ................................................................................................13

*Takacs v. Am. Eurocopter, LLC*, 656 F. Supp. 2d 640 (W.D.Tex. 2009).....................................13

*Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142 (2007)...............................................................7

*Willingham v. Morgan*, 395 U.S. 402 (1969) ................................................................................7

## OTHER AUTHORITIES

5 U.S.C. §§ 8901-8913 ................................................................................................................3

5 U.S.C. § 8902 .......................................................................................................................3, 11

28 U.S.C. § 105 ............................................................................................................................7

28 U.S.C. § 1367 .........................................................................................................................13

28 U.S.C. § 1442................................................................................................................ *passim*

28 U.S.C. § 1446.......................................................................................................................1, 7

5C FED. PRAC. & PROC. CIV. § 1395 (3d ed.) .........................................................................14

Federal Rule Civ. P. 12(b) ..........................................................................................................14

Local Rule 7.1 ..............................................................................................................................14

*Federal Employees Health Benefits Program Standard Contract for Experience-Rated
    Health Maintenance Organization Carriers* (2019), *available at*
    https://www.opm.gov/healthcare-insurance/healthcare/carriers/experience-rated.doc
    (last visited Mar. 27, 2023) ................................................................................................3, 4, 5

Pursuant to and in accordance with 28 U.S.C. §§ 1442(a) and 1446, through the undersigned counsel, Defendant CaremarkPCS Health, L.L.C. ("CaremarkPCS Health") hereby removes *Jackson County, Missouri v. Eli Lilly, et al.* (Case No. 2316-CV-01801) from the Sixteenth Judicial Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.   A true and correct copy of the Complaint is attached hereto as Exhibit A.

**<u>INTRODUCTION</u>**

1.      The Complaint takes aim at well-known and industry-standard arrangements between manufacturers of pharmaceutical drugs and pharmacy benefit managers ("PBMs") with whom they contract.   PBMs provide valuable services to their health-plan clients, including negotiating with the manufacturers to obtain rebates for pharmaceutical drugs.   The clients for which PBMs provide these services include health care plans governed by the Federal Employees Health Benefits Act ("FEHBA").   Federal regulators explicitly recognize that PBMs will engage in negotiations for rebates on behalf of FEHBA health plans, and require that such PBMs pass through the rebates that they receive to their federal clients.

2.      Jackson County's allegations in this lawsuit challenge this important service provided by the PBM industry, implausibly claiming that the negotiated rebates are actually covert payments made to benefit PBMs and manufacturers.   According to the Complaint, the PBM model has led to drastic increases in the price of various diabetes medications, and Jackson County therefore seeks damages for its alleged overpayment in its own contracts, as well as declaratory and injunctive relief to stop rebating.   But some of the conduct for which Jackson County seeks damages and injunctive relief is governed by federal contract, and carried out by CaremarkPCS Health acting under the direction of a federal agency.   For this reason and others discussed below, CaremarkPCS Health has federal defenses that it is entitled to litigate in a federal forum.

1

## BACKGROUND

3.        Jackson County alleges a sprawling, industrywide "Pricing [S]cheme" involving insulin manufacturers Eli Lilly and Company, Novo Nordisk Inc., and Sanofi-Aventis U.S. LLC ("Manufacturer Defendants"); and pharmacy benefit managers ("PBMs") including CaremarkPCS Health.

4.        PBMs, like CaremarkPCS Health, contract with health plan sponsors, such as public and private employers, to administer prescription drug benefits.  Compl. ¶¶ 6, 256-57, 264. Among other things, PBMs develop lists of drugs called "formularies" that their health-plan clients can adopt to determine whether and to what extent those clients cover the cost of certain medications for their members.  *Id.* ¶¶ 7-10.  Although PBMs develop formulary products that they offer to clients, *id.* ¶ 6, their clients decide whether to accept, reject, or customize an offered formulary and set the coverage that applies to their members.  *See id.* ¶ 281.

5.        PBMs play an important role in managing the out-of-pocket cost of pharmaceutical drugs for their health-plan clients.  PBMs negotiate with pharmaceutical manufacturers to obtain rebates from manufacturers that can offset the cost of pharmaceutical drugs.  Those rebates flow back to the PBMs' clients in accordance with the terms of their client contracts, lowering the clients' net drug costs.

6.        Accordingly, federal regulators expressly contemplate that PBMs will engage in such negotiations on behalf of their clients, including health plans that provide benefits to federal employees who receive insurance under the FEHBA.  The FEHBA "establishes a comprehensive program of health insurance for federal employees."  *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 682 (2006).  The FEHBA "assigns to OPM broad administrative and rulemaking authority over the program," *Coventry Health Care, Inc. v. Nevils*, 581 U.S. 87, 91

2

(2017) (citing 5 U.S.C. §§ 8901-8913), and authorizes OPM to contract with private carriers for federal employees' health insurance, 5 U.S.C. § 8902(a).

      7.     OPM requires that participating health insurance plans include prescription drug coverage, but permits FEHBA carriers to contract with PBMs and delegate certain responsibilities to them.  OPM expressly contemplates that FEHBA carrier-PBM contracts will include "Manufacturer Payments," which it defines broadly to mean "any and all compensation, financial benefits, or remuneration the PBM receives from a pharmaceutical manufacturer, including but not limited to, discounts; credits; rebates, regardless of how categorized; market share incentives, chargebacks, commissions, and administrative or management fees" as well as "any fees received for sales of utilization data to a pharmaceutical manufacturer."  Off. of Personnel Mgmt., *Federal Employees Health Benefits Program Standard Contract for Experience-Rated Health Maintenance Organization Carriers*, at I-18 (2019) ("FEHB Standard Experience-Rated HMO Contract"), *available at* https://www.opm.gov/healthcare-insurance/healthcare/carriers/experience-rated.doc (last visited Mar. 27, 2023).  To that end, OPM contractually requires that FEHBA carriers include in any such contract with PBM specific provisions relating to formularies and Manufacturer Payments:

          a.    OPM contractually requires FEHBA carriers to include in contracts with PBMs provisions that require the PBM to provide quarterly and annual reports regarding "Manufacturer Payments" that are negotiated or collected from drug manufacturers, including payments "in return for formulary placement and/or access."  FEHB Standard Experience-Rated HMO Contract at I-19.

<div align="center">3</div>

    b.   OPM contractually requires FEHBA carriers to include in contracts with PBMs provisions that specifically control how PBMs must incorporate rebates into reported pricing: "The PBM agrees to provide pass-through transparent pricing based on the PBM's cost for drugs (as described below) in which the Carrier receives the value of the PBM's negotiated discounts, rebates, credits or other financial benefits." FEHB Standard Experience-Rated HMO Contract at I-18.

    c.   OPM contractually requires FEHBA carriers to include in contracts with PBMs a provision by which "[t]he PBM, or any other entity that negotiates and collects Manufacturer Payments allocable to the Carrier agrees to credit to the Carrier either as a price reduction or by cash refund the value [of] all Manufacturer Payments properly allocated to the Carrier." FEHB Standard Experience-Rated HMO Contract at I-18.

8.    Subject to these requirements, rebate amounts negotiated by PBMs and credited to the FEHBA carrier reduce the amounts paid for medicine—including diabetes medicine—by the federal government in connection with FEHBA benefits.

9.    OPM also contractually requires FEHBA carriers to agree to provisions that enable OPM to exercise direct oversight of certain PBM activities, including with respect to Manufacturer Payments:

    a.   OPM contractually requires FEHBA carriers to include in contracts with PBMs provisions that specifically require PBMs to provide to OPM upon request "[a]ll PBM contracts with Pharmaceutical Manufacturers." FEHB Standard Experience-Rated HMO Contract at I-19.

b.  OPM is contractually entitled to "review and receive any information and/or documents the Carrier receives from the PBM, including a copy of its contract with the PBM." FEHB Standard Experience-Rated HMO Contract at I-19.

10.    Defendant CaremarkPCS Health has contracts with FEHBA carriers pursuant to which CaremarkPCS Health provides delegated pharmacy benefit management services, including with regard to formularies and payments from prescription drug manufacturers to PBMs ("Manufacturer Payments").

## JACKSON COUNTY'S ALLEGATIONS

11.    Jackson County's allegations challenge and seek to enjoin core business practices by which CaremarkPCS Health and other PBMs reduce drug costs for their clients. The Complaint alleges that the PBMs' negotiations with manufacturers are not hard-fought, arms-length transactions, but a conspiracy to raise the price of insulin. The Complaint alleges that the Manufacturer Defendants have artificially inflated list prices of the at-issue drugs, and that the industry-standard rebates are "Manufacturer Payments" made in exchange for inclusion on their formularies. Compl. ¶¶ 27-28.

12.    Thus, the Complaint alleges an industry-wide insulin pricing "scheme" in which Manufacturers raise the price of insulin in order to increase the size of the rebates flowing back to the PBMs in exchange for preferred formulary placement. *Id.* ¶¶ 277-92. The Complaint alleges that, as a result, "payors' and diabetics' spending on diabetes medications has skyrocketed." *Id.* ¶ 240.

13.    Jackson County alleges that it and the proposed Class Members "have been damaged by having to pay overcharges as payors for and purchasers of the at-issue drugs," and

that the purported scheme involving rebates "directly harms every diabetic" in Missouri.  *Id.* ¶ 194, 240, 252-55.

14.     Jackson County's claims in this case broadly challenge core services that CaremarkPCS Health offers or provides to all of its clients, including those governed by FEHBA contracts.  The relief Jackson County seeks—including injunctive relief as well as damages and declaratory relief—would impair (if not eliminate) CaremarkPCS Health's ability to deliver those services to clients, including FEHBA clients.  *Id.* ¶¶ 343, 350.

15.     As more fully explained below, CaremarkPCS Health has colorable preemption defenses to Jackson County's claims, permitting removal under 28 U.S.C. § 1442(a)(1).

## **PROCEDURAL HISTORY**

16.     On January 11, 2023, Jackson County filed a Complaint in the Sixteenth Judicial Circuit Court of Jackson County, Missouri on behalf of itself and the proposed Class (the "County" or collectively "Plaintiffs").  The proposed Class consists of "Missouri counties and municipalities with a population greater than 20,000."  *Id.* ¶ 33.

17.     On February 24, 2023, CaremarkPCS Health accepted service of the Complaint.

18.     Jackson County brings its action against two categories of defendants: "Manufacturer Defendants" and "PBM Defendants."  *Id.* ¶¶ 4-5.

- •     Jackson County alleges that the "Manufacturer Defendants" are Eli Lilly and Company; Novo Nordisk Inc.; and Sanofi-Aventis Jackson County, Inc.

- •     Jackson County alleges that the "PBM Defendants" are Express Scripts Administrators, L.L.C.; ESI Mail Pharmacy Service, Inc.; Medco Health Solutions, Inc.; CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; UnitedHealth Group, Inc.; Optum, Inc.; OptumRX, Inc.; OptumRX Holdings L.L.C.; and OptumInsight, Inc.

6

**VENUE**

19.     Venue is proper in this Court under 28 U.S.C. § 1442(a) because this Court sits in the federal judicial district and division embracing the Sixteenth Judicial Circuit Court of Jackson County, Missouri, the court from which removal is sought.  *See* 28 U.S.C. § 1446(a); *see* 28 U.S.C. § 105(b).

**GROUNDS FOR REMOVAL**

20.     The federal-officer-removal statute permits any person "acting under" a federal officer who is sued "for or relating to any act under color of such office" to remove a case to federal court.  28 U.S.C. § 1442(a)(1).

21.     The Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal-officer-removal] statute." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)); *see also Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021) ("The federal officer removal statute is to be liberally construed, and thus the typical presumption against removal does not apply." (internal quotation marks omitted)).

22.     To remove under § 1442 in this Circuit, a party who, like CaremarkPCS Health, is not an actual federal officer or agency must show that (1) the defendant acted under the direction of a federal officer, (2) there is a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiffs' claims, and (4) the defendant is a "person" within the meaning of the statute.  *See Buljic*, 22 F.4th at 738. CaremarkPCS Health satisfies all four elements here.

**A.     Defendant Acted Under the Direction of a Federal Agency.**

23.      "The words 'acting under' are broad," and the Supreme Court "has made clear that the statute must be 'liberally construed.'" *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007).  To act "under the direction of a federal officer," a federal officer or agency and contractor

7

must have a relationship that amounts to "delegation." *Jacks v. Meridian Resource Co., L.L.C.*, 701 F.3d 1224, 1233-34 (8th Cir. 2012), *abrogated on other grounds by BP P.L.C. v. Mayor and City of Baltimore*, 141 S. Ct. 1532 (2021).

24.     CaremarkPCS Health contracts with FEHBA carriers that provide health benefits to federal employees, including those residing in Jackson County, as well as the residents of the proposed Class Members, and it provides pharmacy benefit management services subject to the above requirements imposed by OPM.  CaremarkPCS Health's FEHBA carrier clients include the Blue Cross and Blue Shield Federal Employee Program ("FEP"), the Government Employees Health Association ("GEHA"), the National Association of Letter Carriers ("NALC"), and the Mail Handlers Benefit Plan ("MHBP").

25.     As previously set forth, CaremarkPCS Health provides PBM services to FEHBA clients pursuant to contracts that contain OPM-mandated provisions regarding rebates.  *Supra* at ¶¶ 7, 9.  Pursuant to those OPM requirements, rebates negotiated by CaremarkPCS Health are credited to the FEHBA carrier and reduce the amounts paid for medicine—including diabetes medicine—by the federal government in connection with FEHBA benefits.  *Supra* at ¶ 10.  Indeed, the Eighth Circuit already has held that health insurance providers operating FEHBA contracts "conduct business under the delegation of the federal government" and thus qualify for removal under § 1442(a)(1).  *Jacks*, 701 F.3d at 1234; *see Buljic*, 22 F.4th at 739.  PBMs, like CaremarkPCS Health, perform similar functions.

26.     Therefore, CaremarkPCS Health satisfies the "under the direction" requirement for contractors under § 1442(a)(1).

8

**B.    The Defendant's Charged Conduct is Carried Out "For or Relating to" the Asserted Official Authority.**

27.    In 2011, Congress amended § 1442(a)(1) to provide that a suit need only be "for or *relating to* any act under color of [United States] office."  28 U.S.C. 1442(a)(1) (2011) (emphasis added). The statute's low hurdle now requires that a suit "plausibly have *some* connection to, or association with, governmental actions."  *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 913 (D. Minn. 2020), *aff'd*, 17 F.4th 764 (8th Cir. 2021) (emphasis added).   And "the Supreme Court has made clear that the courts should credit [a] Defendant'[s] theory of the case when determining whether a causal connection exists."  *Id.* (citing *Jefferson Cnty.*, 527 U.S. at 432).

28.    Jackson County challenges CaremarkPCS Health's practices with regard to formularies and Manufacturer Payments.  But Jackson County does not challenge such conduct merely in connection with services provided by CaremarkPCS Health (or other PBMs) directly to Jackson County (or other proposed Class Members).  Indeed, Jackson County never even alleges that CaremarkPCS Health contracted with or provided any services to Jackson County.  To the contrary, Jackson County's claims hinge on allegations about the *nation-wide* market power of CaremarkPCS Health and other PBMs, *e.g.*, Compl. ¶¶ 5, 8-10, and *nation-wide* changes to insulin prices made by PBM manufacturers, *e.g.*, *id.* ¶¶ 12-19.  Because Jackson County's allegations regarding CaremarkPCS Health's alleged misconduct sweep across (and indeed depend upon) its work on behalf of all of its clients—including its FEHBA clients—there is a "plausible connection" between its alleged actions and the official authority.

29.    Jackson County's assertion that its claims do not "implicate any federal aid programs" since it "does not seek any relief on behalf of individual patients or consumers within Missouri" is futile.  *Id.* ¶ 200.  "Because removals pursuant to the federal officer removal statute are premised on the existence of a federal defense, rather than a plaintiff's artfully constructed

complaint, neither plaintiffs' disclaimer nor its characterization of their claims are determinative." *Oberstar v. CBS Corp.*, 2008 WL 11338471, at *3 (C.D. Cal. Feb. 11, 2008) (citing *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 103 n.1 (D. Conn. 2007)). Jackson County could not possibly sever CaremarkPCS Health's conduct negotiating rebates for FEHBA carriers from other conduct that it alleges "harms every diabetic and payor in Missouri." Compl. ¶ 28.

30. Jackson County's disavowal of federal claims is untenable, given its allegations about how the alleged scheme operates. Jackson County alleges that the manufacturers have "artificially inflated" the list price for insulin in part because of rebates that they pay to PBMs. *Id.* ¶¶ 21-23. Jackson County further alleges that the list price is the "unifying factor" determining what each entity in the pharmaceutical chain, including payors *and patients*, pays for a drug. *Id.* ¶¶ 250-52. But it has not and cannot explain how CaremarkPCS Health's rebate negotiations for insulin distributed through non-federal channels affected list prices, but its rebate negotiations for insulin distributed under the federal FEHBA contracts did not. A purported disavowal of federal claims will not defeat federal officer removal where, as here, the plaintiff nonetheless seeks to hold defendant liable for "any injuries . . . caused by any acts or omissions of a party committed at the direction of an officer of the United States Government." *Redman v. A.W. Chesterton Co.*, 2008 WL 4447729, at *3 (N.D. Cal. Sept. 30, 2008).

31. Additionally, Jackson County's effort to disavow relief relating to any federal program would require a premature ruling on the fact-specific issue of whether the cause of Jackson County's claimed injury from the PBMs' negotiation of Manufacturer Payments for carriers acting only on behalf of private entities can be separated and divided from the PBMs' negotiation of manufacturer payments for FEHBA carriers authorized by OPM. Compl. ¶¶ 255, 289; *see Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) (recognizing that "resolution

10

of material factual disputes" relevant to the propriety of removal should be left "to the [federal] trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim.").

32.     Finally, Jackson County's disclaimer is ineffective because of the injunctive relief it seeks.  Compl. ¶ 343.  Jackson County requests an injunction prohibiting "Defendants from continuing to engage in the wrongful conduct outlined" in the Complaint.  *Id*.  That relief, if granted, necessarily would affect CaremarkPCS Health's conduct with regard to rebates and formularies for FEHBA clients, which as explained above is subject to OPM requirements.

33.     Thus, the relief Jackson County seeks necessarily will impact CaremarkPCS Health's performance of services for FEHBA plans.

### C.     Defendant has a Colorable Federal Defense to Jackson County's Claims.

34.     For federal-officer removal purposes, a defense only needs to be colorable.  *Graves v. 3M Co.*, 17 F.4th 764, 771 (8th Cir. 2021) ("For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." (citation omitted)).

35.     Here, CaremarkPCS Health has colorable preemption-based defenses.

36.     FEHBA provides that "[t]he terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans."  5 U.S.C. § 8902(m)(1).  As explained above, contracts with OPM contain terms that govern the PBMs' obligations as they relate to formularies and rebates.  Jackson County's request for injunctive relief does not and cannot avoid interfering with the PBMs' obligations contained in the contracts.

11

37.     As set forth above, the contractual terms imposed by OPM authorize PBMs to negotiate for and collect Manufacturer Payments.  Jackson County's claims in this case fundamentally challenge whether PBMs are permitted to negotiate for or obtain Manufacturer Payments.  Compl. ¶ 21 (alleging "Manufacturer Payments," including rebates, are "quid pro quo for formulary inclusion on the PBMs' standard offerings"); *id.* ¶ 285 ("Manufacturers have artificially inflated their list prices for the at-issue drugs exponentially, while largely maintaining their net prices by paying larger and larger amounts of Manufacturer Payments back to the PBMs.").

38.     As set forth above, the contractual terms imposed by OPM require PBMs to disclose Manufacturer Payments as reductions to the costs associated with prescription drugs, including insulin.  Jackson County's claims in this case fundamentally challenge whether PBMs are permitted to make any representation that Manufacturer Payments reduce payors' costs.  *Id.* ¶ 289 (alleging PBMs use the "false price" to "misrepresent" the amount of savings they generate for diabetics, payors, and the healthcare system).

39.     As set forth above, the contractual terms imposed by OPM authorize Manufacturer Payments in connection with formulary placement and/or access.  Jackson County's claims in this case fundamentally challenge the propriety of formularies developed by PBMs, and whether PBMs are permitted to consider Manufacturer Payments.  *Id.* ¶¶ 24-27 (alleging that a key element of the pricing scheme was Manufacturer Defendants' payments to PBM Defendants "to buy preferred formulary position").

40.     Jackson County seeks to enjoin the PBM Defendants from negotiating contracts containing authorized Manufacturer Payments or agreeing to formulary placement.  Jackson

County's requested injunctive relief would therefore interfere with CaremarkPCS Health's obligations to comply with their responsibilities to OPM pursuant to FEHBA contracts.

**D.      Defendant is a "Person" Within the Meaning of § 1442.**

41.      CaremarkPCS Health is a "person" under the federal-officer-removal statute because corporations and limited liability companies qualify as "persons" under § 1442(a)(1). *Allen v. Allen*, 291 F. Supp. 312, 313-14 (S.D. Iowa 1968) (corporations); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 809 F. Supp. 2d 524, 530 (E.D. La. 2011) (limited liability companies); *Takacs v. Am. Eurocopter, LLC*, 656 F. Supp. 2d. 640, 645 (W.D.Tex. 2009); *McGillick v. World Trade Ctr. Props., LLC*, 2004 WL 2049260, *2 (S.D.N.Y. Sept. 13, 2004).

## SUPPLEMENTAL JURISDICTION

42.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Jackson County's claims against the Manufacturer Defendants.   Jackson County's claims against the Manufacturer Defendants are "other claims that are so related to" its claims regarding FEHBA that "they form part of the same case or controversy."   *See* 28 U.S.C. § 1367(a).   Additionally, and alternatively, Jackson County alleges that "working in coordination with the PBMs, the Manufacturers have artificially inflated their list prices for the at-issue drugs exponentially, while largely maintaining their net prices by paying larger and larger amounts of Manufacturer Payments back to the PBMs."   *See, e.g.*, Compl. ¶ 285.   Therefore, based on the nature of Jackson County's conspiratorial allegations involving at least in part FEHBA, for this additional reason, the Court should exercise supplemental jurisdiction over the entire Action.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

**A.      The Notice of Removal Is Timely.**

43.      This Notice of Removal is timely.   *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

### B.   Consent Is Not Required.

44.     The federal-officer-removal statute does not require other Defendants to consent to removal.  *See Devazier v. Caruth*, 2016 WL 3939777, at *2 n.3 (E.D. Ark. July 15, 2016) ("[T]he Federal Officer Removal Statute does not require that all defendants consent to removal; instead, a federal officer or agency defendant can remove the case under that statute without unanimous consent." (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006))). Indeed, "[i]t is the settled rule that removal under 28 U.S.C. § 1442 can be effected by any defendant in an action, with or without the consent of co-defendants." *Fernandez v. Tyson Foods, Inc.*, 509 F. Supp. 3d 1064, 1068 n.1 (N.D. Iowa 2020) (citation omitted).

### C.   Written Notice of Removal.

45.     CaremarkPCS Health will file with this Notice of Removal a copy of all process, pleadings, and orders served on it.

46.     As required by local rule 7.1, CaremarkPCS Health will file with this Notice of Removal its Certificate of Interest.

### D.   Non-Waiver of Defenses.

47.     By filing this Notice of Removal, CaremarkPCS Health reserves and does not waive any procedural or substantive defense available to it, including, without limitation, lack of subject-matter jurisdiction or personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.  *See* 5C FED. PRAC. & PROC. CIV. § 1395 (3d ed.) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections. . . . [I]nasmuch as the jurisdiction of a removed action essentially is derivative, any defect in jurisdiction or process present in the state suit may be asserted in the district court following removal." (footnotes omitted)); *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943) ("[W]here

14

a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case.  That is true even where the federal court would have jurisdiction if the suit were brought there." (citations omitted)); *PT United Can Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("A party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action."); *Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653 (1st Cir. 1956) ("Effective service is, of course, the keystone to a court's personal jurisdiction over the defendant, and it is clear that this defense is not waived upon removal of an action from the state court to a federal court." (citations omitted)); *Moss v. Atl. Coast Line R.R. Co.*, 157 F.2d 1005, 1006 (2d Cir.1946) ("[A] defendant is not precluded from having the suit dismissed because its motion to remove was in any sense the waiver of a right, for it has waived nothing by taking that action . . . .").

## E.    Other.

48.    Promptly after the filing of this Notice of Removal, CaremarkPCS Health will give written notice of the removal to Jackson County, through its attorney of record.

WHEREFORE, Defendant CaremarkPCS Health, L.L.C. removes this Action to this Court for further proceedings according to law.

15

This 27th day of March, 2023

Respectfully submitted,

*/s/ Casey P. Murray*

| Casey P. Murray, | #58741 |
| Emily N. Reed, | #73908 |

**SPENCER FANE LLP**
1000 Walnut, Suite 1400
Kansas City, MO 64106
Tel: (816) 474-8100
Fax: (816) 474-3216
cmurray@spencerfane.com
ereed@spencerfane.com
*Attorney for CVS Health Corporation; CVS*
*Pharmacy, Inc.; Caremark Rx, L.L.C.;*
*CaremarkPCS Health, L.L.C.; and*
*Caremark, L.L.C.*

OF COUNSEL:

Enu Mainigi (*pro hac* vice forthcoming)
Craig Singer (*pro hac vice* forthcoming)
R. Kennon Poteat III (*pro hac vice* forthcoming)
A. Joshua Podoll (*pro hac vice* forthcoming)
Daniel Dockery (*pro hac vice* forthcoming)
**WILLIAMS AND CONNOLLY LLP**
680 Maine Avenue S.W.
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 27th day of March 2023, a true and accurate copy of the foregoing instrument was filed electronically with the United States District Court for the Western District of Missouri utilizing the Court's CM/ECF Electronic Filing System causes a copy of the same to be served on all counsel of record with notice of case activity generated.

<div align="right">

*/s/ Casey P. Murray*

An Attorney for Defendant

CaremarkPCS Health, LLC

</div>

17

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**2316-CV01801**

## IN THE SIXTEENTH JUDICIAL CIRCUIT COURT OF
## JACKSON COUNTY, MISSOURI

| | |
|---|---|
| JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed Class, )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND COMPANY, )<br><br>NOVO NORDISK, INC., )<br><br>SANOFI-AVENTIS U.S. LLC, )<br><br>EVERNORTH HEALTH, INC., )<br>EXPRESS SCRIPTS, INC., )<br>EXPRESS SCRIPTS ADMINISTRATORS, )<br>LLC )<br>ESI MAIL PHARMACY SERVICE, INC., )<br>EXPRESS SCRIPTS PHARMACY, INC., )<br>MEDCO HEALTH SOLUTIONS, INC., )<br><br>CVS HEALTH CORPORATION, )<br>CVS PHARMACY, INC., )<br>CAREMARK RX LLC, )<br>CAREMARK PCS HEALTH, LLC, )<br>CAREMARK LLC, )<br><br>UNITEDHEALTH GROUP, INC., )<br>OPTUM, INC., )<br>OPTUMRX, INC., )<br>OPTUMRX HOLDINGS LLC, and )<br>OPTUMINSIGHT, INC. )<br><br>Defendants. ) | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## PETITION

Plaintiff, Jackson County, Missouri, on behalf of itself and the proposed Class, (the

"County" or collectively "Plaintiffs"), brings this action against Defendants for benefits unjustly

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

conferred upon them by Jackson County and the Class. In support of its Petition, Jackson County alleges as follows:

## INTRODUCTION

1.      Diabetes is an epidemic and a public health crisis in Missouri, as well as Jackson County. Missouri has a high prevalence of diabetes with approximately 15% of its adult population living with diabetes. *See* Table 1, Missouri Diabetes Report (2021), available at https://health.mo.gov/living/healthcondiseases/chronic/chronicdisease/MissouriDiabetesReport.pdf (last accessed June 22, 2022). Among Missouri's counties, Jackson County is in the highest quartile of Missouri counties with adults with diagnosed diabetes. *Id.* at Table 2.

2.      Despite the availability of effective treatment, in 2019, the death count for diabetes was 1,652, making it the seventh leading cause of death in Missouri. *Id.*

3.      In 2017, the American Diabetes Association (ADA) estimated that the direct medical cost and indirect cost of diabetes was $6.7 billion in Missouri. *Id.*

4.      Defendants Eli Lilly, Novo Nordisk, and Sanofi (collectively, "Manufacturer Defendants" or "Manufacturers") manufacture the vast majority of insulins and other diabetic medications available in Missouri.

5.      Defendants CVS Caremark, Express Scripts, and OptumRx collectively dominate the pricing system for the at-issue drugs (collectively, "PBM Defendants" or "PBMs").[1] The PBM Defendants' dominance results from the reality that these three corporate actors are, at once: (1) the largest pharmacy benefit managers in the United States and in Missouri (controlling approximately 80% of the PBM market); (2) the largest pharmacies in the United States and in

---

[1] In the context of this Petition, the "at-issue drugs" are Humulin N, Humulin R, Humalog, Trulicity, Basaglar, Lantus, Toujeo, Apidra, Soliqua, Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

Missouri (making up 3 of the top 5 dispensing pharmacies in the U.S.); and (3) housed within the same corporate families as three of the largest insurance companies in the United States and in Missouri—Aetna (CVS Caremark), Cigna (Express Scripts), and UnitedHealthcare (OptumRx).

6.      As part of their work, PBM Defendants establish standard formulary offerings (i.e., approved drug lists). If a drug is not included on a formulary, then it is not covered by health insurance.

7.      PBM Defendants understand that their standard formulary offerings drive drug utilization.

8.      Because the three PBM Defendants control 80% of the pharmacy benefit market, unless they include a drug on one of their standard formulary offerings, it is not available to the vast majority of Missouri citizens.

9.      The Manufacturers likewise understand that PBMs' standard formularies drive drug utilization—if Manufacturers want their drugs to be prescribed and paid for, they must obtain preferrable formulary position on the PBM Defendants' formularies.

10.     Given the PBMs' market power and the crucial role their standard formularies play in the pharmaceutical pricing chain, both Defendant groups understand that the PBM Defendants wield enormous control over drug prices and drug purchasing behavior.

11.     The unconscionable and deceptive scheme at the root of this Petition—the Insulin Pricing Scheme[2]—was born from this mutual understanding.

12.     Over the course of the last fifteen years, and pursuant to the Insulin Pricing Scheme, Manufacturer Defendants have in lockstep raised the prices of their respective diabetes drugs in

---

[2] The Insulin Pricing Scheme is further defined in paragraphs 21-24, *infra*.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

an astounding manner, even though the cost to produce these drugs has decreased during that same time period.

13.    Insulins, which today cost Manufacturer Defendants less than $2 per drug to produce, and which were originally released at a list price of $20 per drug in the late 1990s, now carry list prices that range between $300 and $700 per drug.

14.    In the last decade alone, Manufacturer Defendants have increased the prices of their insulins over 1,000%.

15.    For example, Figure 1 illustrates the rate at which Defendant Eli Lilly raised the price of its analog insulin Humalog, compared to the rate of inflation for other consumer goods and services from 1997-2018.

**Figure 1: January 1997 to December 2017 Price Changes to Humalog[3]**

---

[3] *See* The Price of Insulin vs. The Price of Other Goods (July 18, 2019), available at
https://insulin.substack.com/p/the-price-of-insulin-vs-the-price (last accessed June 22, 2022).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM



**Price changes** (Jan. 1997–Dec. 2017)
Selected US Consumer Goods and Services, and Wages

**EXHIBIT A**
**Page 6 of 74**

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

16.    Figure 1 reflects a 1171% price increase in Humalog insulin over the course of 20 years, yet nothing about these medications has changed; today's $350 insulin is the exact drug Defendants originally sold for $20.

17.    The high cost of insulin is a uniquely American problem. In the United States, the average price per unit across all types of insulin in 2018 was $98.70. In a comparison study of other countries, the RAND Institute found that "the closest any country came to paying the $98.70 American average was the $21.48 average that Chile pays." *See* Doug Irving, *The Astronomical Price of Insulin Hurts American Families*, RAND Review (Jan. 6, 2021) (available at https://www.rand.org/blog/rand-review/2021/01/the-astronomical-price-of-insulin-hurts-american-families.html) (last accessed June 22, 2022). The problem is more exacerbated for rapid-acting insulin (approximately one-third of the American market); its average in other countries was just over $8, but the average in America was $119. *Id.*

18.    According to RAND, the following table expresses the average insulin cost in the United States compared to other key countries:

| Average price per unit across all types of insulin in 2018 | |
|---|---|
| Canada | $12 |
| Germany | $11 |
| France | $9.08 |
| United Kingdom | $7.52 |
| Australia | $6.94 |
| *United States* | *$98.70* |

19.    Put another way, "[t]he average price in America, across all types of insulin, was **more than ten times higher** than the average for all of the other countries combined." *Id.*

20.    Both Manufacturer and PBM Defendants play vital roles and profit immensely from the Insulin Pricing Scheme and the artificially inflated prices produced by it.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

21.     Specifically, the Insulin Pricing Scheme works as follows: first, to gain formulary access from the PBM Defendants for their diabetic treatments, Manufacturer Defendants artificially and willingly raise their list prices, and then pay an undisclosed portion of that price back to the PBMs. These Manufacturer Payments[4] are provided under a variety of labels, yet, however they are described, these Manufacturer Payments, along with the inflated list prices, are quid pro quo for formulary inclusion on the PBMs' standard offerings.

22.     The list prices for the at-issue drugs have become so untethered from the net prices realized by the Manufacturers as to constitute a false price.

23.     In exchange for these payments from Manufacturer Defendants, PBMs then grant preferred status on their standard formularies based upon the largest Manufacturer Payment and the highest inflated list price—which the PBMs know to be artificially inflated and which the PBMs insist that their payor clients use as the basis for the price they pay for the at-issue drugs.

24.     The Insulin Pricing Scheme creates a "best of both worlds" scenario for Defendants. Manufacturer Defendants can make these undisclosed Manufacturer Payments to buy preferred formulary position—which significantly increases their revenue—without sacrificing their profits.

25.     PBM Defendants profit off the inflated list prices that result from the scheme in numerous ways, including: (1) retaining a significant—yet undisclosed— percentage of the Manufacturer Payments, either directly or through wholly-owned rebate aggregators; (2) using the inflated list price produced by the Insulin Pricing Scheme to generate profits from pharmacies in

---

[4] In the context of this Petition, the term "Manufacturer Payments" is defined as all payments or financial benefits of any kind conferred by the Manufacturer Defendants to PBM Defendants (or a subsidiary, affiliated entity, or group purchasing organization or rebate aggregator acting on the PBM's behalf), either directly via contract or indirectly via Manufacturer-controlled intermediaries. Manufacturer Payments includes rebates, administrative fees, inflation fees, pharmacy supplemental discounts, volume discounts, price, or margin guarantees and any other form of consideration exchanged. This broad definition is necessary because PBMs historically have continued to change and evolve the nature of their payment streams to avoid disclosure.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

their networks; and (3) relying on those same inflated list prices to drive up the PBMs' profits through their own pharmacies.

26.     Thus, while the PBM Defendants represent both publicly and to their clients that they use their market power to drive down prices for diabetes medications, these representations are false.

27.     Rather, the PBMs drive up the price of the at-issue drugs. Indeed, the Manufacturer Payments that the PBMs receive in exchange for preferred formulary position, along with the PBMs' actual formulary construction, are responsible for the skyrocketing price of the at-issue diabetes medications.

28.     Because the price paid by nearly every diabetic and payor is based upon the artificially inflated list prices generated by Defendants' scheme, the Insulin Pricing Scheme directly harms every diabetic and payor in Missouri who purchases these life-sustaining drugs, including employers who underwrite and subsidize health insurance plans.

29.     Jackson County and members of the Class, as payors for the at-issue drugs through their employee health plans, have been overcharged.

30.     Jackson County, on behalf of itself and the proposed Class alleged herein, brings this action: (a) on behalf of the County and members of the Class as payors for and purchasers of the at-issue diabetes medications through its health plans; (b) on behalf of the County and the members of the Class for additional costs they have and will incur as a result of the Insulin Pricing Scheme; and (c) for injunctive relief that will halt the Insulin Pricing Scheme.

31.     The relevant period for damages alleged in this Petition is from 2003 continuing through the present.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

## PARTIES

*Plaintiff*

32.     Jackson County, Missouri is a home rule charter county. It is a political subdivision of the State of Missouri that may sue and plead in its own name. Jackson County is the named Plaintiff and proposed Class Representative in this action.

33.     Members of the proposed Class include Missouri counties and municipalities with a population greater than 20,000 according to the 2020 United States Census. Members of the proposed Class are listed in Exhibit A, attached hereto.

*Manufacturer Defendants*

34.     **Defendant Eli Lilly and Company ("Eli Lilly")** is an Indiana corporation with its principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

35.     Eli Lilly is registered to do business in Missouri (Charter No. F00014930) and may be served through its registered agent: National Registered Agents, Inc.; 120 South Central Avenue; Clayton, Missouri 63105.

36.     Eli Lilly holds four active Distributor Licenses in Missouri (License Nos. 2006002677, 2006002678, 2006002679, and 2016021953).

37.     These licenses allow Eli Lilly to manufacture, distribute, and sell its at- issue drugs in Missouri.

38.     In Missouri, Eli Lilly promotes and distributes several at-issue diabetes medications: Humulin N, Humulin R, Humalog, Trulicity, and Basaglar.

39.     Eli Lilly's global revenues in 2019 were $4.13 billion from Trulicity, $2.82 billion from Humalog, $1.29 billion from Humulin, and $1.11 billion from Basaglar.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

40.     Eli Lilly's global revenues in 2018 were $3.2 billion from Trulicity, $2.99 billion from Humalog, $1.33 billion from Humulin, and $801 million from Basaglar.

41.     Eli Lilly transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

42.     Eli Lilly employs sales representatives throughout Missouri to promote and sell Humulin N, Humulin R, Humalog, Trulicity, and Basaglar.

43.     Eli Lilly also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri and profiting from the Insulin Pricing Scheme.

44.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Eli Lilly caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

45.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Eli Lilly's at-issue diabetes medications at a price based on inflated list prices generated by the Insulin Pricing Scheme.

46.     **Defendant Sanofi-Aventis U.S. LLC ("Sanofi")** is a Delaware limited liability company with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

47.     Sanofi is registered to do business in Missouri (Charter No. FL0737422) and may be served through its registered agent: CSC-Lawyers Incorporating Service Company; 221 Bolivar Street; Jefferson City, Missouri 65101.

48.     Sanofi holds three active Wholesale Distributor Licenses in Missouri (License Nos. 2004025897, 2015010661, and 2008011679).

10

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

49.     These licenses allow Sanofi to manufacture, distribute, and sell its at-issue drugs in Missouri.

50.     Sanofi promotes and distributes pharmaceutical drugs in Missouri, including several at-issue diabetes medications: Lantus, Toujeo, Soliqua, and Apidra.

51.     Sanofi's global revenues in 2019 were $3.50 billion from Lantus, $1.03 billion from Toujeo, $400 million from Apidra, and $144 million from Soliqua.

52.     Sanofi's global revenues in 2018 were $3.9 billion from Lantus, $923 million from Toujeo, $389 million from Apidra, and $86 million from Soliqua.

53.     Sanofi transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

54.     Sanofi employs sales representatives throughout Missouri to promote and sell Lantus, Toujeo, Soliqua, and Apidra.

55.     Sanofi also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri and profiting from the Insulin Pricing Scheme.

56.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Sanofi caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

57.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Sanofi's at-issue diabetes medications at prices based on artificially inflated list prices generated by the Insulin Pricing Scheme.

58.     **Defendant Novo Nordisk Inc. ("Novo Nordisk")** is a Delaware corporation with its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

59.     Novo Nordisk is registered to do business in Missouri (Charter No. F00948384) for the purpose of pharmaceutical sales; it may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

60.     Novo Nordisk promotes and distributes pharmaceutical drugs in Missouri, including the at-issue diabetic medications: Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

61.     Novo Nordisk's global revenues in 2019 were $2.89 billion from Novolog, $973 million from Levemir, $968 million from Tresiba, $2.29 billion from Victoza, $248.3 million from Novolin, and $1.17 billion from Ozempic.

62.     Novo Nordisk's global revenues in 2018 were $4.19 billion from Novolog, $1.66 billion from Levemir, $1.19 billion from Tresiba, $3.61 billion from Victoza, $284.5 million from Novolin, and $185 million from Ozempic.

63.     Novo Nordisk transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

64.     Novo Nordisk employs sales representatives throughout Missouri to promote and sell Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

65.     Novo Nordisk also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri.

66.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Novo Nordisk caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

67.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Novo Nordisk's at-issue diabetes medications at prices based on artificially inflated list prices generated by the Insulin Pricing Scheme.

68.     Collectively, Defendants Eli Lilly, Novo Nordisk, and Sanofi are referred to as "Manufacturer Defendants" or "Manufacturers."

### PBM Defendants

69.     **Defendant CVS Health Corporation ("CVS Health")** is a Delaware corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895. CVS Health transacts business and has locations throughout the United States and Missouri.

70.     CVS Health may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

71.     CVS Health, through its executives and employees, is directly involved in the PBM services and formulary construction related to the Insulin Pricing Scheme.

72.     During the relevant time, CVS Health (or its predecessor)[5] has repeatedly, continuously, and explicitly stated that CVS Health:

    a.    "design[s] pharmacy benefit plans that minimize the costs to the client while prioritizing the welfare and safety of the clients' members and helping improve health outcomes;"[6]

---

[5] Until 2014, CVS Health was known as "CVS Caremark." In September 2014, CVS Caremark Corporation announced that "it is changing its corporate name to CVS Health to reflect its broader health care commitment and its expertise in driving the innovations needed to shape the future of health."

[6] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

13

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

b.  "negotiate[s] with pharmaceutical companies to obtain discounted acquisition costs for many of the products on [CVS Health's] drug lists, and these negotiated discounts enable [CVS Health] to offer reduced costs to clients;"[7]

c.  "utilize[s] an independent panel of doctors, pharmacists, and other medical experts, referred to as its Pharmacy and Therapeutics Committee, to select drugs that meet the highest standards of safety and efficacy for inclusion on [CVS Health's] drug lists."[8]

73.     CVS Health publicly represents that CVS Health constructs programs that lower the costs of the at-issue diabetes medications. For example, in 2016, CVS Health announced a new program to "reduce overall spending in diabetes" that is available in all states, stating:

> "CVS Health introduced a new program available to help the company's pharmacy benefit management (PBM) clients to improve the health outcomes of their members, lower pharmacy costs [for diabetes medications] through aggressive trend management and decreased medical costs . . . [and that] participating clients could save between $3000 to $5000 per year for each member who successfully improves control of their diabetes" (emphasis supplied).

74.     In 2017, CVS Health stated that "CVS Health pharmacy benefit management (PBM) strategies reduced trend for commercial clients to 1.9 percent per member per year the lowest in five years. Despite manufacturer price increases of nearly 10 percent, CVS Health kept drug price growth at a minimal 0.2 percent."

75.     In November 2018, CVS Health acquired Aetna for $69 billion and became the first combination of a major health insurer, PBM, mail order, and retail pharmacy chain. As a result, CVS Health controls the health plan/insurer, the PBM, and the pharmacies utilized by

---

[7] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2013).

[8] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

14

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

approximately 40 million Aetna members in the United States. CVS Health controls the entire drug pricing chain for these 40 million Americans.

76.     **Defendant CVS Pharmacy, Inc. ("CVS Pharmacy")** is a Rhode Island corporation whose principal place of business is at the same location as CVS Health. CVS Pharmacy is a wholly-owned subsidiary of CVS Health.

77.     CVS Pharmacy is registered to do business in Missouri (Charter No. F00580215) and may be served at its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

78.     CVS Pharmacy maintains three Wholesale Distributor Licenses in Missouri (License Nos. 2018016879, 2018015114, and 2010010031).

79.     These licenses allow CVS Pharmacy to distribute and sell its at-issue drugs in Missouri.

80.     CVS Pharmacy owns and operates dozens of pharmacies throughout Missouri that were directly involved in and profited from the Insulin Pricing Scheme.

81.     CVS Pharmacy is the immediate and direct parent of Defendant Caremark Rx, LLC.

82.     During the relevant time period, CVS Pharmacy provided retail pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

83.     **Defendant Caremark Rx, LLC** is a Delaware limited liability company and its principal place of business is at the same location as CVS Pharmacy and CVS Health.

84.     Caremark Rx, LLC is a wholly-owned subsidiary of Defendant CVS Pharmacy.

85.     Caremark Rx, LLC may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

86.     During the relevant time period, Caremark Rx, LLC provided PBM and mail order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

87.     **Defendant Caremark LLC** is a California limited liability company whose principal place of business is at the same location as CVS Health. Caremark, LLC is a wholly-owned subsidiary of Caremark Rx, LLC.

88.     Caremark LLC is registered to do business in Missouri (Charter No. FL0829857) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

89.     Caremark, LLC holds one active Wholesale Distributor License (License No. 900964) and four Pharmacy Licenses (License Nos. 005981, 2017041619, 2019022262, and 2020004215) in Missouri.

90.     During the relevant time period, Caremark, LLC provided PBM and mail order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

91.     **Defendant CaremarkPCS Health, LLC** is a Delaware limited liability company whose principal place of business is at the same location as CVS Health. CVS Health is the direct or indirect parent company of CaremarkPCS Health LLC.

92.     CaremarkPCS Health, LLC provides pharmacy benefit management services.

93.     CaremarkPCS Health, LLC is registered to do business in Missouri (Charter No. FL0950751) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

94.     During the relevant time period, CaremarkPCS Health, LLC provided PBM services in Missouri, which gave rise to the Insulin Pricing Scheme.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

95.     As a result of numerous interlocking directorships and shared executives, Caremark Rx, LLC, CVS Pharmacy, and CVS Health are directly involved in the conduct of and control of CaremarkPCS Health, LLC and Caremark, LLC's operations, management, and business decisions related to the at-issue formulary construction, Manufacturer Payments, and mail order and retail pharmacy services.

96.     Collectively, Defendants CVS Health, CVS Pharmacy, Caremark Rx, LLC, Caremark, LLC, and CaremarkPCS Health, LLC, including all predecessor and successor entities, are referred to as "CVS Caremark."

97.     CVS Caremark is named as a Defendant in its capacities as a PBM, and retail and mail order pharmacy.

98.     In its capacity as a PBM, CVS Caremark coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially-inflated list prices for the at-issue diabetes medications, as well as for the placement of these firms' diabetes medications on CVS Caremark's formularies.

99.     CVS Caremark has the largest PBM market share based on total prescription claims managed, representing approximately 40% of the national market. CVS Caremark's pharmacy services segment generated $141.5 billion in total revenues last year.

100.    At all times relevant hereto, CVS Caremark offered pharmacy benefit services to Missouri payors, and derived substantial revenue therefrom.

101.    At all times relevant hereto, CVS Caremark maintained standard formularies that are used nationwide, including by CVS Caremark's payor clients in Missouri. During the relevant time period, these standard formularies included the at-issue diabetes medications.

102.    At all times relevant hereto, and contrary to all its express representations, CVS Caremark has knowingly insisted that its payor clients, including in Missouri, use the artificially

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

inflated list prices produced by the Insulin Pricing Scheme as the basis for payment for the price paid for the at-issue drugs.

103.    At all times relevant hereto, CVS Caremark has concealed its critical role in the generation of those artificially inflated list prices.

104.    At all times relevant hereto, CVS Caremark had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid to CVS Caremark and placement on CVS Caremark's standard formularies, as well as agreements related to the Manufacturers' at-issue drugs sold through CVS Caremark's mail order and retail pharmacies, including those located in Missouri.

105.    **Defendant Evernorth Health, Inc.** ("Evernorth"), formerly known as Express Scripts Holding Company, is a Delaware corporation with its principal place of business at 1 Express Way, St. Louis, Missouri 63121.[9] Evernorth is registered to do business in Missouri under Charter No. F01396834.

106.    Evernorth may be served through its registered agent: CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

107.    Evernorth, through its executives and employees, is directly involved in shaping the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs, related to the Insulin Pricing Scheme.

108.    Evernorth executives and employees communicate with and direct its subsidiaries related to the at-issue PBM services and formulary activities.

---

[9] Until 2021, Evernorth Health, Inc. conducted business under the name Express Scripts Holding Company. For the purposes of this Petition "Evernorth" refers to Evernorth Health, Inc. and Express Scripts Holding Company.

18

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

109.    Evernorth is the immediate or indirect parent of pharmacy and PBM subsidiaries that operate throughout Missouri, which engaged in the activities that gave rise to this Petition.

110.    In December 2018, Evernorth merged with Cigna in a $67 billion deal to consolidate their businesses as a major health insurer, PBM, and mail-order pharmacy. As a result, the Evernorth corporate family controls the health plan/insurer, the PBM, and the mail-order pharmacies utilized by approximately 15 million Cigna members in the United States and in Missouri. Evernorth controls the entire drug pricing chain for these 15 million Americans.

111.    In each annual report for at least the last decade, Evernorth has stated:[10]

a.    "[Evernorth] is one of the largest PBMs in North America . . . [and Evernorth] help[s] health benefit providers address access and affordability concerns resulting from rising drug costs while helping to improve healthcare outcomes."

b.    "[Evernorth] manage[s] the cost of the drug benefit by . . . assists in controlling costs; evaluat[es] drugs for efficacy, value, and price to assist[ing] clients in selecting a cost-effective formulary; [and] offer[s] cost-effective home delivery pharmacy and specialty services that result in cost savings for plan sponsors [and better care for members] leveraging purchasing volume to deliver discounts to health benefit providers."

c.    "[Evernorth] works with clients, manufacturers, pharmacists, and physicians to increase efficiency in the drug distribution chain, to manage costs in the pharmacy benefit chain and to improve members' health outcomes."

---

[10] Express Scripts Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

112.    **Defendant Express Scripts, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. Express Scripts, Inc.'s principal place of business is at the same location as Evernorth.

113.    Express Scripts, Inc. is registered to do business in Missouri (Charter No. F00367343) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

114.    Express Scripts, Inc. is the immediate or indirect parent of pharmacy and PBM subsidiaries that operate throughout Missouri.

115.    During the relevant time period, Express Scripts Inc. was directly involved in the PBM and mail-order pharmacy services, which gave rise to the Insulin Pricing Scheme.

116.    **Defendant Express Scripts Administrators, LLC**, is a Delaware limited liability company and is a wholly-owned subsidiary of Evernorth.

117.    Express Scripts Administrators, LLC is registered to do business in Missouri (Charter No. FL0077592) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

118.    During the relevant time period, Express Scripts Administrators, LLC provided the PBM services in Missouri discussed in this Petition that gave rise to the Insulin Pricing Scheme.

119.    **Defendant Medco Health Solutions, Inc.** ("Medco") is a Delaware corporation with its principal place of business located at 1 Express Way, St. Louis, Missouri 63121.

120.    Medco is registered to do business in Missouri (Charter No. F00510384) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

121.    Prior to 2012, Medco provided the at-issue PBM and mail order services in Missouri, which gave rise to the Insulin Pricing Scheme.

122.    In 2012, Express Scripts acquired Medco for $29 billion.

123.    Prior to the merger, Express Scripts and Medco were two of the largest PBMs in the United States.

124.    Following the merger, all of Medco's PBM and mail-order pharmacy functions were combined into Express Scripts. The combined company (Medco and Express Scripts) continued under the name Express Scripts with all of Medco's payor customers becoming Express Scripts' customers. The combined company covered more than 155 million lives at the time of the merger.

125.    At the time of the merger, on December 6, 2011, in his testimony before the Senate Judiciary Committee, then-CEO of Medco, David B. Snow, publicly represented that "the merger of Medco and Express Scripts will result in immediate savings to our clients and, ultimately, to consumers. This is because our combined entity will achieve even greater [Manufacturer Payments] from drug manufacturers and other suppliers."

126.    The then-CEO of Express Scripts, George Paz, during a congressional subcommittee hearing in September 2011, echoed these sentiments: "A combined Express Scripts and Medco will be well-positioned to protect American families from the rising cost of prescription medicines."

127.    **Defendant ESI Mail Pharmacy Service, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. ESI Mail Pharmacy Service, Inc.'s principal place of business is at the same location as Evernorth.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

128.     ESI Mail Pharmacy Service, Inc. is registered to do business in Missouri (Charter No. F00477696) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

129.     ESI Mail Pharmacy Service, Inc. holds six Retail Pharmacy Licenses in Missouri (License Nos. 2010008501, 2000148285, 2000162445, 2000168506, 2000172436, and 2003010206).

130.     During the relevant time period, ESI Mail Pharmacy Service provided the mail order pharmacy services in Missouri discussed in this Petition, which gave rise to the Insulin Pricing Scheme.

131.     **Defendant Express Scripts Pharmacy, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. Express Scripts Pharmacy, Inc.'s principal place of business is at the same location as Evernorth.

132.     Express Scripts Pharmacy, Inc. is registered to conduct business in Missouri (Charter No. F01396832) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

133.     Express Scripts Pharmacy, Inc. holds six active Retail Pharmacy Licenses in Missouri (License Nos. 2014003743, 2014004518, 2014037469, 2014001047, 2014027634, and 2014004516).

134.     During the relevant time period, Express Scripts Pharmacy, Inc. provided the mail order pharmacy services in Missouri discussed in this Petition.

135.     As a result of numerous interlocking directorships and shared executives, Evernorth and Express Scripts, Inc. are directly involved in the conduct and control of Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., and Express

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

Scripts Pharmacy, Inc.'s operations, management, and business decisions related to the at-issue formulary construction, Manufacturer Payments, and mail-order pharmacy services.

136.    Collectively, Defendants Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Medco Health Solutions, Inc., and Express Scripts Pharmacy, Inc., including all predecessor and successor entities, are referred to as "Express Scripts."

137.    Express Scripts is named as a Defendant in its capacities as a PBM and mail-order pharmacy.

138.    In its capacity as a PBM, Express Scripts coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially inflated list prices for the at-issue diabetes medications, as well as for the placement of these firms' diabetes medications on Express Script's formularies.

139.    Prior to merging with Cigna in 2019, Express Scripts was the largest independent PBM in the United States. During the relevant period of this Petition, Express Scripts controlled 30% of the PBM market in the United States.

140.    Express Scripts has only grown larger since the Cigna merger.

141.    In 2017, annual revenue for Express Scripts was more than $100 billion.

142.    As of December 31, 2018, more than 68,000 retail pharmacies, representing more than 98% of all retail pharmacies in the nation, participated in one or more of Express Scripts' networks.

143.    At all times relevant hereto, Express Scripts offered pharmacy benefit services, and derived substantial revenue therefrom, in Missouri and provided the at-issue PBM services to numerous payors in Missouri.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

144.     At all times relevant hereto, and contrary to all of their representations, Express Scripts has knowingly insisted that its payor clients, including those in Missouri, use the artificially-inflated list prices produced by the Insulin Pricing Scheme as the basis for reimbursement of the at-issue drugs.

145.     At all times relevant hereto, Express Scripts has concealed its critical role in the generation of those artificially inflated list prices.

146.     At all times relevant hereto, Express Scripts maintained standard formularies that are used nationwide. During the relevant time period, those formularies included the at-issue diabetes medications.

147.     During certain years when some of the largest at-issue price increases occurred, including in 2013 and 2014, Express Scripts worked directly with OptumRx to negotiate Manufacturer Payments on behalf of OptumRx and its clients in exchange for preferred formulary placement. For example, in a February 2014 email released by the U.S. Senate in conjunction with its January 2021 report titled "Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug" ("January 2021 Senate Insulin Report"), Eli Lilly describes a "Russian nested doll situation" in which Express Scripts was negotiating rebates on behalf of OptumRx related to the at-issue drugs for Cigna (who later would become part of Express Scripts).

148.     In its capacity as a mail order pharmacy, Express Scripts received payments from Missouri payors based on the artificially inflated prices produced by the Insulin Pricing Scheme.

149.     At all times relevant hereto, Express Scripts derived substantial revenue providing mail-order pharmacy services in Missouri.

150.     Express Scripts purchases drugs produced by the Manufacturer Defendants, including the at-issue diabetes medications, for dispensing through its mail order pharmacies.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

151.    At all times relevant hereto, Express Scripts had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid to Express Scripts and placement on Express Scripts' standard formularies, as well as agreements related to the Manufacturers' at-issue drugs sold through Express Scripts' mail order and retail pharmacies, including those located in Missouri.

152.    **Defendant UnitedHealth Group, Inc.** ("UnitedHealth Group") is a corporation organized under the laws of Delaware with its principal place of business at 9900 Bren Road East, Minnetonka, Minnesota, 55343.

153.    UnitedHealth Group, Inc. may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

154.    UnitedHealth Group, Inc. is a diversified managed healthcare company. In 2015, UnitedHealth Group listed revenue ioptun excess of $257 billion, and the company is currently ranked sixth on the Fortune 500 list. UnitedHealth Group, Inc. offers a spectrum of products and services including health insurance plans through its wholly-owned subsidiaries and pharmacy benefits through its PBM, OptumRx.

155.    More than one-third of the overall revenues of UnitedHealth Group come from OptumRx.

156.    UnitedHealth Group was directly involved in the conduct that caused the Insulin Pricing Scheme.

157.    UnitedHealth Group, through its executives and employees, is directly involved in the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs and related to the Insulin Pricing Scheme. For example, executives of

25

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

UnitedHealth Group structure, analyze, and direct the company's overarching, enterprise-wide policies, including PBM and mail order services, as a means of maximizing profits across the corporate family.

158.    UnitedHealth Group's Sustainability Report states that "OptumRx works directly with pharmaceutical manufacturers to secure discounts that lower the overall cost of medications and create tailored formularies – or drug lists – to ensure people get the right medications. [UnitedHealth Group] then negotiate[s] with pharmacies to lower costs at the point of sale . . . [UnitedHealth Group] also operate[s] [mail order pharmacies] . . . [UnitedHealth Group] work[s] directly with drug wholesalers and distributors to ensure consistency of the brand and generic drug supply, and a reliance on that drug supply."

159.    UnitedHealth Group's conduct had a direct effect in Missouri, and damaged payors in Missouri.

160.    In addition to being a PBM and a mail-order pharmacy, UnitedHealth Group owns and controls a major health insurance company, UnitedHealthcare. As a result, UnitedHealth Group controls the health plan/insurer, the PBM, and the mail- order pharmacies utilized by approximately 26 million UnitedHealthcare members in the United States. UnitedHealth Group controls the entire drug pricing chain for these 26 million Americans.

161.    **Defendant Optum Inc.** is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. Optum, Inc. is a health services company managing subsidiaries that administer pharmacy benefits, including Defendant OptumRx, Inc.[11]

162.    Optum Inc. may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

---

[11] UnitedHealth Group, Annual Report (Form 10-K, Exhibit 21) (Dec. 31, 2018).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

163.    Optum Inc. is directly involved, through its executives and employees, in the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs and related to the Insulin Pricing Scheme.

164.    For example, according to Optum Inc.'s press releases, Optum, Inc. is "UnitedHealth Group's information and technology-enabled health services business platform serving the broad healthcare marketplace, including care providers, plan sponsors, payors, life sciences companies and consumers." In this role, Optum, Inc. is directly responsible for the "business units – OptumInsight, OptumHealth and OptumRx" and the CEOs of all these companies report directly to Optum, Inc. regarding their policies, including those that inform the at-issue formulary construction and mail-order activities.

165.    **Defendant OptumInsight, Inc.** is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota.

166.    OptumInsight, Inc. is registered to do business in Missouri (Charter No. F00435693) and may be served through its registered agent: The Corporation Company; 120 South Central Avenue, Suite 400; Clayton, Missouri 63105.

167.    OptumInsight, Inc. is an integral part of the Insulin Pricing Scheme, and during the relevant time period, OptumInsight coordinated directly with the Manufacturer Defendants in furtherance of the conspiracy. OptumInsight analyzed data and other information from the Manufacturer Defendants to advise Defendants with regard to the profitability of the Insulin Pricing Scheme to the benefit of all Defendants.

168.    **Defendant OptumRx Holdings, LLC**, is a Delaware limited liability corporation with a principal place of business at 2300 Main Street, Irvine, California 92614.

27

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

169.    OptumRx Holdings, LLC may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

170.    OptumRx Holdings, LLC provides pharmacy benefit management services through its subsidiaries to various payors in Missouri.

171.    **Defendant OptumRx, Inc.** is a California corporation with its principal place of business at 2300 Main St., Irvine, California, 92614.

172.    OptumRx, Inc. is registered to do business in Missouri (Charter No. F00451557) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue, Suite 400; St. Louis, Missouri 63105.

173.    OptumRx, Inc. holds five active Retail Pharmacy Licenses in Missouri (License Nos. 2018045267, 2006031441, 2001032366, 2018043427, and 20180437889).

174.    During the relevant time period, OptumRx, Inc. provided the PBM and mail-order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

175.    As a result of numerous interlocking directorships and shared executives, UnitedHealth Group, OptumRx Holdings, LLC and Optum, Inc. are directly involved in the conduct and control of OptumInsight and OptumRx's operations, management, and business decisions related to the at-issue formulary construction, negotiations, and mail-order pharmacy services.

176.    Collectively, Defendants UnitedHealth Group, Inc., OptumRx, Inc., OptumInsight, Inc., OptumRx Holdings LLC, and Optum, Inc., including all predecessor and successor entities, are referred to as "OptumRx."

28

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

177.    OptumRx is named as a Defendant in its capacities as a PBM and mail-order pharmacy.

178.    In its capacity as a PBM, OptumRx coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially inflated list prices for the at-issue diabetes medications, as well as, for the placement of these firms' diabetes medications on OptumRx's drug formularies

179.    OptumRx provides PBM services to more than 65 million people in the nation through a network of more than 67,000 retail pharmacies and multiple delivery facilities.

180.    In 2019, OptumRx managed more than $96 billion in pharmaceutical spending, with a revenue of $74 billion.

181.    As illustrated in Figure 13, OptumRx rose to power through numerous mergers with other PBMs. For example, in 2012, a large PBM, SXC Health Solutions bought one of its largest rivals, Catalyst Health Solutions Inc. in a roughly $4.14 billion deal. Shortly thereafter, SXC Health Solutions Corp. renamed the company Catamaran Corp. Following this, UnitedHealth Group bought Catamaran Corp in a deal worth $12.8 billion and combined Catamaran with OptumRx.

182.    Prior to merging with OptumRx, Catalyst Health Solutions, Inc. and Catamaran Corp. engaged in the at-issue PBM and mail-order activities in Missouri.

183.    At all times relevant hereto, OptumRx derived substantial revenue providing pharmacy benefits in Missouri.

184.    At all times relevant hereto, and contrary to all their express representations, OptumRx has knowingly insisted that its payor clients use the artificially inflated list prices produced by the Insulin Pricing Scheme as the basis for reimbursement of the at-issue drugs.

29

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

185.    At all times relevant hereto, OptumRx has concealed its critical role in the generation of those artificially-inflated list prices.

186.    At all times relevant hereto, OptumRx offered pharmacy benefit management services nationwide and maintained standard formularies that are used nationwide. During the relevant time period, those formularies included the at-issue diabetes medications.

187.    In its capacity as a mail-order pharmacy, OptumRx received payments from Missouri payors based on the artificially inflated prices produced by the Insulin Pricing Scheme.

188.    At all times relevant hereto, OptumRx purchased drugs produced by the Manufacturer Defendants, including the at-issue diabetes medications, and dispensed the at-issue medications to diabetics.

189.    At all times relevant hereto, OptumRx had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid by the Manufacturer Defendants to OptumRx, as well as agreements related to the Manufacturers' at-issue drugs sold through OptumRx's mail order pharmacies.

190.    Collectively, CVS Caremark, OptumRx, and Express Scripts are referred to as "PBM Defendants" or "PBMs."

191.    Collectively, the "PBM Defendants" and the "Manufacturer Defendants" are referred to as "Defendants."

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

192.    In sum, the following chart outlines the relationship among Defendants:

| MANUFACTURER DEFENDANTS | PBM DEFENDANTS |
|---|---|
| Eli Lilly | **CVS Caremark Defendants**<br><br>• CVS Health<br>• CVS Pharmacy<br>• Caremark Rx LLC<br>• Caremark LLC<br>• CaremarkPCS Health LLC |
| Novo Nordisk | **Express Scripts Defendants**<br><br>• Evernorth Health, Inc.<br>• Express Scripts, Inc.<br>• Express Scripts Administrators, LLC<br>• ESI Mail Pharmacy Service, Inc.<br>• Medco Health Solutions, Inc.<br>• Express Scripts Pharmacy, Inc. |
| Sanofi-Aventis | **OptumRx Defendants**<br><br>• UnitedHealth Group, Inc.<br>• Optum, Inc.<br>• OptumInsight, Inc.<br>• OptumRx Holdings, LLC<br>• OptumRx, Inc. |

**JACKSON COUNTY, MISSOURI'S INTEREST**

193.    This action seeks, on behalf of Jackson County, Missouri and members of the proposed Class, legal and equitable relief to redress injury and damage, as well as injunctive relief seeking an end to Defendants' misconduct. Jackson County and the proposed Class have been damaged, and continue to be damaged, by the Insulin Pricing Scheme.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

194.     Further, as a direct result of the Insulin Pricing Scheme, Jackson County and members of the Class have been damaged by having to pay overcharges as payors for and purchasers of the at-issue drugs.

## JURISDICTION AND VENUE

195.     This Court has general jurisdiction under Mo. Rev. Stat. § 478.220.

196.     The Petition does not confer diversity jurisdiction upon the federal courts pursuant to 28 U.S.C. § 1332 because complete diversity does not exist. Jackson County, Missouri and members of the Class are exclusively Missouri entities. Similarly, several Express Scripts entities are Missouri entities by virtue of maintaining their principal place of business within Missouri, including:

- Evernorth Health, Inc.;

- Express Scripts, Inc.;

- ESI Mail Pharmacy Service, Inc.;

- Express Scripts Pharmacy, Inc.; and

- Medco Health Solutions, Inc.

197.     Similarly, the Petition does not confer federal court jurisdiction under the Class Action Fairness Act because "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

198.     Furthermore, it would be inappropriate for a court to exercise CAFA jurisdiction because the Class consists of Missouri entities exclusively that make up "greater than two-thirds" of the Class, and several defendants are Missouri citizens "from whom significant relief is sought by members of the [] class" and whose conduct "forms a significant basis for the claims asserted . . . ." 28 U.S.C. § 1332(d)(4)(A).

32

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

199.     Likewise, federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not invoked because the allegations are wholly state law claims. Nowhere does Jackson County plead, expressly or implicitly, any cause of action or request any remedy that arises under or is founded upon federal law. The issues presented in the allegations of this Petition do not implicate significant or substantial federal issues and do not turn on the necessary interpretation of any federal law. Jackson County expressly avers that the only causes of action claimed, and the only remedies sought herein, are founded upon the common law of the State of Missouri.

200.     Similarly, Jackson County does not seek any relief on behalf of individual patients or consumers within Missouri. Thus, Jackson County's Petition does not involve any federal issue nor does it require the interpretation and/or application of federal law, nor does it implicate any federal aid programs.

201.     This Court has personal jurisdiction over Defendants under Missouri's long-arm statute, codified at Mo. Rev. Stat. § 506.500.

202.     Venue is proper in Jackson County, Missouri under Mo. Rev. Stat. § 508.010.

## FACTUAL ALLEGATIONS

**Diabetes and Insulin Therapy.**

### *Diabetes: A growing epidemic.*

203.     Diabetes is a disease that occurs when a person's blood glucose, also called blood sugar, is too high. In a non-diabetic person, the pancreas secretes the hormone insulin, which controls the rate at which food is converted to glucose, or sugar, in the blood. When there is not enough insulin or cells stop responding to insulin, too much blood sugar stays in the bloodstream. Over time, that can cause serious health problems, such as heart disease, vision loss, and kidney disease.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

204.    There are two basic types of diabetes. Roughly 90-95% of diabetics developed the disease because they do not produce enough insulin or have become resistant to the insulin their bodies do produce. Known as Type 2, this form of diabetes is often developed later in life. While Type 2 patients can initially be treated with medication in the form of a pill, in the long term most patients require insulin injections.

205.    The other type of diabetes, known as Type 1 diabetes, occurs when a patient completely ceases insulin production. In contrast to Type 2 patients, people with Type 1 diabetes do not produce any insulin and, without regular injections of insulin, will die.

206.    Insulin treatments are a necessary part of life for those who have diabetes. Interruptions to a diabetic's insulin regimen can have severe consequences. Missed or inadequate insulin therapy can trigger hyperglycemia and then diabetic ketoacidosis. Left untreated, diabetic ketoacidosis can lead to loss of consciousness and death within days.

207.    The number of Americans with diabetes has exploded in the last half century. In 1958, only 1.6 million people in the United States had diabetes. By the turn of the century, that number had grown to more than 10 million people. Fourteen (14) years later, the count tripled again. Now more than 30 million people—9.4% of the country—live with the disease.

### *Insulin: A century old drug.*

208.    Despite its potentially deadly impact, diabetes is a highly-treatable illness. For patients who are able to follow a prescribed treatment plan consistently, many of the health complications associated with the disease are avoidable.

209.    Unlike many high-burden diseases, treatment for diabetes has been available for almost a century.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

210.    In 1922, Frederick Banting and Charles Best, while working at the University of Toronto, pioneered a technique for removing insulin from an animal pancreas that could then be used to treat diabetes. After discovery, Banting and Best obtained a patent and then sold it to the University of Toronto for $1 (equivalent to $14 today), explaining "[w]hen the details of the method of preparation are published anyone would be free to prepare the extract, but no one could secure a profitable monopoly."

211.    After purchasing the patent, the University of Toronto contracted with Defendants Eli Lilly and Novo Nordisk to scale their production. Under this arrangement, Eli Lilly and Novo Nordisk were allowed to apply for patents on variations to the manufacturing process.

212.    Although early iterations of insulin were immediately perceived as lifesaving, there have been numerous incremental improvements since its discovery. The earliest insulin was derived from animals and, until the 1980s, was the only treatment for diabetes.

213.    While effective, animal-derived insulin created the risk of allergic reaction. This risk was lessened in 1982 when synthetic insulin, known as human insulin, was developed by Defendant Eli Lilly. Eli Lilly marketed this insulin as Humulin. The development of human insulin benefited heavily from government and non-profit funding through the National Institute of Health and the American Cancer Society.

214.    Over a decade later, Defendant Eli Lilly developed the first analog insulin, Humalog, in 1996.

215.    Analog insulin is laboratory grown and genetically-altered insulin. Analogs are slight variations on human insulin that make the injected treatment act more like the insulin naturally produced and regulated by the body.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

216.    Other rapid-acting analogs are Defendant Novo Nordisk's Novolog and Defendant Sanofi's Apidra, with similar profiles. Diabetics use these rapid-acting insulins in combination with longer-acting insulins, such as Sanofi's Lantus and Novo Nordisk's Levemir.

217.    Manufacturer Defendants introduced these rapid-acting and long-acting analog insulins between 1996 and 2007.

218.    In 2015, Sanofi introduced Toujeo, another long-acting insulin also similar to Lantus, however Toujeo is highly concentrated, making injection volume smaller than Lantus.

219.    In 2016, Eli Lilly introduced Basaglar, which is a long-acting insulin that is biologically similar to Sanofi's Lantus.

220.    Even though insulin was first extracted nearly 100 years ago, only Defendants Eli Lilly, Novo Nordisk, and Sanofi manufacture insulin in the United States.

### *Current insulin landscape.*

221.    All the insulins at issue in this case have either been available in the same form since the late 1990s/early 2000s or are biologically equivalent to insulins that were available then.

222.    Dr. Kasia Lipska, a Yale researcher and author of a 2018 study in the Journal of the American Medical Association on the cost of insulin, explained:

> We're not even talking about rising prices for better products here. I want to make it clear that we're talking about rising prices for the same product . . . there's nothing that's changed about Humalog. It's the same insulin that's just gone up in price and now costs ten times more.

223.    The production and research and development costs have also not increased. In fact, in the last 10 years, the production costs of insulin have decreased as manufacturers simplified and optimized processes. A September 2018 study published in BMJ Global Health calculated that, based on production costs, a reasonable price for a year's supply of human insulin is $48 to $71

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

per person and between $78 and $133 for analog insulins—which includes delivering a profit to manufacturers.[12]

224.    These figures stand in stark contrast to the $5,705 that a diabetic spent, on average, for insulin in 2016.

225.    Further, while research and development costs often make up a large percentage of the price of a drug, in the case of insulin the initial basic research— original drug discovery and patient trials—was performed 100 years ago. Even the more recent costs, such as developing the recombinant DNA fermentation process and the creation of insulin analogs, were incurred decades ago by the Manufacturers.

226.    Despite this decrease in production costs, and no new research and development, the reported price of insulins has risen astronomically over the last 15 years.

### *Insulin adjuncts: Type 2 medications.*

227.    Over the past decade, Manufacturer Defendants have also released a number of non-insulin medications that help control the level of insulin in the bloodstream of Type 2 diabetics.

228.    In 2010, Novo Nordisk released Victoza as an adjunct to insulin to improve glycemic control. In 2014, Eli Lilly released a similar drug, Trulicity. In 2016, Sanofi did the same with Soliqua, and in 2017, Novo Nordisk did the same with Ozempic.

229.    Victoza, Trulicity, and Ozempic are all medications known as glucagon- like peptide-1 receptor agonists ("GLP-1") and are similar to the GLP-1 hormone that is already produced in the body. Soliqua is a combination long-acting insulin and GLP-1 drug. Each of these drugs can be used in conjunction with insulins to control diabetes.

---

[12] Available at https://gh.bmj.com/content/3/5/e000850

37

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

230.    The following is a list of diabetes medications at issue in this lawsuit:

**Table 1: Diabetes medications at issue**

| Insulin Type | Action | Name | Company | FDA Approval | Current Price |
|---|---|---|---|---|---|
| *Human* | **Rapid-Acting** | Humulin R | Eli Lilly | 1982 | $178 (vial) |
| | | Humulin R 500 | Eli Lilly | 1994 | $1,784 (vial) $689 (pens) |
| | | Novolin R | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| | **Intermediate** | Humulin N | Eli Lilly | 1982 | $178 (vial) $566 (pens) |
| | | Humulin 70/30 | Eli Lilly | 1989 | $178 (vial) $566 (pens) |
| | | Novolin N | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| | | Novolin 70/30 | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| *Analog* | **Rapid-Acting** | Humalog | Eli Lilly | 1996 | $342 (vial) $636 (pens) |
| | | Novolog | Novo Nordisk | 2000 | $347 (vial) $671 (pens) |
| | | Apidra | Sanofi | 2004 | $341 (vial) $658 (pens) |
| | **Long-Acting** | Lantus | Sanofi | 2000 | $ 340 (vial) $510 (pens) |
| | | Levemir | Novo Nordisk | 2005 | $ 370 (vial) $ 555 (pens) |
| | | Basaglar (Kwikpen) | Eli Lilly | 2016 | $392 (pens) |
| | | Toujeo (Solostar) | Sanofi | 2015 | $466 (pens) $622 (max pens) |
| | | Tresiba | Novo Nordisk | 2015 | $407 (vial) $610 (pens – 100u) $732 (pens – 200u) |
| *Type 2 Medications* | | Trulicity | Eli Lilly | 2014 | $1,013 (pens) |
| | | Victoza | Novo Nordisk | 2010 | $813 (2 pens) $1,220 (3 pens) |
| | | Ozempic | Novo Nordisk | 2017 | $1,022 (pens) |

38

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| | | Soliqua | Sanofi | 2016 | $927.90 (pens) |
|---|---|---|---|---|---|

**The Dramatic Rise in the Price of Diabetes Medications.**

### *Insulin price increases.*

231.    In 2003, the price of insulin began its dramatic rise to its current exorbitant level.

232.    Since 2003, the list price of certain insulins has increased in some cases by more than 1,000% — an astounding increase especially when compared to a general inflation rate of 8.3% and a medical inflation rate of 46% in this same time period.

233.    By 2016, the average price per month of the four most popular types of insulin rose to $450, and costs continue to rise, so much so that now one in four diabetics is skimping on or skipping lifesaving doses. This behavior is dangerous to a diabetic's health and can lead to a variety of complications and even death.

234.    Since 1997, Defendant Eli Lilly has artificially inflated the list price of a vial of Humulin R (500U/ML) from $165 to $1,784 (See Figure 2).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 2: Rising list prices of Humulin R (500U/mL) from 1997-2021**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

235.    Since 1996, Defendant Eli Lilly has artificially inflated the list price for a package of pens of Humalog from less than $100 to $663, and from less than $50 to $342 per vial (See Figure 3).

**Figure 3: Rising list prices of Humalog vials and pens from 1996-2021**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

236.    Novo Nordisk has also artificially inflated the list prices—from 2006 to 2020, Levemir rose from $162 to $555 for pens, and from under $100 to $370 per vial (See Figure 4).

**Figure 4: Rising list prices of Levemir from 2006-2021**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

237.    From 2002 to 2020, Novo Nordisk has artificially inflated the list price of Novolog from $108 to $671 for a package of pens, and from less than $50 to $347 per vial (See Figure 5).

**Figure 5: Rising list prices of Novolog vials and pens from 2002-2021**



43

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

238.    Defendant Sanofi has kept pace as well, artificially inflating the list price for Lantus, the top-selling analog insulin, from less than $200 in 2006, to more than $500 in 2020 for a package of pens, and from less than $50 to $340 per vial (See Figure 6).

**Figure 6: Rising list prices of Lantus vials and pens from 2001-2021**



239.    Manufacturer Defendants' non-insulin diabetes medications have experienced similar recent price increases. For example, since 2015, Eli Lilly has artificially inflated the list price of Trulicity by almost 50%.

240.    Driven by these price hikes, payors' and diabetics' spending on diabetes medications has skyrocketed.

44

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

*Manufacturers increased prices in lockstep.*

241.    The timing of the list price increases reveal that each Manufacturer Defendant has not only dramatically increased prices for the at-issue diabetes treatments, but they have also done so in perfect lockstep.

242.    In 13 instances since 2009, competitors Sanofi and Novo Nordisk raised the list prices of their insulins, Lantus and Levemir, in tandem, applying the same price increase within a few days of each other.

243.    This practice of increasing drug prices in lockstep with competitors is known as "shadow pricing" and, as healthcare expert Richard Evans from SSR Health recently stated, "is pretty much a clear signal that your competitor does not intend to price-compete with you."

244.    Novo Nordisk and Sanofi's lockstep increases for the at-issue drugs were responsible for the highest drug price increases in the entire pharmaceutical industry during 2016.

245.    Eli Lilly and Novo Nordisk have engaged in the same lockstep behavior with respect to their rapid-acting analog insulins, Humalog and Novolog. Figure 7 demonstrates this collusive behavior with respect to Lantus and Levemir. Figure 8 demonstrates this behavior with respect to Humalog and Novolog.

45

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 7: Rising list prices of long-acting insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 8: Rising list prices of rapid-acting insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

246.    Figure 9 demonstrates this behavior with respect to the human insulins, Eli Lilly's

Humulin and Novo Nordisk's Novolin.

**Figure 9: Rising list price increases for human insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

247.    Figure 10 demonstrates Manufacturer Defendants' lockstep price increases for their

Type 2 drugs, Trulicity, Victoza, and Ozempic.

**Figure 10: Rising list prices of Type 2 drugs**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

248.    Figure 11 shows how, collectively, Manufacturer Defendants have exponentially raised the prices of insulin products in near perfect unison for decades.

**Figure 11: Lockstep insulin price increases**



249.    Because of Manufacturer Defendants' lockstep price increases, nearly a century after the discovery of insulin, diabetes medications have become unaffordable for many diabetics.

**Pharmaceutical Payment and Supply Chain.**

250.    The prescription drug industry consists of a deliberately opaque network of entities engaged in multiple distribution and payment structures. These entities include drug manufacturers, wholesalers, pharmacies, health plans/third party payors, pharmacy benefit managers, and patients.

251.    Generally speaking, branded prescription drugs, such as the at-issue diabetes medications, are distributed in one of two ways: (1) from manufacturer to wholesaler, wholesaler to pharmacy, and pharmacy to patient; or (2) from manufacturer to mail-order pharmacy, and mail-order pharmacy to patient.

252.    The pharmaceutical industry, however, is unique in that the pricing chain is distinct from the distribution chain. The prices for the drugs distributed in the pharmaceutical chain are

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

different for each participating entity: different actors pay different prices set by different entities

for the same drugs. The unifying factor is that the price that each entity in the pharmaceutical chain

pays for a drug is directly tied to the manufacturer's list price.

253.     There is no transparency in this pricing system; typically, only a brand drug's list

price—also known as its Average Wholesale Price (AWP) or the mathematically-related

Wholesale Acquisition Cost (WAC)—is available. To note, "Wholesale Acquisition Cost" is not

the final price that wholesalers (or any other entity in the pharmaceutical pricing chain) pay for the

Manufacturers' drugs. The final price that a wholesaler pays the Manufacturers is less than WAC

because of post-purchase discounts.

254.     Drug manufacturers self-report AWP, or other prices upon which AWP is based, to

publishing compendiums such as First DataBank, Redbook, and others who then publish that price.

255.     As a direct result of the PBMs' conduct, AWP persists as the most commonly and

continuously used list price in reimbursement and payment calculations and negotiations for both

payors and patients.

### *PBMs' role in the pharmaceutical payment chain.*

256.     PBMs are at the center of the convoluted pharmaceutical payment chain, as

reflected in Figure 12:

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 12: Pharmaceutical Supply Chain**



Figure 4.1. The pharmaceuticals supply chain in the United States

257.    The PBM Defendants develop drug formularies, process claims, create a network of retail pharmacies, set the prices in coordination with the Manufacturers that payors pay for prescription drugs, and are paid by payors for the drugs utilized by a payor's beneficiaries.

258.    PBMs also contract with a network of retail pharmacies often owned by the PBM. Pharmacies agree to dispense drugs to patients and pay fees back to the PBMs. PBMs reimburse pharmacies for the drugs dispensed.

259.    PBM Defendants also own mail order, retail, and specialty pharmacies, which purchase and take possession of prescription drugs, including those at issue here, and directly supply those drugs to patients.

260.    Often—including for at-issue drugs—the PBM Defendants purchase drugs from the Manufacturers and dispense them to the patients.

261.    Even where PBM Defendants' pharmacies purchase drugs from wholesalers, their costs are set by direct contracts with the Manufacturers.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

262.   In addition, and of particular significance here, PBM Defendants contract with pharmaceutical manufacturers, including Manufacturer Defendants.

263.   These relationships allow PBMs to exert tremendous influence over what drugs are available throughout Missouri and at what prices.

264.   Thus, PBMs are at the center of the flow of money in the pharmaceutical supply chain. In sum:

    a.   PBMs negotiate the price that payors pay for prescription drugs (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme);

    b.   PBMs separately negotiate a different (and often lower) price that pharmacies in their networks receive for that same drug;

    c.   PBMs set the amount in fees that the pharmacy pays back to the PBM for each drug sold (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme);

    d.   PBMs set the price paid for each drug sold through their mail-order pharmacies (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme); and

    e.   PBMs negotiate the amount that the Manufacturers pay back to the PBM for each drug sold (for the at-issue drugs based on artificially inflated prices generated by the Insulin Pricing Scheme).

265.   Yet, for the majority of these transactions, only the PBMs are privy to the amount that any other entity in this supply chain is paying or receiving for the exact same drugs.

**EXHIBIT A**
**Page 54 of 74**

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

266.    In every interaction that PBMs have within the pharmaceutical pricing chain the stand to profit from the artificial prices generated by the Insulin Pricing Scheme.

### *The rise of the PBMs in the pharmaceutical supply chain.*

267.    When they first came into existence in the 1960s, PBMs functioned largely as claims processors. Over time, however, they have taken on a larger role in the pharmaceutical industry. Today, PBMs wield significant control over the drug pricing system.

268.    PBMs began negotiating with drug manufacturers ostensibly on behalf of payors.

269.    In the early 2000s, PBMs started buying pharmacies.

270.    When a PBM combines with a pharmacy, it has an increased incentive to collude with Manufacturers to keep certain prices high.

271.    These unconscionable incentives still exist today with respect to both retail and mail-order pharmacies housed within the PBMs' corporate families.

272.    More recently, further consolidation in the industry has afforded PBMs a disproportionate amount of market power.

273.    In addition, each of the PBM Defendants are now owned by other significant players within the pharmaceutical chain: Express Scripts merged with Cigna in a $67 billion-dollar deal; Caremark was bought by the largest pharmacy in the United States, CVS, for $21 billion; CVS also now owns Aetna following a $69 billion-dollar deal; and OptumRx was acquired by the largest health insurance company in the United States, UnitedHealth Group.

274.    After merging or acquiring all their competitors and now backed by multi-billion-dollar corporations, PBM Defendants have taken over the market— controlling more than 80% of the market and managing pharmacy benefits for more than 270 million Americans.

54

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

275.   PBM Defendants have near complete control over the Manufacturer Payment market. In addition to their own clients, which represents 80% of the market, PBM Defendants or their controlled affiliate rebate aggregator companies contract with most smaller pharmacy benefit managers, including the largest of those, Prime Therapeutics, to negotiate Manufacturer Payments on their behalf.

276.   PBMs are able to use the consolidation in the market as leverage when negotiating with other entities in the pharmaceutical pricing chain. Industry expert Lindsay Bealor Greenleaf from Advice and Vision for the Healthcare Ecosystem (ADVI) described this imbalance in power, "it's really difficult to engage in any type of fair negotiations when one of the parties has that kind of monopoly power. . . I think that is something that is going to continue getting attention, especially as we see more of these payors and PBMs continue to try to further consolidate."

**The Insulin Pricing Scheme.**

277.   The market for the at-issue diabetes medications is unique in that it is highly concentrated with, until recently, little to no generic/biosimilar options and the drugs have similar efficacy and risk profiles. In fact, PBMs treat the at-issue drugs as commodity products in constructing their formularies.

278.   In such a market, where manufacturing costs have significantly decreased, PBMs should have great leverage in negotiating with the Manufacturer Defendants to drive prices down in exchange for formulary placement.

279.   But the PBMs do not want the prices for diabetes medications to go down because they make more money on higher prices, as do the Manufacturers.

280.   As a result, Defendants have found a way to game the system for their mutual benefit—the Insulin Pricing Scheme.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

281.    PBM Defendants' formularies are at the center of the Insulin Pricing Scheme. Given the asymmetry of information and disparity in market power between payors and PBM Defendants, and the costs associated with making formulary changes, most payors accept the standard formularies offered by the PBMs.

282.    Manufacturer Defendants recognize that because PBM Defendants have such a dominant market share, if they chose to exclude a particular diabetes medication from their standard formularies, or give it a non-preferred position, it could mean billions of dollars in profit loss for Manufacturer Defendants.

283.    For example, Olivier Brandicourt, Sanofi's CEO, in a recent interview stressed the importance of the PBMs' standard formularies: "if you look at the way [CVS Caremark] is organized in the US . . . 15 million [lives] are part of [CVS Caremark's standard] formulary and that's very strict, all right. So, [if we were not included in CVS Caremark's standard formulary] we wouldn't have access to those 15 million lives."

284.    Manufacturer Defendants also recognize that the PBM Defendants' profits are directly tied to the Manufacturers' list prices. For example, the January 2021 Senate Insulin Report, in summarizing the internal documents produced by the Manufacturers, noted the following:

> [B]oth Eli Lilly and Novo Nordisk executives, when considering lower list prices, were sensitive to the fact that PBMs largely make their money on rebates and fees that are based on a percentage of a drug's list price . . . In other words, the drug makers were aware that higher list prices meant higher revenue for PBMs.

285.    Because the Manufacturer Defendants know that—contrary to their public representations—PBM Defendants make more money from increasing prices, over the course of the last 15 years and working in coordination with the PBMs, the Manufacturers have artificially inflated their list prices for the at-issue drugs exponentially, while largely maintaining their net prices by paying larger and larger amounts of Manufacturer Payments back to the PBMs.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

286.    In exchange for the Manufacturers inflating these prices and paying the PBMs substantial amounts in Manufacturer Payments, PBM Defendants grant preferred status on their standard formularies to the Manufacturer Defendants' diabetes medications with the most elevated price and that are the most profitable to the PBMs.

287.    At all times relevant hereto, the PBM Defendants have known that the list prices for the at-issue drugs are grossly inflated. Indeed, the Manufacturers' list prices have become so untethered from the Manufacturers' net prices[13] as to constitute false and unlawful prices.

288.    Despite this knowledge, PBMs include this false and deceptive price— often the AWP price—in their contracts as a basis to set the rate that payors pay for the at-issue drugs and pharmacies are reimbursed for the at-issue drugs.

289.    Moreover, the PBMs also use this false price to misrepresent the amount of "savings" they generate for diabetics, payors, and the healthcare system. For example, in January 2016, Express Scripts' president Tim Wentworth stated at the 34th annual JP Morgan Healthcare Conference that Express Scripts "saved our clients more than $3 billion through the Express Scripts National Preferred Formulary." Likewise, in April 2019, CVS Caremark president Derica Rice stated, "Over the last three years . . . CVS Caremark has helped our clients save more than $141 billion by blunting drug price inflation, prioritizing the use of effective, lower-cost drugs and reducing the member's out-of-pocket spend."[14]

290.    The PBM Defendants also misrepresent the amount of "savings" they generate to their payor clients and prospective clients.

---

[13] "Net Price" refers to the Manufacturers' list price minus all Manufacturer Payments paid to the PBMs.

[14] CVS News Release *"CVS Health PBM Solutions Blunted the Impact of Drug Price Inflation, Helped Reduce Member Cost, and Improved Medication Adherence in 2018"* (April 11, 2019) ( available at https://www.biospace.com/article/releases/cvs-health-pbm-solutions-blunted-the-impact-of-drug-price-inflation-helped-reduce-member-cost-and-improved-medication-adherence-in-2018/) (last accessed June 30, 2022).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

291.   In making these representations, the PBMs fail to disclose that the amount of "savings" they have generated is calculated based on the false list price, which is not paid by any entity in the pharmaceutical pricing chain and which the PBMs are directly responsible for artificially inflating.

292.   Far from using their prodigious bargaining power to lower drug prices as they claim, Defendants use their dominant positions to work together to generate billions of dollars at the expense of healthcare payors like Jackson County and the Class.

**Defendants Admit That They Have Engaged in the Insulin Pricing Scheme.**

293.   On April 10, 2019, the United States House of Representatives Committee on Energy and Commerce held a hearing on Defendants' Insulin Pricing Scheme titled, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin."

294.   Representatives from all Defendants testified at the hearing and each acknowledged before Congress that the price for insulin has increased exponentially in the past 15 years.

295.   Representatives from each Defendant explicitly admitted that the price that diabetics have to pay out-of-pocket for insulin is too high. For example:

    a.   Dr. Sumit Dutta, Chief Medical Officer of OptumRx stated, "A lack of meaningful competition allows the [M]anufacturers to set high [list] prices and continually increase them which is odd for a drug that is nearly 100 years old and which has seen no significant innovation in decades. These price increases have a real impact on consumers in the form of higher out-of-pocket costs."

    b.   Thomas Moriarty, Chief Policy and External Affairs Officer and General Counsel for CVS Health testified, "A real barrier in our country to achieving good health is cost, including the price of insulin products which are too

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

expensive for too many Americans. Over the last several years, [list] prices for insulin have increased nearly 50 percent. And over the last ten years, [list] price of one product, Lantus, rose by 184 percent."

c.   Mike Mason, Senior Vice President of Eli Lilly when discussing how much diabetics pay out-of-pocket for insulin stated "it's difficult for me to hear anyone in the diabetes community worry about the cost of insulin. Too many people today don't have affordable access to chronic medications . . ."

d.   Kathleen Tregoning, Executive Vice President External Affairs at Sanofi, testified, "Patients are rightfully angry about rising out-of- pocket costs and we all have a responsibility to address a system that is clearly failing too many people. . . we recognize the need to address the very real challenges of affordability . . . Since 2012, average out-of- pocket costs for Lantus have risen approximately 60 percent for patients . . ."

e.   Doug Langa, Executive Vice President of Novo Nordisk, stated, "On the issue of affordability . . . I will tell you that at Novo Nordisk we are accountable for the [list] prices of our medicines. We also know that [list] price matters to many, particularly those in high-deductible health plans and those that are uninsured."[15]

296.   Notably, none of the testifying Defendants claimed that the significant increase in the price of insulin was related to competitive factors such as increased production costs or improved clinical benefit.

---

[15] Testimony for each witness available at https://www.congress.gov/event/116th-congress/house-event/109299

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

297.     Defendants admitted that they agreed to and did participate in the Insulin Pricing Scheme and that the rise in prices was a direct result of the scheme.

298.     For example, at the April 2019 congressional hearing, Novo Nordisk's President, Doug Langa, explained Novo Nordisk's and PBM Defendants' role in perpetuating the "perverse incentives" of the Insulin Pricing Scheme:

> [T]here is this perverse incentive and misaligned incentives (in the insulin pricing system) and this encouragement to keep [list] prices high. And we've been participating in that system because the higher the [list] price, the higher the rebate . . . There is a significant demand for rebates. We spend almost $18 billion in rebates in 2018 . . .
>
> **[I]f we eliminate all the rebates . . . we would be in jeopardy of losing [our formulary] positions.**

299.     Eli Lilly, too, has admitted that it raises list prices as a quid pro quo for formulary positions. At the April 2019 Congressional hearing, Mike Mason, Senior Vice President of Eli Lilly testified:

> **Seventy-five percent of our [list] price is paid for rebates and discounts to secure [formulary position]**.
>
> ***
>
> **We have to provide rebates [to PBMs] in order to provide and compete for [formulary position].**

300.     Sanofi has also conceded its participation in the Insulin Pricing Scheme. When testifying at the April 2019 Congressional hearing, Kathleen Tregoning, Executive Vice President for External Affairs of Sanofi, testified:

> The rebates are how the system has evolved. . . I think the system became complex and rebates generated through negotiations with PBMs are being used to finance other parts of the healthcare system and not to lower prices to the patient.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

301.    PBM Defendants also admitted at the April 2019 congressional hearing that they grant preferred, or even exclusive, formulary position because of higher Manufacturer Payments paid by Manufacturer Defendants. Amy Bricker, President of Express Scripts, when asked to explain why Express Scripts did not grant an insulin with a lower list price preferred formulary status, answered, **"Manufacturers do give higher [payments] for exclusive [formulary] position** . . ."

302.    While all Defendants acknowledged their participation in the Insulin Pricing Scheme before Congress, in an effort to avoid culpability for the precipitous price increase, each Defendant group pointed the finger at the other as the responsible party.

303.    PBM Defendants specifically testified to Congress that Manufacturer Defendants are solely responsible for their price increases and that the Manufacturer Payments that the PBMs receive are not correlated to rising insulin prices.

304.    But the Manufacturers' coordinated lockstep price increases are a direct reflection of the PBMs' coordinated requests for larger Manufacturer Payments. A February 2020 study by the Leonard D. Schaeffer Center for Health Policy & Economics at the University of South California titled "The Association Between Drug Rebates and List Prices," found that an increase in the amount that the Manufacturers pay back to the PBMs is directly correlated to an increase in prices—on average, a $1 increase in Manufacturer Payments is associated with a $1.17 increase in price—and that reducing or eliminating Manufacturer Payments could result in lower prices and reduced out-of-pocket expenditures.[16]

---

[16] Available at https://www.healthpolicy.usc.edu/wp-content/uploads/2020/02/SchaefferCenter_RebatesListPrices_WhitePaper.pdf

61

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

305.    In addition, a recent report by the National Community Pharmacists Association estimated that Manufacturer Payments add nearly 30 cents per dollar to the price consumers pay for prescriptions.

306.    Further, in large part because of the increased list prices, and related Manufacturer Payments, PBMs' profit per prescription has grown exponentially over the same time period that insulin prices have been artificially increased. By way of example, since 2003, Defendant Express Scripts has seen its profit per prescription increase more than 500% per adjusted prescription.

307.    The Manufacturers, on the other hand, argued before Congress that the PBMs were to blame for high insulin prices because of the PBMs' demands for higher Manufacturer Payments in exchange for formulary placement.

308.    But that also is not true. For example, a 2020 study from the Institute of New Economic Thinking titled, "Profits, Innovation and Financialization in the Insulin Industry," demonstrates that Manufacturer Defendants are still making substantial profits from the sale of insulin products regardless of any Manufacturer Payments they are sending back to the PBMs. During the same time period when insulin price increases were at their steepest, distributions to Manufacturers' shareholders in the form of cash dividends and share repurchases totaled $122 billion. In fact, during this time period the Manufacturers spent a significantly lower proportion of profits on research and development compared to shareholder payouts.[17]

309.    The January 2021 Senate Insulin Report concluded, inter alia:

a.    Manufacturer Defendants are retaining more revenue from insulin than in the 2000s—for example, Eli Lilly has reported a steady increase in Humalog

---

[17] Collington, Rosie, Profits, Innovation and Financialization in the Insulin Industry (March 30, 2020). Institute for New Economic Thinking Working Paper Series No. 120, available at SSRN: https://ssrn.com/abstract=3593906

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

revenue for more than a decade—from $1.5 billion in 2007 to $3 billion in 2018;

b.  Manufacturer Defendants have aggressively raised the list price of their insulin products absent significant advances in the efficacy of the drugs; and

c.  Manufacturer Defendants only spend a fraction of their revenue related to the at-issue drugs on research and development—Eli Lilly spent $395 million on R&D costs for Humalog, Humulin, and Basaglar between 2014-2018 during which time the company generated $22.4 billion in revenue on these drugs. From 2016 to 2020, Novo Nordisk spent approximately $29 billion on stock buybacks and shareholder dividend payouts while only spending approximately $12 billion on R&D costs.[18]

310.    The truth is—despite their finger pointing in front of Congress— Manufacturers and PBMs are both responsible for their concerted efforts in creating the Insulin Pricing Scheme. This reality was echoed in the statement from the 2021 Senate Insulin Report, summarizing Congress's findings from their two-year probe into the Insulin Pricing Scheme:

> [M]anufacturers and [PBMs] have created a vicious cycle of price increases that have sent costs for patients and taxpayers through the roof . . . This industry is anything but a free market when PBMs spur drug makers to hike list prices in order to secure prime formulary placement and greater rebates and fees.

**Defendants' Recent Efforts in Response to Rising Insulin Prices.**

311.    Defendants have recently begun introducing programs ostensibly aimed at lowering the cost of insulins. However, these "affordability" measures fail to address the structural issues

---

[18] Available at https://www.finance.senate.gov/imo/media/doc/Grassley-Wyden%20Insulin%20Report%20(FINAL%201).pdf

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

that have given rise to the price hikes. Rather, these steps are merely public relations stunts that do not solve the problem.

312.    For example, in March 2019, Defendant Eli Lilly announced that it would produce an authorized generic version of Humalog, "Insulin Lispro," and promised that it would "work quickly with supply chain partners to make [the authorized generic] available in pharmacies as quickly as possible."

313.    However, in the months after Eli Lilly's announcement, reports raised questions about the availability of "Insulin Lispro" in local pharmacies.

314.    Following this, a Congressional staff report was issued examining the availability of this drug. The investigative report, "Inaccessible Insulin: The Broken Promise of Eli Lilly's Authorized Generic," concluded that Eli Lilly's lower-priced, authorized generic insulin is widely unavailable in pharmacies across the country, and that the company has not taken meaningful steps to increase insulin accessibility and affordability.

315.    The conclusion of the report was that: "Eli Lilly has failed to deliver on its promise to put a more-affordable insulin product on the shelves. Instead of giving patients access to its generic alternative, this pharmaceutical behemoth is still charging astronomical prices for a drug people require daily and cannot live without."

316.    In 2019, Novo Nordisk partnered with Walmart to offer ReliOn brand insulins for a discounted price at Walmart. However, experts have warned that the Walmart/Novo Nordisk insulins are not substitutes for most diabetics' regular insulins and should only be used in an emergency or when traveling. In particular, for many diabetics, especially Type 1 diabetics, these insulins can be dangerous.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

317.    Thus, Defendants' "lower priced" insulin campaigns have not addressed the problem.

<div align="center">

**TOLLING**

</div>

318.    Through no fault of their own, neither Jackson County nor the Class received inquiry notice or learned of the factual basis for its claims in this Petition and the injuries suffered therefrom until recently. Consequently, the following tolling doctrines apply:

**Discovery Rule Tolling**

319.    As discussed above, PBM Defendants and Manufacturer Defendants refused to disclose the actual prices of diabetes medications realized by Defendants, the details of the Defendants' negotiations and payments between each other or their pricing structures and agreements—labeling them trade secrets and protecting them with confidentiality agreements.

320.    Each Defendant group also affirmatively blamed the other for the price increases described herein, both during their congressional testimonies and through the media. Defendants essentially continued to work and conspire together to conceal their fraudulent misrepresentations in their blame of the other.

321.    Jackson County and the Class could not have discovered and did not know of facts that would have caused a reasonable person to suspect that Defendants were engaged in the Insulin Pricing Scheme, nor would a reasonable and diligent investigation have disclosed the true facts.

322.    Even today, lack of transparency in the pricing of diabetes medications and the arrangements, relationships and agreements between and among Manufacturer Defendants and PBM Defendants that result from the Insulin Pricing Scheme continue to obscure Defendants' unlawful conduct.

323.    For these reasons, the discovery rule tolls all applicable statutes of limitations.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Fraudulent Concealment Tolling**

324.    Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein, as described in detail above, also tolls any applicable statutes of limitation.

**Estoppel**

325.    Defendants were under a continuous duty to disclose to Jackson County and the Class the true character, quality and nature of the prices upon which payments for diabetes medications were based, and the true nature of the services being provided.

326.    But Defendants intentionally misrepresented the prices. Due to Defendants' misrepresentations, they benefitted from inducing Jackson County, the Class, and other payors to rely upon their misrepresentations.

327.    Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

**Continuing Violations**

328.    Any applicable statutes of limitations are also tolled because Defendants' activities have not ceased and still continue to this day and thus any causes of action are not complete and do not accrue until the tortious and anticompetitive acts have ceased.

## CLASS ACTION ALLEGATIONS

329.    Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

330.    Plaintiff seeks to represent the following Class:

**Missouri counties and municipalities with a population greater than 20,000 according to the 2020 United States Census.[19]**

---

[19] A list of the Class members may be found in Exhibit A, attached hereto.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

331.    This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria set forth in Missouri Supreme Court Rule 52.08.

332.    **Numerosity**. The proposed Class satisfies the numerosity requirements under Rule 52.08 in that its members are too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail or other means.

333.    **Predominance**. Common questions of law and fact exist as to all members of the proposed Class and predominate over questions affecting only individual class members. These common questions include whether:

a.    Defendants engaged in the Insulin Pricing Scheme;

b.    Defendants concealed and/or hid their conduct in the Insulin Pricing Scheme;

c.    Defendants were unjustly enriched under Missouri law due to the Insulin Pricing Scheme;

d.    Defendants' conduct caused injury to Jackson County and the Class;

e.    Jackson County and the Class are entitled to damages; and

f.    Jackson County and the Class satisfy the requirements of Missouri Supreme Court Rule 52.08.

334.    **Typicality**. Plaintiff's claims are typical of the claims of the proposed Class because it paid for insulin for its employees through its health care plan; this similarity gives rise to substantially the same claims as the proposed Class.

335.    **Adequacy**. Plaintiff is an adequate representative of the proposed Class because its interests do not conflict with the interests of the members of the Class that it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously by monitoring and directing the actions of class

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

counsel. The interests of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

336.   **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class members availed themselves of individual litigation, the court system could not sustain such an imposition. In addition to the burden and expense of managing many actions arising from the Insulin Pricing Scheme, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

337.   In the alternative, the proposed Class may be certified because:

a.   the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.   the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

c.      Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

## CLAIMS FOR RELIEF

### Count I
### Unjust Enrichment
### (Plaintiff Individually and on behalf of the proposed Class against all Defendants)

338.    Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

339.    Jackson County and the Class have conferred benefits upon Defendants in the form of healthcare payments for their employees.

340.    Defendants have been and continue to be enriched by the benefits conferred by Jackson County and the Class.

341.    By virtue of the Insulin Pricing Scheme outlined herein, Defendants' enrichment is unjust and inequitable, and Defendants' enrichment is at the expense of healthcare payors such as Jackson County and the Class.

342.    Accordingly, it would be unjust to allow Defendants to retain the benefits conferred upon them at the expense of Jackson County and the Class.

343.    Jackson County and the Class seek actual damages; a declaration that Defendants have been unjustly enriched in violation of Missouri law; and injunctive relief prohibiting Defendants from continuing to engage in the wrongful conduct outlined herein.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Count II**
**Civil Conspiracy**
**(Plaintiff Individually and on behalf of the proposed Class against all Defendants)**

344.    Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

345.    As set forth herein, two or more Defendants engaged in the Insulin Pricing Scheme.

346.    The Insulin Pricing Scheme was an unlawful object to be accomplished for the purpose of unjustly enriching Defendants at the expense of Jackson County and the Class.

347.    Defendants achieved a meeting of the minds on the Insulin Pricing Scheme.

348.    Defendants individually and collectively engaged in one or more unlawful overt acts to perpetuate and enact the Insulin Pricing Scheme.

349.    Defendants' civil conspiracy damaged Jackson County and members of the Class in their capacity as payors for employee health plans.

350.    Jackson County and the Class seek actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, Jackson County requests that the Court enter a judgment awarding the following relief:

a.    An order certifying the proposed Class and appointing Jackson County and its counsel to represent the Class;

b.    An order awarding Jackson County and the Class members their actual damages, and/or any other form of monetary relief provided by and pursuant law;

c.    An order enjoining Defendants from further engage in the Insulin Pricing Scheme outlined herein; and

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

d.   An order awarding Jackson County Plaintiff and the Class pre-judgment and post-

judgment interest as allowed under the law.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.


DATE: January 11, 2023                   Respectfully submitted,

                                         **WILLIAMS DIRKS DAMERON LLC**

                                         _____
                                              */s/ Matthew L. Dameron*
                                         Matthew L. Dameron        MO Bar No. 52093
                                         Michael A. Williams       MO Bar No. 47538
                                         Eric L. Dirks             MO Bar No. 54921
                                         1100 Main Street, Suite 2600
                                         Kansas City, Missouri 64105
                                         Telephone:        (816) 945-7100
                                         Facsimile:        (816) 945-7118
                                         matt@williamsdirks.com
                                         mwilliams@williamsdirks.com
                                         dirks@williamsdirks.com

                                         **OFFICE OF THE JACKSON COUNTY COUNSELOR**
                                         Bryan O. Covinsky
                                         County Counselor
                                         415 East Twelfth Street, Suite 200
                                         Kansas City, Missouri 64106
                                         Telephone:        (816) 881-3442
                                         Facsimile:        (816) 881-3398
                                         bcovinsky@jacksongov.org

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**2316-CV01801**

**EXHIBIT A**
**Missouri Counties and Cities Within Proposed Class Definition**
**(Petition at ¶ 330)**

| NO. | JURISDICTION | POPULATION |
|---|---|---|
| 1 | St. Louis County | 1,004,125 |
| 2 | Jackson County | 717,204 |
| 3 | City of Kansas City | 508,090 |
| 4 | St. Charles County | 405,262 |
| 5 | City of St. Louis | 301,578 |
| 6 | Greene County | 298,915 |
| 7 | Clay County | 253,335 |
| 8 | Jefferson County | 226,739 |
| 9 | Boone County | 183,610 |
| 10 | City of Springfield | 169,176 |
| 11 | City of Columbia | 126,254 |
| 12 | City of Independence | 123,011 |
| 13 | Jasper County | 122,761 |
| 14 | Cass County | 107,824 |
| 15 | Platte County | 106,718 |
| 16 | Franklin County | 104,682 |
| 17 | City of Lee's Summit | 101,108 |
| 18 | City of O'Fallon | 91,316 |
| 19 | Christian County | 88,842 |
| 20 | Buchanan County | 84,793 |
| 21 | Cape Girardeau County | 81,710 |
| 22 | Cole County | 77,279 |
| 23 | City of St. Joseph | 72,473 |
| 24 | City of St. Charles | 70,493 |
| 25 | St. Francois County | 66,922 |
| 26 | Lincoln County | 59,574 |
| 27 | Newton County | 58,648 |
| 28 | City of Blue Springs | 58,603 |
| 29 | City of St. Peters | 57,732 |
| 30 | Taney County | 56,066 |
| 31 | Johnson County | 54,013 |
| 32 | Pulaski County | 53,955 |
| 33 | City of Florissant | 52,533 |
| 34 | City of Joplin | 51,762 |
| 35 | City of Chesterfield | 49,999 |
| 36 | Phelps County | 44,638 |
| 37 | City of Wentzville | 44,372 |
| 38 | Callaway County | 44,283 |
| 39 | City of Jefferson | 43,228 |
| 40 | Pettis County | 42,980 |

1

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| 41 | Camden County | 42,745 |
| 42 | Butler County | 42,130 |
| 43 | Howell County | 39,750 |
| 44 | City of Cape Girardeau | 39,540 |
| 45 | Webster County | 39,085 |
| 46 | Scott County | 38,059 |
| 47 | Lawrence County | 38,001 |
| 48 | City of Oakville | 36,301 |
| 49 | Laclede County | 36,039 |
| 50 | Warren County | 35,532 |
| 51 | City of Wildwood | 35,417 |
| 52 | University City | 35,065 |
| 53 | Barry County | 34,534 |
| 54 | Lafayette County | 32,984 |
| 55 | Polk County | 31,519 |
| 56 | City of Ballwin | 31,103 |
| 57 | Stone County | 31,076 |
| 58 | City of Liberty | 30,167 |
| 59 | City of Raytown | 30,012 |
| 60 | City of Kirkwood | 29,461 |
| 61 | City of Mehlville | 28,955 |
| 62 | Stoddard County | 28,672 |
| 63 | Marion County | 28,525 |
| 64 | City of Maryland Heights | 28,284 |
| 65 | Dunklin County | 28,283 |
| 66 | City of Gladstone | 27,063 |
| 67 | City of Grandview | 26,209 |
| 68 | City of Hazelwood | 25,548 |
| 69 | Adair County | 25,314 |
| 70 | Audrain County | 24,962 |
| 71 | Miller County | 24,722 |
| 72 | Randolph County | 24,716 |
| 73 | Texas County | 24,487 |
| 74 | City of Webster Groves | 24,010 |
| 75 | City of Belton | 23,953 |
| 76 | Washington County | 23,514 |
| 77 | Saline County | 23,333 |
| 78 | McDonald County | 23,303 |
| 79 | City of Nixa | 23,257 |
| 80 | Ray County | 23,158 |
| 81 | Crawford County | 23,056 |
| 82 | City of Raymore | 22,941 |
| 83 | Henry County | 21,946 |
| 84 | City of Sedalia | 21,725 |
| 85 | City of Ozark | 21,284 |

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| 86 | Nodaway County | 21,241 |
| 87 | Clinton County | 21,184 |
| 88 | Morgan County | 21,006 |
| 89 | City of Arnold | 20,858 |
| 90 | City of Affton | 20,417 |

JS 44 (Rev 09/10)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**

First Listed Plaintiff:
JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed Class ;
**County of Residence:** Outside This District

**Defendant(s):**

First Listed Defendant:
ELI LILLY AND COMPANY ;
**County of Residence:** Outside This District

Additional Defendants(s):
NOVO NORDISK, INC. ;
SANOFI- AVENTIS U.S. LLC ;
EVERNORTH HEALTH, INC. ;
EXPRESS SCRIPTS, INC. ;
EXPRESS SCRIPTS ADMINISTRATORS, LLC ;
ESI MAIL PHARMACY SERVICE, INC. ;
EXPRESS SCRIPTS PHARMACY, INC. ;
MEDCO HEALTH SOLUTIONS, INC. ;
CVS HEALTH CORPORATION ;
CVS PHARMACY, INC. ;
CAREMARK RX,LLC ;
CAREMARKPCS HEALTH, LLC ;
CAREMARK, LLC ;
UNITEDHEALTH GROUP, INC. ;
OPTUM, INC. ;
OPTUMRX, INC. ;
OPTUMRX HOLDINGS, LLC ;
OPTUMINSIGHT, INC. ;

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**

Matthew Lee Dameron ( JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed Class)
WILLIAMS DIRKS DAMERON LLC
1100 MAIN STREET, SUITE 2600
KANSAS CITY, Missouri 64105
**Phone:** (816) 945-7110
**Fax:**
**Email:** matt@williamsdirks.com

Michael A. Williams ( JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed Class)
WILLIAMS DIRKS DAMERON LLC

**Defendant's Attorney(s):**

Please see Exhibit A

1100 MAIN STREET
KANSAS CITY, Missouri 64105
**Phone:** (816) 945-7175
**Fax:**
**Email:** mwilliams@williamsdirks.com

Eric L. Dirks ( JACKSON COUNTY, MISSOURI, on behalf of itself and the proposed
Class)
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
**Phone:** (816) 945-7165
**Fax:**
**Email:** dirks@williamsdirks.com

**Basis of Jurisdiction:** 2. U.S. Government Defendant

**Citizenship of Principal Parties** (Diversity Cases Only)

   **Plaintiff:** N/A

   **Defendant:** N/A

**Origin:** 2. Removed From State Court

   **State Removal County:** Jackson County

   **State Removal Case Number:** 2316-CV01801

**Nature of Suit:** 370 Other Fraud

**Cause of Action:** Unjust Enrichment & Civil Conspiracy

**Requested in Complaint**

   **Class Action:** Class Action under State Statute or Rule

   **Monetary Demand (in Thousands):**

   **Jury Demand:** Yes

   **Related Cases:** Is NOT a refiling of a previously dismissed action

**Signature:**    /s/ Casey P. Murray

**Date:**   3/27/2023

   If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.

# EXHIBIT A

Casey P. Murray, #58741
Emily N. Reed, #73908
**SPENCER FANE LLP**
1000 Walnut, Suite 1400
Kansas City, MO 64106
Tel: (816) 474-8100
Fax: (816) 474-3216
cmurray@spencerfane.com
ereed@spencerfane.com

Enu Mainigi (pro hac vice forthcoming)
Craig Singer (pro hac vice forthcoming)
R. Kennon Poteat III (pro hac vice forthcoming)
A. Joshua Podoll (pro hac vice forthcoming)
Daneil Dockery (pro hac vice forthcoming)
**WILLIAMS AND CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com
*Attorneys for CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C., and Caremark, L.L.C.*

Megan McCurdy, Mo. 60071
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Telephone: 816-691-2649
megan.mccurdy@stinson.com

Brian D. Boone (pro hac vice forthcoming)
ALSTON & BIRD LLP
Bank of America Plaza
101 S. Tyron St., Ste. 4000
Charlotte, NC 29280
T: (704) 444-1000
brian.boone@alston.com

Elizabeth Broadway Brown (pro hac vice forthcoming)
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street, N.W., Ste. 4900
Atlanta, GA 30309-3424
T: (404) 881-7000
Fax: (404) 881-7777
liz.brown@alston.com

Michael R. Hoernlein (pro hac vice forthcoming)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel.: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com
*Attorneys for Defendant OptumRx, Inc*

Taylor Concannon Hausmann, MO #67056
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
T: 816.983.8319
F: 816.983.8080
taylor.hausmann@huschblackwell.com

Jason R. Scherr (pro hac vice forthcoming)
Patrick A. Harvey (pro hac vice forthcoming)
Lindsey T. Levy (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004T. 202.739-6000
F. 202.739.6001
patrick.harvey@morgnalewis.com
jr.scherr@morganlewis.com
lindsey.levy@morganlewis.com
*Attorneys for Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., and Medco Health Solutions, Inc.*

1

KC 20110324.1

Robert J. McCully
Harley Ratliff
**SHOOK, HARDY & BACON**
2555 Grand Boulevard
Kansas City, MO 64108
T: (816) 474-6550
rmccully@shb.com
hratliff@shb.com


Shirlethia V. Franklin (pro hac vice forthcoming)
Theresa C. Martin (pro hac vice forthcoming)
William D. Coglianese (pro hac vice forthcoming)
**JONES DAY**
51 Louisiana Ave. NW
Washington, DC 20001
T: (202) 879-3939
sfranklin@jonesday.com
tcoughlin@jonesday.com
wcoglianese@jonesday.com
*Attorneys for Defendant*
 *Sanofi-Aventis U.S. LLC*


Anthony F. Rupp, MO #39081
Maria E. Drouhard, MO #72487
**FOULSTON SIEFKIN, LLP**
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210
T (913) 498-2100 | F (913) 498-2101
trupp@foulston.com
mdrouhard@foulston.com

Neal A. Potischman (pro hac vice forthcoming)
Andrew Yaphe (pro hac vice forthcoming)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
(650) 752-2000
neal.potischman@davispolk.com
andrew.yaphe@davispolk.com
*Attorneys for Novo Nordisk Inc.*


Thomas P. Schult
**BERKOWITZ OLIVER LLP**
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
T: (816) 627-0239
tschult@berkowitzoliver.com


James F. Hurst, P.C. (pro hac vice forthcoming)
Andrew A. Kassof, P.C. (pro hac vice forthcoming)
Diana M. Watral, P.C. (pro hac vice forthcoming)
Ryan J. Moorman (pro hac vice forthcoming)
Jason A. Feld (pro hac vice forthcoming)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
T:  (312) 862-2000
james.hurst@kirkland.com
akassof@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
jason.feld@kirkland.com
*Attorneys for Eli Lilly and Company*

2

KC 20110324.1



Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print  GrantedPublicAccess  Logoff ER_73908CORWINE

**2316-CV01801 - JACKSON COUNTY, MISSO V ELI LILLY AND COMPANY ET A (E-CASE)**

| Case FV Header Attorneys | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ● Ascending

Display Options: All Entries ▾

| | |
|---|---|
| 01/11/2023 | ☐ **Judge Assigned** |
| | ☐ **Pet Filed in Circuit Ct** |
| | Petition; Exhibit A. |
| | **Filed By:** MATTHEW LEE DAMERON |
| | **On Behalf Of:** JACKSON COUNTY, MISSOURI |
| | ☐ **Note to Clerk eFiling** |
| | **Filed By:** MATTHEW LEE DAMERON |
| | ☐ **Filing Info Sheet eFiling** |
| | **Filed By:** MATTHEW LEE DAMERON |
| 01/25/2023 | ☐ **Case Mgmt Conf Scheduled** |
| | **Scheduled For:** 05/02/2023;  9:00 AM ;  S MARGENE BURNETT;  Jackson - Kansas City |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-5, for ELI LILLY AND COMPANY. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-6, for SANOFI-AVENTIS U.S. LLC. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-7, for NOVO NORDISK INC.. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-8, for CVS HEALTH CORPORATION. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-9, for CVS PHARMACY, INC.. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-10, for CAREMARK RX, LLC. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-11, for CAREMARK LLC. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-12, for CAREMARKPCS HEALTH, LLC. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-13, for EVERNORTH HEALTH, INC.. |
| | ☐ **Summons Issued- 1st Class Mail** |
| | Document ID: 23-SFCM-14, for EXPRESS SCRIPTS, INC.. |
| | ☐ **Summons Issued- 1st Class Mail** |

Document ID: 23-SFCM-15, for EXPRESS SCRIPTS ADMINISTRATORS, LLC.

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-16, for MEDCO HEALTH SOLUTIONS, INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-17, for ESI MAIL PHARMACY SERVICE, INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-18, for EXPRESS SCRIPTS PHARMACY, INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-19, for UNITEDHEALTH GROUP, INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-20, for OPTUM INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-21, for OPTUMINSIGHT, INC..

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-22, for OPTUMRX HOLDINGS, LLC.

☐ **Summons Issued- 1st Class Mail**
Document ID: 23-SFCM-23, for OPTUMRX, INC..

☐ **Notice**

**02/07/2023**   ☐ **Motion Special Process Server**
Motion for Appointment of Special Process Server; Electronic Filing Certificate of Service.
     **Filed By:** MATTHEW LEE DAMERON
     **On Behalf Of:** JACKSON COUNTY, MISSOURI

☐ **Alias Summons Requested**
Request for Alias Summons and Service Instructions; Electronic Filing Certificate of Service.
     **Filed By:** MATTHEW LEE DAMERON
     **On Behalf Of:** JACKSON COUNTY, MISSOURI

**02/17/2023**   ☐ **Order - Special Process Server**

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1815, for ELI LILLY AND COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1817, for SANOFI-AVENTIS U.S. LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1818, for NOVO NORDISK INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1819, for CVS HEALTH CORPORATION.

☐ **Summons Withdrawn**
Document ID - 23-SMCC-1819; Served To - CVS HEALTH CORPORATION; Server - ; Served Date - 17-FEB-23; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Recalled for Re-Issuance

☐ **Summons Issued-Circuit**
Document ID: 23-SMOS-233, for CVS HEALTH CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1821, for CVS PHARMACY, INC..

☐ **Summons Issued-Circuit**

Document ID: 23-SMOS-234, for CAREMARK RX, LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1823, for CAREMARK LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1824, for CAREMARKPCS HEALTH, LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1825, for EVERNORTH HEALTH, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1827, for EXPRESS SCRIPTS, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1829, for EXPRESS SCRIPTS ADMINISTRATORS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1830, for MEDCO HEALTH SOLUTIONS, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1832, for ESI MAIL PHARMACY SERVICE, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1834, for EXPRESS SCRIPTS PHARMACY, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMOS-235, for UNITEDHEALTH GROUP, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMOS-236, for OPTUM INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1836, for OPTUMINSIGHT, INC..

☐ **Summons Issued-Circuit**
Document ID: 23-SMOS-237, for OPTUMRX HOLDINGS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1838, for OPTUMRX, INC..

03/10/2023 ☐ **Notice of Service**
Affidavit of Service - Caremark RX LLC; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

☐ **Notice of Service**
Affidavit of Service - CVS Health Corporation; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

☐ **Notice of Service**
Affidavit of Service - Optum, Inc.; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

☐ **Notice of Service**
Affidavit of Service - OptumRX Holdings, LLC; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

☐ **Notice of Service**
Affidavit of Service - Sanofi-Aventus, U.S.; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

☐ **Notice of Service**
Affidavit of Service - UnitedHealth Group, Inc.; Electronic Filing Certificate of Service.
  **Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Caremark LLC; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - CaremarkPCS Health, LLC; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - CVS Pharmacy, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Eli Lilly and Company; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - ESI Mail Pharmacy Service, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Evernorth Health, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Express Scripts Administrators, LLC; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Express Scripts Pharmacy, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Express Scripts, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Medco Health Solutions, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - Novo Nordisk, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - OptumInsight, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**Notice of Service**

Affidavit of Service - OptumRX, Inc.; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW LEE DAMERON

**On Behalf Of:** JACKSON COUNTY, MISSOURI

**Corporation Served**

Document ID - 23-SMOS-234; Served To - CAREMARK RX, LLC; Server - ; Served Date - 23-FEB-23; Served Time - 13:53:00; Service Type - Special Process Server; Reason Description - Served; Service Text - NADIA BELLAMY, AUTH TO ACCEPT

**Corporation Served**

Document ID - 23-SMOS-233; Served To - CVS HEALTH CORPORATION; Server - ; Served Date - 23-FEB-23; Served Time - 13:53:00; Service Type - Special Process Server; Reason Description - Served; Service Text - NADIA BELLAMY, AUTH TO ACCEPT

**Corporation Served**

Document ID - 23-SMOS-236; Served To - OPTUM INC.; Server - ; Served Date - 23-FEB-23; Served Time - 13:53:00; Service Type - Special Process Server; Reason Description - Served; Service Text - NADIA BELLAMY, AUTH TO ACCEPT

**Corporation Served**

Document ID - 23-SMOS-237; Served To - OPTUMRX HOLDINGS, LLC; Server - ; Served Date - 23-FEB-23; Served Time - 13:53:00; Service Type - Special Process Server; Reason Description - Served; Service Text - NADIA BELLAMY, AUTH TO ACCEPT

**Corporation Served**

Document ID - 23-SMCC-1817; Served To - SANOFI-AVENTIS U.S. LLC; Server - ; Served Date - 23-FEB-23; Served Time - 02:20:00; Service Type - Special Process Server; Reason Description - Served; Service Text - LAUREN SHIPLEY, DESIGNEE OF REG AGENT

**Corporation Served**

Document ID - 23-SMOS-235; Served To - UNITEDHEALTH GROUP, INC.; Server - ; Served Date - 23-FEB-23; Served Time - 13:53:00; Service Type - Special Process Server; Reason Description - Served; Service Text - NADIA BELLAMY, AUTH TO ACCEPT

**Corporation Served**

Document ID - 23-SMCC-1823; Served To - CAREMARK LLC; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1824; Served To - CAREMARKPCS HEALTH, LLC; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1821; Served To - CVS PHARMACY, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1815; Served To - ELI LILLY AND COMPANY; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1832; Served To - ESI MAIL PHARMACY SERVICE, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1825; Served To - EVERNORTH HEALTH, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1829; Served To - EXPRESS SCRIPTS ADMINISTRATORS, LLC; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1834; Served To - EXPRESS SCRIPTS PHARMACY, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1827; Served To - EXPRESS SCRIPTS, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

**Corporation Served**

Document ID - 23-SMCC-1830; Served To - MEDCO HEALTH SOLUTIONS, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE, INTAKE SPECIALIST

☐ **Corporation Served**

Document ID - 23-SMCC-1818; Served To - NOVO NORDISK INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

☐ **Corporation Served**

Document ID - 23-SMCC-1836; Served To - OPTUMINSIGHT, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

☐ **Corporation Served**

Document ID - 23-SMCC-1838; Served To - OPTUMRX, INC.; Server - ; Served Date - 24-FEB-23; Served Time - 11:52:00; Service Type - Special Process Server; Reason Description - Served; Service Text - BONNIE LOVE INTAKE SPECIALIST

https://www.courts.mo.gov/casenet/cases/searchDockets.do                                6/6

**2316-CV01801**

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

## IN THE SIXTEENTH JUDICIAL CIRCUIT COURT OF
## JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| JACKSON COUNTY, MISSOURI, | ) | |
| on behalf of itself and the proposed Class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| ELI LILLY AND COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NOVO NORDISK, INC., | ) | |
| | ) | |
| SANOFI-AVENTIS U.S. LLC, | ) | |
| | ) | |
| EVERNORTH HEALTH, INC., | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| EXPRESS SCRIPTS ADMINISTRATORS, | ) | |
| LLC | ) | |
| ESI MAIL PHARMACY SERVICE, INC., | ) | |
| EXPRESS SCRIPTS PHARMACY, INC., | ) | |
| MEDCO HEALTH SOLUTIONS, INC., | ) | |
| | ) | |
| CVS HEALTH CORPORATION, | ) | |
| CVS PHARMACY, INC., | ) | |
| CAREMARK RX LLC, | ) | |
| CAREMARK PCS HEALTH, LLC, | ) | |
| CAREMARK LLC, | ) | |
| | ) | |
| UNITEDHEALTH GROUP, INC., | ) | |
| OPTUM, INC., | ) | |
| OPTUMRX, INC., | ) | |
| OPTUMRX HOLDINGS LLC, and | ) | |
| OPTUMINSIGHT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

Plaintiff, Jackson County, Missouri, on behalf of itself and the proposed Class, (the

"County" or collectively "Plaintiffs"), brings this action against Defendants for benefits unjustly

1

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

conferred upon them by Jackson County and the Class. In support of its Petition, Jackson County alleges as follows:

## INTRODUCTION

1.      Diabetes is an epidemic and a public health crisis in Missouri, as well as Jackson County. Missouri has a high prevalence of diabetes with approximately 15% of its adult population living with diabetes. *See* Table 1, Missouri Diabetes Report (2021), available at https://health.mo.gov/living/healthcondiseases/chronic/chronicdisease/MissouriDiabetesReport.pdf (last accessed June 22, 2022). Among Missouri's counties, Jackson County is in the highest quartile of Missouri counties with adults with diagnosed diabetes. *Id.* at Table 2.

2.      Despite the availability of effective treatment, in 2019, the death count for diabetes was 1,652, making it the seventh leading cause of death in Missouri. *Id.*

3.      In 2017, the American Diabetes Association (ADA) estimated that the direct medical cost and indirect cost of diabetes was $6.7 billion in Missouri. *Id.*

4.      Defendants Eli Lilly, Novo Nordisk, and Sanofi (collectively, "Manufacturer Defendants" or "Manufacturers") manufacture the vast majority of insulins and other diabetic medications available in Missouri.

5.      Defendants CVS Caremark, Express Scripts, and OptumRx collectively dominate the pricing system for the at-issue drugs (collectively, "PBM Defendants" or "PBMs").[1] The PBM Defendants' dominance results from the reality that these three corporate actors are, at once: (1) the largest pharmacy benefit managers in the United States and in Missouri (controlling approximately 80% of the PBM market); (2) the largest pharmacies in the United States and in

---

[1] In the context of this Petition, the "at-issue drugs" are Humulin N, Humulin R, Humalog, Trulicity, Basaglar, Lantus, Toujeo, Apidra, Soliqua, Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

Missouri (making up 3 of the top 5 dispensing pharmacies in the U.S.); and (3) housed within the same corporate families as three of the largest insurance companies in the United States and in Missouri—Aetna (CVS Caremark), Cigna (Express Scripts), and UnitedHealthcare (OptumRx).

6.    As part of their work, PBM Defendants establish standard formulary offerings (i.e., approved drug lists). If a drug is not included on a formulary, then it is not covered by health insurance.

7.    PBM Defendants understand that their standard formulary offerings drive drug utilization.

8.    Because the three PBM Defendants control 80% of the pharmacy benefit market, unless they include a drug on one of their standard formulary offerings, it is not available to the vast majority of Missouri citizens.

9.    The Manufacturers likewise understand that PBMs' standard formularies drive drug utilization—if Manufacturers want their drugs to be prescribed and paid for, they must obtain preferrable formulary position on the PBM Defendants' formularies.

10.    Given the PBMs' market power and the crucial role their standard formularies play in the pharmaceutical pricing chain, both Defendant groups understand that the PBM Defendants wield enormous control over drug prices and drug purchasing behavior.

11.    The unconscionable and deceptive scheme at the root of this Petition—the Insulin Pricing Scheme[2]—was born from this mutual understanding.

12.    Over the course of the last fifteen years, and pursuant to the Insulin Pricing Scheme, Manufacturer Defendants have in lockstep raised the prices of their respective diabetes drugs in

---

[2] The Insulin Pricing Scheme is further defined in paragraphs 21-24, *infra*.

3

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

an astounding manner, even though the cost to produce these drugs has decreased during that same time period.

13.     Insulins, which today cost Manufacturer Defendants less than $2 per drug to produce, and which were originally released at a list price of $20 per drug in the late 1990s, now carry list prices that range between $300 and $700 per drug.

14.     In the last decade alone, Manufacturer Defendants have increased the prices of their insulins over 1,000%.

15.     For example, Figure 1 illustrates the rate at which Defendant Eli Lilly raised the price of its analog insulin Humalog, compared to the rate of inflation for other consumer goods and services from 1997-2018.

**Figure 1: January 1997 to December 2017 Price Changes to Humalog[3]**

---

[3] *See* The Price of Insulin vs. The Price of Other Goods (July 18, 2019), available at
https://insulin.substack.com/p/the-price-of-insulin-vs-the-price (last accessed June 22, 2022).

4

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM



**Price changes** (Jan. 1997–Dec. 2017)
Selected US Consumer Goods and Services, and Wages

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

16.     Figure 1 reflects a 1171% price increase in Humalog insulin over the course of 20 years, yet nothing about these medications has changed; today's $350 insulin is the exact drug Defendants originally sold for $20.

17.     The high cost of insulin is a uniquely American problem. In the United States, the average price per unit across all types of insulin in 2018 was $98.70. In a comparison study of other countries, the RAND Institute found that "the closest any country came to paying the $98.70 American average was the $21.48 average that Chile pays." *See* Doug Irving, *The Astronomical Price of Insulin Hurts American Families*, RAND Review (Jan. 6, 2021) (available at https://www.rand.org/blog/rand-review/2021/01/the-astronomical-price-of-insulin-hurts-american-families.html) (last accessed June 22, 2022). The problem is more exacerbated for rapid-acting insulin (approximately one-third of the American market); its average in other countries was just over $8, but the average in America was $119. *Id.*

18.     According to RAND, the following table expresses the average insulin cost in the United States compared to other key countries:

| Average price per unit across all types of insulin in 2018 | |
| --- | --- |
| Canada | $12 |
| Germany | $11 |
| France | $9.08 |
| United Kingdom | $7.52 |
| Australia | $6.94 |
| *United States* | *$98.70* |

19.     Put another way, "[t]he average price in America, across all types of insulin, was **more than ten times higher** than the average for all of the other countries combined." *Id.*

20.     Both Manufacturer and PBM Defendants play vital roles and profit immensely from the Insulin Pricing Scheme and the artificially inflated prices produced by it.

6

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

21.     Specifically, the Insulin Pricing Scheme works as follows: first, to gain formulary access from the PBM Defendants for their diabetic treatments, Manufacturer Defendants artificially and willingly raise their list prices, and then pay an undisclosed portion of that price back to the PBMs. These Manufacturer Payments[4] are provided under a variety of labels, yet, however they are described, these Manufacturer Payments, along with the inflated list prices, are quid pro quo for formulary inclusion on the PBMs' standard offerings.

22.     The list prices for the at-issue drugs have become so untethered from the net prices realized by the Manufacturers as to constitute a false price.

23.     In exchange for these payments from Manufacturer Defendants, PBMs then grant preferred status on their standard formularies based upon the largest Manufacturer Payment and the highest inflated list price—which the PBMs know to be artificially inflated and which the PBMs insist that their payor clients use as the basis for the price they pay for the at-issue drugs.

24.     The Insulin Pricing Scheme creates a "best of both worlds" scenario for Defendants. Manufacturer Defendants can make these undisclosed Manufacturer Payments to buy preferred formulary position—which significantly increases their revenue—without sacrificing their profits.

25.     PBM Defendants profit off the inflated list prices that result from the scheme in numerous ways, including: (1) retaining a significant—yet undisclosed— percentage of the Manufacturer Payments, either directly or through wholly-owned rebate aggregators; (2) using the inflated list price produced by the Insulin Pricing Scheme to generate profits from pharmacies in

---

[4] In the context of this Petition, the term "Manufacturer Payments" is defined as all payments or financial benefits of any kind conferred by the Manufacturer Defendants to PBM Defendants (or a subsidiary, affiliated entity, or group purchasing organization or rebate aggregator acting on the PBM's behalf), either directly via contract or indirectly via Manufacturer-controlled intermediaries. Manufacturer Payments includes rebates, administrative fees, inflation fees, pharmacy supplemental discounts, volume discounts, price, or margin guarantees and any other form of consideration exchanged. This broad definition is necessary because PBMs historically have continued to change and evolve the nature of their payment streams to avoid disclosure.

7

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

their networks; and (3) relying on those same inflated list prices to drive up the PBMs' profits through their own pharmacies.

26.     Thus, while the PBM Defendants represent both publicly and to their clients that they use their market power to drive down prices for diabetes medications, these representations are false.

27.     Rather, the PBMs drive up the price of the at-issue drugs. Indeed, the Manufacturer Payments that the PBMs receive in exchange for preferred formulary position, along with the PBMs' actual formulary construction, are responsible for the skyrocketing price of the at-issue diabetes medications.

28.     Because the price paid by nearly every diabetic and payor is based upon the artificially inflated list prices generated by Defendants' scheme, the Insulin Pricing Scheme directly harms every diabetic and payor in Missouri who purchases these life-sustaining drugs, including employers who underwrite and subsidize health insurance plans.

29.     Jackson County and members of the Class, as payors for the at-issue drugs through their employee health plans, have been overcharged.

30.     Jackson County, on behalf of itself and the proposed Class alleged herein, brings this action: (a) on behalf of the County and members of the Class as payors for and purchasers of the at-issue diabetes medications through its health plans; (b) on behalf of the County and the members of the Class for additional costs they have and will incur as a result of the Insulin Pricing Scheme; and (c) for injunctive relief that will halt the Insulin Pricing Scheme.

31.     The relevant period for damages alleged in this Petition is from 2003 continuing through the present.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

## PARTIES

*Plaintiff*

32.     Jackson County, Missouri is a home rule charter county. It is a political subdivision of the State of Missouri that may sue and plead in its own name. Jackson County is the named Plaintiff and proposed Class Representative in this action.

33.     Members of the proposed Class include Missouri counties and municipalities with a population greater than 20,000 according to the 2020 United States Census. Members of the proposed Class are listed in Exhibit A, attached hereto.

*Manufacturer Defendants*

34.     **Defendant Eli Lilly and Company ("Eli Lilly")** is an Indiana corporation with its principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

35.     Eli Lilly is registered to do business in Missouri (Charter No. F00014930) and may be served through its registered agent: National Registered Agents, Inc.; 120 South Central Avenue; Clayton, Missouri 63105.

36.     Eli Lilly holds four active Distributor Licenses in Missouri (License Nos. 2006002677, 2006002678, 2006002679, and 2016021953).

37.     These licenses allow Eli Lilly to manufacture, distribute, and sell its at- issue drugs in Missouri.

38.     In Missouri, Eli Lilly promotes and distributes several at-issue diabetes medications: Humulin N, Humulin R, Humalog, Trulicity, and Basaglar.

39.     Eli Lilly's global revenues in 2019 were $4.13 billion from Trulicity, $2.82 billion from Humalog, $1.29 billion from Humulin, and $1.11 billion from Basaglar.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

40.     Eli Lilly's global revenues in 2018 were $3.2 billion from Trulicity, $2.99 billion from Humalog, $1.33 billion from Humulin, and $801 million from Basaglar.

41.     Eli Lilly transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

42.     Eli Lilly employs sales representatives throughout Missouri to promote and sell Humulin N, Humulin R, Humalog, Trulicity, and Basaglar.

43.     Eli Lilly also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri and profiting from the Insulin Pricing Scheme.

44.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Eli Lilly caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

45.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Eli Lilly's at-issue diabetes medications at a price based on inflated list prices generated by the Insulin Pricing Scheme.

46.     **Defendant Sanofi-Aventis U.S. LLC ("Sanofi")** is a Delaware limited liability company with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

47.     Sanofi is registered to do business in Missouri (Charter No. FL0737422) and may be served through its registered agent: CSC-Lawyers Incorporating Service Company; 221 Bolivar Street; Jefferson City, Missouri 65101.

48.     Sanofi holds three active Wholesale Distributor Licenses in Missouri (License Nos. 2004025897, 2015010661, and 2008011679).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

49.     These licenses allow Sanofi to manufacture, distribute, and sell its at-issue drugs in Missouri.

50.     Sanofi promotes and distributes pharmaceutical drugs in Missouri, including several at-issue diabetes medications: Lantus, Toujeo, Soliqua, and Apidra.

51.     Sanofi's global revenues in 2019 were $3.50 billion from Lantus, $1.03 billion from Toujeo, $400 million from Apidra, and $144 million from Soliqua.

52.     Sanofi's global revenues in 2018 were $3.9 billion from Lantus, $923 million from Toujeo, $389 million from Apidra, and $86 million from Soliqua.

53.     Sanofi transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

54.     Sanofi employs sales representatives throughout Missouri to promote and sell Lantus, Toujeo, Soliqua, and Apidra.

55.     Sanofi also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri and profiting from the Insulin Pricing Scheme.

56.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Sanofi caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

57.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Sanofi's at-issue diabetes medications at prices based on artificially inflated list prices generated by the Insulin Pricing Scheme.

58.     **Defendant Novo Nordisk Inc. ("Novo Nordisk")** is a Delaware corporation with its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

11

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

59.     Novo Nordisk is registered to do business in Missouri (Charter No. F00948384) for the purpose of pharmaceutical sales; it may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

60.     Novo Nordisk promotes and distributes pharmaceutical drugs in Missouri, including the at-issue diabetic medications: Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

61.     Novo Nordisk's global revenues in 2019 were $2.89 billion from Novolog, $973 million from Levemir, $968 million from Tresiba, $2.29 billion from Victoza, $248.3 million from Novolin, and $1.17 billion from Ozempic.

62.     Novo Nordisk's global revenues in 2018 were $4.19 billion from Novolog, $1.66 billion from Levemir, $1.19 billion from Tresiba, $3.61 billion from Victoza, $284.5 million from Novolin, and $185 million from Ozempic.

63.     Novo Nordisk transacts business in Missouri and targets Missouri for its products, including the at-issue diabetes medications.

64.     Novo Nordisk employs sales representatives throughout Missouri to promote and sell Novolin R, Novolin N, Novolog, Levemir, Tresiba, Victoza, and Ozempic.

65.     Novo Nordisk also directs advertising and informational materials to Missouri physicians, payors, and diabetics for the specific purpose of selling more of the at-issue drugs in Missouri.

66.     At all times relevant hereto, in furtherance of the Insulin Pricing Scheme, Novo Nordisk caused its artificially inflated list prices for the at-issue diabetes medications to be published throughout Missouri.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

67.     During the relevant time period, Jackson County and members of the Class, through their employee health plans, purchased Novo Nordisk's at-issue diabetes medications at prices based on artificially inflated list prices generated by the Insulin Pricing Scheme.

68.     Collectively, Defendants Eli Lilly, Novo Nordisk, and Sanofi are referred to as "Manufacturer Defendants" or "Manufacturers."

### PBM Defendants

69.     **Defendant CVS Health Corporation ("CVS Health")** is a Delaware corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895. CVS Health transacts business and has locations throughout the United States and Missouri.

70.     CVS Health may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

71.     CVS Health, through its executives and employees, is directly involved in the PBM services and formulary construction related to the Insulin Pricing Scheme.

72.     During the relevant time, CVS Health (or its predecessor)[5] has repeatedly, continuously, and explicitly stated that CVS Health:

    a.     "design[s] pharmacy benefit plans that minimize the costs to the client while prioritizing the welfare and safety of the clients' members and helping improve health outcomes;"[6]

---

[5] Until 2014, CVS Health was known as "CVS Caremark." In September 2014, CVS Caremark Corporation announced that "it is changing its corporate name to CVS Health to reflect its broader health care commitment and its expertise in driving the innovations needed to shape the future of health."

[6] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

13

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

b.   "negotiate[s] with pharmaceutical companies to obtain discounted acquisition costs for many of the products on [CVS Health's] drug lists, and these negotiated discounts enable [CVS Health] to offer reduced costs to clients;"[7]

c.   "utilize[s] an independent panel of doctors, pharmacists, and other medical experts, referred to as its Pharmacy and Therapeutics Committee, to select drugs that meet the highest standards of safety and efficacy for inclusion on [CVS Health's] drug lists."[8]

73.     CVS Health publicly represents that CVS Health constructs programs that lower the costs of the at-issue diabetes medications. For example, in 2016, CVS Health announced a new program to "reduce overall spending in diabetes" that is available in all states, stating:

> "CVS Health introduced a new program available to help the company's pharmacy benefit management (PBM) clients to improve the health outcomes of their members, lower pharmacy costs [for diabetes medications] through aggressive trend management and decreased medical costs . . . [and that] participating clients could save between $3000 to $5000 per year for each member who successfully improves control of their diabetes" (emphasis supplied).

74.     In 2017, CVS Health stated that "CVS Health pharmacy benefit management (PBM) strategies reduced trend for commercial clients to 1.9 percent per member per year the lowest in five years. Despite manufacturer price increases of nearly 10 percent, CVS Health kept drug price growth at a minimal 0.2 percent."

75.     In November 2018, CVS Health acquired Aetna for $69 billion and became the first combination of a major health insurer, PBM, mail order, and retail pharmacy chain. As a result, CVS Health controls the health plan/insurer, the PBM, and the pharmacies utilized by

---

[7] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2013).

[8] CVS Caremark/CVS Health, Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

approximately 40 million Aetna members in the United States. CVS Health controls the entire drug pricing chain for these 40 million Americans.

76.   **Defendant CVS Pharmacy, Inc. ("CVS Pharmacy")** is a Rhode Island corporation whose principal place of business is at the same location as CVS Health. CVS Pharmacy is a wholly-owned subsidiary of CVS Health.

77.   CVS Pharmacy is registered to do business in Missouri (Charter No. F00580215) and may be served at its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

78.   CVS Pharmacy maintains three Wholesale Distributor Licenses in Missouri (License Nos. 2018016879, 2018015114, and 2010010031).

79.   These licenses allow CVS Pharmacy to distribute and sell its at-issue drugs in Missouri.

80.   CVS Pharmacy owns and operates dozens of pharmacies throughout Missouri that were directly involved in and profited from the Insulin Pricing Scheme.

81.   CVS Pharmacy is the immediate and direct parent of Defendant Caremark Rx, LLC.

82.   During the relevant time period, CVS Pharmacy provided retail pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

83.   **Defendant Caremark Rx, LLC** is a Delaware limited liability company and its principal place of business is at the same location as CVS Pharmacy and CVS Health.

84.   Caremark Rx, LLC is a wholly-owned subsidiary of Defendant CVS Pharmacy.

85.   Caremark Rx, LLC may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

86.     During the relevant time period, Caremark Rx, LLC provided PBM and mail order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

87.     **Defendant Caremark LLC** is a California limited liability company whose principal place of business is at the same location as CVS Health. Caremark, LLC is a wholly-owned subsidiary of Caremark Rx, LLC.

88.     Caremark LLC is registered to do business in Missouri (Charter No. FL0829857) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

89.     Caremark, LLC holds one active Wholesale Distributor License (License No. 900964) and four Pharmacy Licenses (License Nos. 005981, 2017041619, 2019022262, and 2020004215) in Missouri.

90.     During the relevant time period, Caremark, LLC provided PBM and mail order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

91.     **Defendant CaremarkPCS Health, LLC** is a Delaware limited liability company whose principal place of business is at the same location as CVS Health. CVS Health is the direct or indirect parent company of CaremarkPCS Health LLC.

92.     CaremarkPCS Health, LLC provides pharmacy benefit management services.

93.     CaremarkPCS Health, LLC is registered to do business in Missouri (Charter No. FL0950751) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

94.     During the relevant time period, CaremarkPCS Health, LLC provided PBM services in Missouri, which gave rise to the Insulin Pricing Scheme.

16

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

95.     As a result of numerous interlocking directorships and shared executives, Caremark Rx, LLC, CVS Pharmacy, and CVS Health are directly involved in the conduct of and control of CaremarkPCS Health, LLC and Caremark, LLC's operations, management, and business decisions related to the at-issue formulary construction, Manufacturer Payments, and mail order and retail pharmacy services.

96.     Collectively, Defendants CVS Health, CVS Pharmacy, Caremark Rx, LLC, Caremark, LLC, and CaremarkPCS Health, LLC, including all predecessor and successor entities, are referred to as "CVS Caremark."

97.     CVS Caremark is named as a Defendant in its capacities as a PBM, and retail and mail order pharmacy.

98.     In its capacity as a PBM, CVS Caremark coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially-inflated list prices for the at-issue diabetes medications, as well as for the placement of these firms' diabetes medications on CVS Caremark's formularies.

99.     CVS Caremark has the largest PBM market share based on total prescription claims managed, representing approximately 40% of the national market. CVS Caremark's pharmacy services segment generated $141.5 billion in total revenues last year.

100.     At all times relevant hereto, CVS Caremark offered pharmacy benefit services to Missouri payors, and derived substantial revenue therefrom.

101.     At all times relevant hereto, CVS Caremark maintained standard formularies that are used nationwide, including by CVS Caremark's payor clients in Missouri. During the relevant time period, these standard formularies included the at-issue diabetes medications.

102.     At all times relevant hereto, and contrary to all its express representations, CVS Caremark has knowingly insisted that its payor clients, including in Missouri, use the artificially

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

inflated list prices produced by the Insulin Pricing Scheme as the basis for payment for the price paid for the at-issue drugs.

103.   At all times relevant hereto, CVS Caremark has concealed its critical role in the generation of those artificially inflated list prices.

104.   At all times relevant hereto, CVS Caremark had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid to CVS Caremark and placement on CVS Caremark's standard formularies, as well as agreements related to the Manufacturers' at-issue drugs sold through CVS Caremark's mail order and retail pharmacies, including those located in Missouri.

105.   **Defendant Evernorth Health, Inc.** ("Evernorth"), formerly known as Express Scripts Holding Company, is a Delaware corporation with its principal place of business at 1 Express Way, St. Louis, Missouri 63121.[9] Evernorth is registered to do business in Missouri under Charter No. F01396834.

106.   Evernorth may be served through its registered agent: CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

107.   Evernorth, through its executives and employees, is directly involved in shaping the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs, related to the Insulin Pricing Scheme.

108.   Evernorth executives and employees communicate with and direct its subsidiaries related to the at-issue PBM services and formulary activities.

---

[9] Until 2021, Evernorth Health, Inc. conducted business under the name Express Scripts Holding Company. For the purposes of this Petition "Evernorth" refers to Evernorth Health, Inc. and Express Scripts Holding Company.

18

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

109.    Evernorth is the immediate or indirect parent of pharmacy and PBM subsidiaries that operate throughout Missouri, which engaged in the activities that gave rise to this Petition.

110.    In December 2018, Evernorth merged with Cigna in a $67 billion deal to consolidate their businesses as a major health insurer, PBM, and mail-order pharmacy. As a result, the Evernorth corporate family controls the health plan/insurer, the PBM, and the mail-order pharmacies utilized by approximately 15 million Cigna members in the United States and in Missouri. Evernorth controls the entire drug pricing chain for these 15 million Americans.

111.    In each annual report for at least the last decade, Evernorth has stated:[10]

a.    "[Evernorth] is one of the largest PBMs in North America . . . [and Evernorth] help[s] health benefit providers address access and affordability concerns resulting from rising drug costs while helping to improve healthcare outcomes."

b.    "[Evernorth] manage[s] the cost of the drug benefit by . . . assists in controlling costs; evaluat[es] drugs for efficacy, value, and price to assist[ing] clients in selecting a cost-effective formulary; [and] offer[s] cost-effective home delivery pharmacy and specialty services that result in cost savings for plan sponsors [and better care for members] leveraging purchasing volume to deliver discounts to health benefit providers."

c.    "[Evernorth] works with clients, manufacturers, pharmacists, and physicians to increase efficiency in the drug distribution chain, to manage costs in the pharmacy benefit chain and to improve members' health outcomes."

---

[10] Express Scripts Annual Reports (Form 10-K) (Dec. 31, 2009-2019).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

112.     **Defendant Express Scripts, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. Express Scripts, Inc.'s principal place of business is at the same location as Evernorth.

113.     Express Scripts, Inc. is registered to do business in Missouri (Charter No. F00367343) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

114.     Express Scripts, Inc. is the immediate or indirect parent of pharmacy and PBM subsidiaries that operate throughout Missouri.

115.     During the relevant time period, Express Scripts Inc. was directly involved in the PBM and mail-order pharmacy services, which gave rise to the Insulin Pricing Scheme.

116.     **Defendant Express Scripts Administrators, LLC**, is a Delaware limited liability company and is a wholly-owned subsidiary of Evernorth.

117.     Express Scripts Administrators, LLC is registered to do business in Missouri (Charter No. FL0077592) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

118.     During the relevant time period, Express Scripts Administrators, LLC provided the PBM services in Missouri discussed in this Petition that gave rise to the Insulin Pricing Scheme.

119.     **Defendant Medco Health Solutions, Inc.** ("Medco") is a Delaware corporation with its principal place of business located at 1 Express Way, St. Louis, Missouri 63121.

120.     Medco is registered to do business in Missouri (Charter No. F00510384) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

121.    Prior to 2012, Medco provided the at-issue PBM and mail order services in Missouri, which gave rise to the Insulin Pricing Scheme.

122.    In 2012, Express Scripts acquired Medco for $29 billion.

123.    Prior to the merger, Express Scripts and Medco were two of the largest PBMs in the United States.

124.    Following the merger, all of Medco's PBM and mail-order pharmacy functions were combined into Express Scripts. The combined company (Medco and Express Scripts) continued under the name Express Scripts with all of Medco's payor customers becoming Express Scripts' customers. The combined company covered more than 155 million lives at the time of the merger.

125.    At the time of the merger, on December 6, 2011, in his testimony before the Senate Judiciary Committee, then-CEO of Medco, David B. Snow, publicly represented that "the merger of Medco and Express Scripts will result in immediate savings to our clients and, ultimately, to consumers. This is because our combined entity will achieve even greater [Manufacturer Payments] from drug manufacturers and other suppliers."

126.    The then-CEO of Express Scripts, George Paz, during a congressional subcommittee hearing in September 2011, echoed these sentiments: "A combined Express Scripts and Medco will be well-positioned to protect American families from the rising cost of prescription medicines."

127.    **Defendant ESI Mail Pharmacy Service, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. ESI Mail Pharmacy Service, Inc.'s principal place of business is at the same location as Evernorth.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

128.    ESI Mail Pharmacy Service, Inc. is registered to do business in Missouri (Charter No. F00477696) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

129.    ESI Mail Pharmacy Service, Inc. holds six Retail Pharmacy Licenses in Missouri (License Nos. 2010008501, 2000148285, 2000162445, 2000168506, 2000172436, and 2003010206).

130.    During the relevant time period, ESI Mail Pharmacy Service provided the mail order pharmacy services in Missouri discussed in this Petition, which gave rise to the Insulin Pricing Scheme.

131.    **Defendant Express Scripts Pharmacy, Inc.** is a Delaware corporation and is a wholly-owned subsidiary of Defendant Evernorth. Express Scripts Pharmacy, Inc.'s principal place of business is at the same location as Evernorth.

132.    Express Scripts Pharmacy, Inc. is registered to conduct business in Missouri (Charter No. F01396832) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue; Clayton, Missouri 63105.

133.    Express Scripts Pharmacy, Inc. holds six active Retail Pharmacy Licenses in Missouri (License Nos. 2014003743, 2014004518, 2014037469, 2014001047, 2014027634, and 2014004516).

134.    During the relevant time period, Express Scripts Pharmacy, Inc. provided the mail order pharmacy services in Missouri discussed in this Petition.

135.    As a result of numerous interlocking directorships and shared executives, Evernorth and Express Scripts, Inc. are directly involved in the conduct and control of Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., and Express

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

Scripts Pharmacy, Inc.'s operations, management, and business decisions related to the at-issue formulary construction, Manufacturer Payments, and mail-order pharmacy services.

136.    Collectively, Defendants Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Medco Health Solutions, Inc., and Express Scripts Pharmacy, Inc., including all predecessor and successor entities, are referred to as "Express Scripts."

137.    Express Scripts is named as a Defendant in its capacities as a PBM and mail-order pharmacy.

138.    In its capacity as a PBM, Express Scripts coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially inflated list prices for the at-issue diabetes medications, as well as for the placement of these firms' diabetes medications on Express Script's formularies.

139.    Prior to merging with Cigna in 2019, Express Scripts was the largest independent PBM in the United States. During the relevant period of this Petition, Express Scripts controlled 30% of the PBM market in the United States.

140.    Express Scripts has only grown larger since the Cigna merger.

141.    In 2017, annual revenue for Express Scripts was more than $100 billion.

142.    As of December 31, 2018, more than 68,000 retail pharmacies, representing more than 98% of all retail pharmacies in the nation, participated in one or more of Express Scripts' networks.

143.    At all times relevant hereto, Express Scripts offered pharmacy benefit services, and derived substantial revenue therefrom, in Missouri and provided the at-issue PBM services to numerous payors in Missouri.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

144.    At all times relevant hereto, and contrary to all of their representations, Express Scripts has knowingly insisted that its payor clients, including those in Missouri, use the artificially-inflated list prices produced by the Insulin Pricing Scheme as the basis for reimbursement of the at-issue drugs.

145.    At all times relevant hereto, Express Scripts has concealed its critical role in the generation of those artificially inflated list prices.

146.    At all times relevant hereto, Express Scripts maintained standard formularies that are used nationwide. During the relevant time period, those formularies included the at-issue diabetes medications.

147.    During certain years when some of the largest at-issue price increases occurred, including in 2013 and 2014, Express Scripts worked directly with OptumRx to negotiate Manufacturer Payments on behalf of OptumRx and its clients in exchange for preferred formulary placement. For example, in a February 2014 email released by the U.S. Senate in conjunction with its January 2021 report titled "Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug" ("January 2021 Senate Insulin Report"), Eli Lilly describes a "Russian nested doll situation" in which Express Scripts was negotiating rebates on behalf of OptumRx related to the at-issue drugs for Cigna (who later would become part of Express Scripts).

148.    In its capacity as a mail order pharmacy, Express Scripts received payments from Missouri payors based on the artificially inflated prices produced by the Insulin Pricing Scheme.

149.    At all times relevant hereto, Express Scripts derived substantial revenue providing mail-order pharmacy services in Missouri.

150.    Express Scripts purchases drugs produced by the Manufacturer Defendants, including the at-issue diabetes medications, for dispensing through its mail order pharmacies.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

151.    At all times relevant hereto, Express Scripts had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid to Express Scripts and placement on Express Scripts' standard formularies, as well as agreements related to the Manufacturers' at-issue drugs sold through Express Scripts' mail order and retail pharmacies, including those located in Missouri.

152.    **Defendant UnitedHealth Group, Inc.** ("UnitedHealth Group") is a corporation organized under the laws of Delaware with its principal place of business at 9900 Bren Road East, Minnetonka, Minnesota, 55343.

153.    UnitedHealth Group, Inc. may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

154.    UnitedHealth Group, Inc. is a diversified managed healthcare company. In 2015, UnitedHealth Group listed revenue ioptun excess of $257 billion, and the company is currently ranked sixth on the Fortune 500 list. UnitedHealth Group, Inc. offers a spectrum of products and services including health insurance plans through its wholly-owned subsidiaries and pharmacy benefits through its PBM, OptumRx.

155.    More than one-third of the overall revenues of UnitedHealth Group come from OptumRx.

156.    UnitedHealth Group was directly involved in the conduct that caused the Insulin Pricing Scheme.

157.    UnitedHealth Group, through its executives and employees, is directly involved in the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs and related to the Insulin Pricing Scheme. For example, executives of

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

UnitedHealth Group structure, analyze, and direct the company's overarching, enterprise-wide policies, including PBM and mail order services, as a means of maximizing profits across the corporate family.

158.     UnitedHealth Group's Sustainability Report states that "OptumRx works directly with pharmaceutical manufacturers to secure discounts that lower the overall cost of medications and create tailored formularies – or drug lists – to ensure people get the right medications. [UnitedHealth Group] then negotiate[s] with pharmacies to lower costs at the point of sale . . . [UnitedHealth Group] also operate[s] [mail order pharmacies] . . . [UnitedHealth Group] work[s] directly with drug wholesalers and distributors to ensure consistency of the brand and generic drug supply, and a reliance on that drug supply."

159.     UnitedHealth Group's conduct had a direct effect in Missouri, and damaged payors in Missouri.

160.     In addition to being a PBM and a mail-order pharmacy, UnitedHealth Group owns and controls a major health insurance company, UnitedHealthcare. As a result, UnitedHealth Group controls the health plan/insurer, the PBM, and the mail- order pharmacies utilized by approximately 26 million UnitedHealthcare members in the United States. UnitedHealth Group controls the entire drug pricing chain for these 26 million Americans.

161.     **Defendant Optum Inc.** is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. Optum, Inc. is a health services company managing subsidiaries that administer pharmacy benefits, including Defendant OptumRx, Inc.[11]

162.     Optum Inc. may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

---

[11] UnitedHealth Group, Annual Report (Form 10-K, Exhibit 21) (Dec. 31, 2018).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

163.    Optum Inc. is directly involved, through its executives and employees, in the company policies that inform its PBM services and formulary construction, including with respect to the at-issue drugs and related to the Insulin Pricing Scheme.

164.    For example, according to Optum Inc.'s press releases, Optum, Inc. is "UnitedHealth Group's information and technology-enabled health services business platform serving the broad healthcare marketplace, including care providers, plan sponsors, payors, life sciences companies and consumers." In this role, Optum, Inc. is directly responsible for the "business units – OptumInsight, OptumHealth and OptumRx" and the CEOs of all these companies report directly to Optum, Inc. regarding their policies, including those that inform the at-issue formulary construction and mail-order activities.

165.    **Defendant OptumInsight, Inc.** is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota.

166.    OptumInsight, Inc. is registered to do business in Missouri (Charter No. F00435693) and may be served through its registered agent: The Corporation Company; 120 South Central Avenue, Suite 400; Clayton, Missouri 63105.

167.    OptumInsight, Inc. is an integral part of the Insulin Pricing Scheme, and during the relevant time period, OptumInsight coordinated directly with the Manufacturer Defendants in furtherance of the conspiracy. OptumInsight analyzed data and other information from the Manufacturer Defendants to advise Defendants with regard to the profitability of the Insulin Pricing Scheme to the benefit of all Defendants.

168.    **Defendant OptumRx Holdings, LLC,** is a Delaware limited liability corporation with a principal place of business at 2300 Main Street, Irvine, California 92614.

27

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

169.    OptumRx Holdings, LLC may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

170.    OptumRx Holdings, LLC provides pharmacy benefit management services through its subsidiaries to various payors in Missouri.

171.    **Defendant OptumRx, Inc.** is a California corporation with its principal place of business at 2300 Main St., Irvine, California, 92614.

172.    OptumRx, Inc. is registered to do business in Missouri (Charter No. F00451557) and may be served through its registered agent: CT Corporation System; 120 South Central Avenue, Suite 400; St. Louis, Missouri 63105.

173.    OptumRx, Inc. holds five active Retail Pharmacy Licenses in Missouri (License Nos. 2018045267, 2006031441, 2001032366, 2018043427, and 20180437889).

174.    During the relevant time period, OptumRx, Inc. provided the PBM and mail-order pharmacy services in Missouri that gave rise to the Insulin Pricing Scheme.

175.    As a result of numerous interlocking directorships and shared executives, UnitedHealth Group, OptumRx Holdings, LLC and Optum, Inc. are directly involved in the conduct and control of OptumInsight and OptumRx's operations, management, and business decisions related to the at-issue formulary construction, negotiations, and mail-order pharmacy services.

176.    Collectively, Defendants UnitedHealth Group, Inc., OptumRx, Inc., OptumInsight, Inc., OptumRx Holdings LLC, and Optum, Inc., including all predecessor and successor entities, are referred to as "OptumRx."

28

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

177.    OptumRx is named as a Defendant in its capacities as a PBM and mail-order pharmacy.

178.    In its capacity as a PBM, OptumRx coordinates with Novo Nordisk, Eli Lilly, and Sanofi regarding the artificially inflated list prices for the at-issue diabetes medications, as well as, for the placement of these firms' diabetes medications on OptumRx's drug formularies

179.    OptumRx provides PBM services to more than 65 million people in the nation through a network of more than 67,000 retail pharmacies and multiple delivery facilities.

180.    In 2019, OptumRx managed more than $96 billion in pharmaceutical spending, with a revenue of $74 billion.

181.    As illustrated in Figure 13, OptumRx rose to power through numerous mergers with other PBMs. For example, in 2012, a large PBM, SXC Health Solutions bought one of its largest rivals, Catalyst Health Solutions Inc. in a roughly $4.14 billion deal. Shortly thereafter, SXC Health Solutions Corp. renamed the company Catamaran Corp. Following this, UnitedHealth Group bought Catamaran Corp in a deal worth $12.8 billion and combined Catamaran with OptumRx.

182.    Prior to merging with OptumRx, Catalyst Health Solutions, Inc. and Catamaran Corp. engaged in the at-issue PBM and mail-order activities in Missouri.

183.    At all times relevant hereto, OptumRx derived substantial revenue providing pharmacy benefits in Missouri.

184.    At all times relevant hereto, and contrary to all their express representations, OptumRx has knowingly insisted that its payor clients use the artificially inflated list prices produced by the Insulin Pricing Scheme as the basis for reimbursement of the at-issue drugs.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

185.    At all times relevant hereto, OptumRx has concealed its critical role in the generation of those artificially-inflated list prices.

186.    At all times relevant hereto, OptumRx offered pharmacy benefit management services nationwide and maintained standard formularies that are used nationwide. During the relevant time period, those formularies included the at-issue diabetes medications.

187.    In its capacity as a mail-order pharmacy, OptumRx received payments from Missouri payors based on the artificially inflated prices produced by the Insulin Pricing Scheme.

188.    At all times relevant hereto, OptumRx purchased drugs produced by the Manufacturer Defendants, including the at-issue diabetes medications, and dispensed the at-issue medications to diabetics.

189.    At all times relevant hereto, OptumRx had express agreements with Defendants Novo Nordisk, Sanofi, and Eli Lilly related to the Manufacturer Payments paid by the Manufacturer Defendants to OptumRx, as well as agreements related to the Manufacturers' at-issue drugs sold through OptumRx's mail order pharmacies.

190.    Collectively, CVS Caremark, OptumRx, and Express Scripts are referred to as "PBM Defendants" or "PBMs."

191.    Collectively, the "PBM Defendants" and the "Manufacturer Defendants" are referred to as "Defendants."

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

192.    In sum, the following chart outlines the relationship among Defendants:

| MANUFACTURER DEFENDANTS | PBM DEFENDANTS |
|---|---|
| **Eli Lilly** | **CVS Caremark Defendants**<br><br>• CVS Health<br>• CVS Pharmacy<br>• Caremark Rx LLC<br>• Caremark LLC<br>• CaremarkPCS Health LLC |
| **Novo Nordisk** | **Express Scripts Defendants**<br><br>• Evernorth Health, Inc.<br>• Express Scripts, Inc.<br>• Express Scripts Administrators, LLC<br>• ESI Mail Pharmacy Service, Inc.<br>• Medco Health Solutions, Inc.<br>• Express Scripts Pharmacy, Inc. |
| **Sanofi-Aventis** | **OptumRx Defendants**<br><br>• UnitedHealth Group, Inc.<br>• Optum, Inc.<br>• OptumInsight, Inc.<br>• OptumRx Holdings, LLC<br>• OptumRx, Inc. |

**JACKSON COUNTY, MISSOURI'S INTEREST**

193.    This action seeks, on behalf of Jackson County, Missouri and members of the proposed Class, legal and equitable relief to redress injury and damage, as well as injunctive relief seeking an end to Defendants' misconduct. Jackson County and the proposed Class have been damaged, and continue to be damaged, by the Insulin Pricing Scheme.

31

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

194.    Further, as a direct result of the Insulin Pricing Scheme, Jackson County and members of the Class have been damaged by having to pay overcharges as payors for and purchasers of the at-issue drugs.

## JURISDICTION AND VENUE

195.    This Court has general jurisdiction under Mo. Rev. Stat. § 478.220.

196.    The Petition does not confer diversity jurisdiction upon the federal courts pursuant to 28 U.S.C. § 1332 because complete diversity does not exist. Jackson County, Missouri and members of the Class are exclusively Missouri entities. Similarly, several Express Scripts entities are Missouri entities by virtue of maintaining their principal place of business within Missouri, including:

- Evernorth Health, Inc.;
- Express Scripts, Inc.;
- ESI Mail Pharmacy Service, Inc.;
- Express Scripts Pharmacy, Inc.; and
- Medco Health Solutions, Inc.

197.    Similarly, the Petition does not confer federal court jurisdiction under the Class Action Fairness Act because "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

198.    Furthermore, it would be inappropriate for a court to exercise CAFA jurisdiction because the Class consists of Missouri entities exclusively that make up "greater than two-thirds" of the Class, and several defendants are Missouri citizens "from whom significant relief is sought by members of the [] class" and whose conduct "forms a significant basis for the claims asserted . . . ." 28 U.S.C. § 1332(d)(4)(A).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

199.     Likewise, federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not invoked because the allegations are wholly state law claims. Nowhere does Jackson County plead, expressly or implicitly, any cause of action or request any remedy that arises under or is founded upon federal law. The issues presented in the allegations of this Petition do not implicate significant or substantial federal issues and do not turn on the necessary interpretation of any federal law. Jackson County expressly avers that the only causes of action claimed, and the only remedies sought herein, are founded upon the common law of the State of Missouri.

200.     Similarly, Jackson County does not seek any relief on behalf of individual patients or consumers within Missouri. Thus, Jackson County's Petition does not involve any federal issue nor does it require the interpretation and/or application of federal law, nor does it implicate any federal aid programs.

201.     This Court has personal jurisdiction over Defendants under Missouri's long-arm statute, codified at Mo. Rev. Stat. § 506.500.

202.     Venue is proper in Jackson County, Missouri under Mo. Rev. Stat. § 508.010.

## FACTUAL ALLEGATIONS

### Diabetes and Insulin Therapy.

#### *Diabetes: A growing epidemic.*

203.     Diabetes is a disease that occurs when a person's blood glucose, also called blood sugar, is too high. In a non-diabetic person, the pancreas secretes the hormone insulin, which controls the rate at which food is converted to glucose, or sugar, in the blood. When there is not enough insulin or cells stop responding to insulin, too much blood sugar stays in the bloodstream. Over time, that can cause serious health problems, such as heart disease, vision loss, and kidney disease.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

204.    There are two basic types of diabetes. Roughly 90-95% of diabetics developed the disease because they do not produce enough insulin or have become resistant to the insulin their bodies do produce. Known as Type 2, this form of diabetes is often developed later in life. While Type 2 patients can initially be treated with medication in the form of a pill, in the long term most patients require insulin injections.

205.    The other type of diabetes, known as Type 1 diabetes, occurs when a patient completely ceases insulin production. In contrast to Type 2 patients, people with Type 1 diabetes do not produce any insulin and, without regular injections of insulin, will die.

206.    Insulin treatments are a necessary part of life for those who have diabetes. Interruptions to a diabetic's insulin regimen can have severe consequences. Missed or inadequate insulin therapy can trigger hyperglycemia and then diabetic ketoacidosis. Left untreated, diabetic ketoacidosis can lead to loss of consciousness and death within days.

207.    The number of Americans with diabetes has exploded in the last half century. In 1958, only 1.6 million people in the United States had diabetes. By the turn of the century, that number had grown to more than 10 million people. Fourteen (14) years later, the count tripled again. Now more than 30 million people—9.4% of the country—live with the disease.

### _Insulin: A century old drug._

208.    Despite its potentially deadly impact, diabetes is a highly-treatable illness. For patients who are able to follow a prescribed treatment plan consistently, many of the health complications associated with the disease are avoidable.

209.    Unlike many high-burden diseases, treatment for diabetes has been available for almost a century.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

210.    In 1922, Frederick Banting and Charles Best, while working at the University of Toronto, pioneered a technique for removing insulin from an animal pancreas that could then be used to treat diabetes. After discovery, Banting and Best obtained a patent and then sold it to the University of Toronto for $1 (equivalent to $14 today), explaining "[w]hen the details of the method of preparation are published anyone would be free to prepare the extract, but no one could secure a profitable monopoly."

211.    After purchasing the patent, the University of Toronto contracted with Defendants Eli Lilly and Novo Nordisk to scale their production. Under this arrangement, Eli Lilly and Novo Nordisk were allowed to apply for patents on variations to the manufacturing process.

212.    Although early iterations of insulin were immediately perceived as lifesaving, there have been numerous incremental improvements since its discovery. The earliest insulin was derived from animals and, until the 1980s, was the only treatment for diabetes.

213.    While effective, animal-derived insulin created the risk of allergic reaction. This risk was lessened in 1982 when synthetic insulin, known as human insulin, was developed by Defendant Eli Lilly. Eli Lilly marketed this insulin as Humulin. The development of human insulin benefited heavily from government and non-profit funding through the National Institute of Health and the American Cancer Society.

214.    Over a decade later, Defendant Eli Lilly developed the first analog insulin, Humalog, in 1996.

215.    Analog insulin is laboratory grown and genetically-altered insulin. Analogs are slight variations on human insulin that make the injected treatment act more like the insulin naturally produced and regulated by the body.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

216.    Other rapid-acting analogs are Defendant Novo Nordisk's Novolog and Defendant Sanofi's Apidra, with similar profiles. Diabetics use these rapid-acting insulins in combination with longer-acting insulins, such as Sanofi's Lantus and Novo Nordisk's Levemir.

217.    Manufacturer Defendants introduced these rapid-acting and long-acting analog insulins between 1996 and 2007.

218.    In 2015, Sanofi introduced Toujeo, another long-acting insulin also similar to Lantus, however Toujeo is highly concentrated, making injection volume smaller than Lantus.

219.    In 2016, Eli Lilly introduced Basaglar, which is a long-acting insulin that is biologically similar to Sanofi's Lantus.

220.    Even though insulin was first extracted nearly 100 years ago, only Defendants Eli Lilly, Novo Nordisk, and Sanofi manufacture insulin in the United States.

### *Current insulin landscape.*

221.    All the insulins at issue in this case have either been available in the same form since the late 1990s/early 2000s or are biologically equivalent to insulins that were available then.

222.    Dr. Kasia Lipska, a Yale researcher and author of a 2018 study in the Journal of the American Medical Association on the cost of insulin, explained:

> We're not even talking about rising prices for better products here. I want to make it clear that we're talking about rising prices for the same product . . . there's nothing that's changed about Humalog. It's the same insulin that's just gone up in price and now costs ten times more.

223.    The production and research and development costs have also not increased. In fact, in the last 10 years, the production costs of insulin have decreased as manufacturers simplified and optimized processes. A September 2018 study published in BMJ Global Health calculated that, based on production costs, a reasonable price for a year's supply of human insulin is $48 to $71

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

per person and between $78 and $133 for analog insulins—which includes delivering a profit to manufacturers.[12]

224.    These figures stand in stark contrast to the $5,705 that a diabetic spent, on average, for insulin in 2016.

225.    Further, while research and development costs often make up a large percentage of the price of a drug, in the case of insulin the initial basic research— original drug discovery and patient trials—was performed 100 years ago. Even the more recent costs, such as developing the recombinant DNA fermentation process and the creation of insulin analogs, were incurred decades ago by the Manufacturers.

226.    Despite this decrease in production costs, and no new research and development, the reported price of insulins has risen astronomically over the last 15 years.

### *Insulin adjuncts: Type 2 medications.*

227.    Over the past decade, Manufacturer Defendants have also released a number of non-insulin medications that help control the level of insulin in the bloodstream of Type 2 diabetics.

228.    In 2010, Novo Nordisk released Victoza as an adjunct to insulin to improve glycemic control. In 2014, Eli Lilly released a similar drug, Trulicity. In 2016, Sanofi did the same with Soliqua, and in 2017, Novo Nordisk did the same with Ozempic.

229.    Victoza, Trulicity, and Ozempic are all medications known as glucagon- like peptide-1 receptor agonists ("GLP-1") and are similar to the GLP-1 hormone that is already produced in the body. Soliqua is a combination long-acting insulin and GLP-1 drug. Each of these drugs can be used in conjunction with insulins to control diabetes.

---

[12] Available at https://gh.bmj.com/content/3/5/e000850

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

230.    The following is a list of diabetes medications at issue in this lawsuit:

**Table 1: Diabetes medications at issue**

| Insulin Type | Action | Name | Company | FDA Approval | Current Price |
|---|---|---|---|---|---|
| *Human* | **Rapid-Acting** | Humulin R | Eli Lilly | 1982 | $178 (vial) |
| | | Humulin R 500 | Eli Lilly | 1994 | $1,784 (vial) $689 (pens) |
| | | Novolin R | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| | **Intermediate** | Humulin N | Eli Lilly | 1982 | $178 (vial) $566 (pens) |
| | | Humulin 70/30 | Eli Lilly | 1989 | $178 (vial) $566 (pens) |
| | | Novolin N | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| | | Novolin 70/30 | Novo Nordisk | 1991 | $165 (vial) $312 (pens) |
| *Analog* | **Rapid-Acting** | Humalog | Eli Lilly | 1996 | $342 (vial) $636 (pens) |
| | | Novolog | Novo Nordisk | 2000 | $347 (vial) $671 (pens) |
| | | Apidra | Sanofi | 2004 | $341 (vial) $658 (pens) |
| | **Long-Acting** | Lantus | Sanofi | 2000 | $ 340 (vial) $510 (pens) |
| | | Levemir | Novo Nordisk | 2005 | $ 370 (vial) $ 555 (pens) |
| | | Basaglar (Kwikpen) | Eli Lilly | 2016 | $392 (pens) |
| | | Toujeo (Solostar) | Sanofi | 2015 | $466 (pens) $622 (max pens) |
| | | Tresiba | Novo Nordisk | 2015 | $407 (vial) $610 (pens – 100u) $732 (pens – 200u) |
| *Type 2 Medications* | | Trulicity | Eli Lilly | 2014 | $1,013 (pens) |
| | | Victoza | Novo Nordisk | 2010 | $813 (2 pens) $1,220 (3 pens) |
| | | Ozempic | Novo Nordisk | 2017 | $1,022 (pens) |

38

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| | | Soliqua | Sanofi | 2016 | $927.90 (pens) |
|---|---|---|---|---|---|

**The Dramatic Rise in the Price of Diabetes Medications.**

### *Insulin price increases.*

231.    In 2003, the price of insulin began its dramatic rise to its current exorbitant level.

232.    Since 2003, the list price of certain insulins has increased in some cases by more than 1,000% — an astounding increase especially when compared to a general inflation rate of 8.3% and a medical inflation rate of 46% in this same time period.

233.    By 2016, the average price per month of the four most popular types of insulin rose to $450, and costs continue to rise, so much so that now one in four diabetics is skimping on or skipping lifesaving doses. This behavior is dangerous to a diabetic's health and can lead to a variety of complications and even death.

234.    Since 1997, Defendant Eli Lilly has artificially inflated the list price of a vial of Humulin R (500U/ML) from $165 to $1,784 (See Figure 2).

**Figure 2: Rising list prices of Humulin R (500U/mL) from 1997-2021**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

235.   Since 1996, Defendant Eli Lilly has artificially inflated the list price for a package of pens of Humalog from less than $100 to $663, and from less than $50 to $342 per vial (See Figure 3).

**Figure 3: Rising list prices of Humalog vials and pens from 1996-2021**



41

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

236.    Novo Nordisk has also artificially inflated the list prices—from 2006 to 2020, Levemir rose from $162 to $555 for pens, and from under $100 to $370 per vial (See Figure 4).

**Figure 4: Rising list prices of Levemir from 2006-2021**



42

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

237.    From 2002 to 2020, Novo Nordisk has artificially inflated the list price of Novolog from $108 to $671 for a package of pens, and from less than $50 to $347 per vial (See Figure 5).

**Figure 5: Rising list prices of Novolog vials and pens from 2002-2021**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

238.   Defendant Sanofi has kept pace as well, artificially inflating the list price for Lantus, the top-selling analog insulin, from less than $200 in 2006, to more than $500 in 2020 for a package of pens, and from less than $50 to $340 per vial (See Figure 6).

**Figure 6: Rising list prices of Lantus vials and pens from 2001-2021**



239.   Manufacturer Defendants' non-insulin diabetes medications have experienced similar recent price increases. For example, since 2015, Eli Lilly has artificially inflated the list price of Trulicity by almost 50%.

240.   Driven by these price hikes, payors' and diabetics' spending on diabetes medications has skyrocketed.

44

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

### *Manufacturers increased prices in lockstep.*

241.   The timing of the list price increases reveal that each Manufacturer Defendant has not only dramatically increased prices for the at-issue diabetes treatments, but they have also done so in perfect lockstep.

242.   In 13 instances since 2009, competitors Sanofi and Novo Nordisk raised the list prices of their insulins, Lantus and Levemir, in tandem, applying the same price increase within a few days of each other.

243.   This practice of increasing drug prices in lockstep with competitors is known as "shadow pricing" and, as healthcare expert Richard Evans from SSR Health recently stated, "is pretty much a clear signal that your competitor does not intend to price-compete with you."

244.   Novo Nordisk and Sanofi's lockstep increases for the at-issue drugs were responsible for the highest drug price increases in the entire pharmaceutical industry during 2016.

245.   Eli Lilly and Novo Nordisk have engaged in the same lockstep behavior with respect to their rapid-acting analog insulins, Humalog and Novolog. Figure 7 demonstrates this collusive behavior with respect to Lantus and Levemir. Figure 8 demonstrates this behavior with respect to Humalog and Novolog.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 7: Rising list prices of long-acting insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 8: Rising list prices of rapid-acting insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

246.    Figure 9 demonstrates this behavior with respect to the human insulins, Eli Lilly's Humulin and Novo Nordisk's Novolin.

**Figure 9: Rising list price increases for human insulins**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

247.   Figure 10 demonstrates Manufacturer Defendants' lockstep price increases for their Type 2 drugs, Trulicity, Victoza, and Ozempic.

**Figure 10: Rising list prices of Type 2 drugs**



Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

248.    Figure 11 shows how, collectively, Manufacturer Defendants have exponentially raised the prices of insulin products in near perfect unison for decades.

**Figure 11: Lockstep insulin price increases**



249.    Because of Manufacturer Defendants' lockstep price increases, nearly a century after the discovery of insulin, diabetes medications have become unaffordable for many diabetics.

**Pharmaceutical Payment and Supply Chain.**

250.    The prescription drug industry consists of a deliberately opaque network of entities engaged in multiple distribution and payment structures. These entities include drug manufacturers, wholesalers, pharmacies, health plans/third party payors, pharmacy benefit managers, and patients.

251.    Generally speaking, branded prescription drugs, such as the at-issue diabetes medications, are distributed in one of two ways: (1) from manufacturer to wholesaler, wholesaler to pharmacy, and pharmacy to patient; or (2) from manufacturer to mail-order pharmacy, and mail-order pharmacy to patient.

252.    The pharmaceutical industry, however, is unique in that the pricing chain is distinct from the distribution chain. The prices for the drugs distributed in the pharmaceutical chain are

50

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

different for each participating entity: different actors pay different prices set by different entities for the same drugs. The unifying factor is that the price that each entity in the pharmaceutical chain pays for a drug is directly tied to the manufacturer's list price.

253.    There is no transparency in this pricing system; typically, only a brand drug's list price—also known as its Average Wholesale Price (AWP) or the mathematically-related Wholesale Acquisition Cost (WAC)—is available. To note, "Wholesale Acquisition Cost" is not the final price that wholesalers (or any other entity in the pharmaceutical pricing chain) pay for the Manufacturers' drugs. The final price that a wholesaler pays the Manufacturers is less than WAC because of post-purchase discounts.

254.    Drug manufacturers self-report AWP, or other prices upon which AWP is based, to publishing compendiums such as First DataBank, Redbook, and others who then publish that price.

255.    As a direct result of the PBMs' conduct, AWP persists as the most commonly and continuously used list price in reimbursement and payment calculations and negotiations for both payors and patients.

### *PBMs' role in the pharmaceutical payment chain.*

256.    PBMs are at the center of the convoluted pharmaceutical payment chain, as reflected in Figure 12:

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Figure 12: Pharmaceutical Supply Chain**



257.    The PBM Defendants develop drug formularies, process claims, create a network of retail pharmacies, set the prices in coordination with the Manufacturers that payors pay for prescription drugs, and are paid by payors for the drugs utilized by a payor's beneficiaries.

258.    PBMs also contract with a network of retail pharmacies often owned by the PBM. Pharmacies agree to dispense drugs to patients and pay fees back to the PBMs. PBMs reimburse pharmacies for the drugs dispensed.

259.    PBM Defendants also own mail order, retail, and specialty pharmacies, which purchase and take possession of prescription drugs, including those at issue here, and directly supply those drugs to patients.

260.    Often—including for at-issue drugs—the PBM Defendants purchase drugs from the Manufacturers and dispense them to the patients.

261.    Even where PBM Defendants' pharmacies purchase drugs from wholesalers, their costs are set by direct contracts with the Manufacturers.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

262.     In addition, and of particular significance here, PBM Defendants contract with pharmaceutical manufacturers, including Manufacturer Defendants.

263.     These relationships allow PBMs to exert tremendous influence over what drugs are available throughout Missouri and at what prices.

264.     Thus, PBMs are at the center of the flow of money in the pharmaceutical supply chain. In sum:

  a.   PBMs negotiate the price that payors pay for prescription drugs (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme);

  b.   PBMs separately negotiate a different (and often lower) price that pharmacies in their networks receive for that same drug;

  c.   PBMs set the amount in fees that the pharmacy pays back to the PBM for each drug sold (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme);

  d.   PBMs set the price paid for each drug sold through their mail-order pharmacies (for the at-issue drugs based on artificially-inflated prices generated by the Insulin Pricing Scheme); and

  e.   PBMs negotiate the amount that the Manufacturers pay back to the PBM for each drug sold (for the at-issue drugs based on artificially inflated prices generated by the Insulin Pricing Scheme).

265.     Yet, for the majority of these transactions, only the PBMs are privy to the amount that any other entity in this supply chain is paying or receiving for the exact same drugs.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

266.     In every interaction that PBMs have within the pharmaceutical pricing chain the stand to profit from the artificial prices generated by the Insulin Pricing Scheme.

### *The rise of the PBMs in the pharmaceutical supply chain.*

267.     When they first came into existence in the 1960s, PBMs functioned largely as claims processors. Over time, however, they have taken on a larger role in the pharmaceutical industry. Today, PBMs wield significant control over the drug pricing system.

268.     PBMs began negotiating with drug manufacturers ostensibly on behalf of payors.

269.     In the early 2000s, PBMs started buying pharmacies.

270.     When a PBM combines with a pharmacy, it has an increased incentive to collude with Manufacturers to keep certain prices high.

271.     These unconscionable incentives still exist today with respect to both retail and mail-order pharmacies housed within the PBMs' corporate families.

272.     More recently, further consolidation in the industry has afforded PBMs a disproportionate amount of market power.

273.     In addition, each of the PBM Defendants are now owned by other significant players within the pharmaceutical chain: Express Scripts merged with Cigna in a $67 billion-dollar deal; Caremark was bought by the largest pharmacy in the United States, CVS, for $21 billion; CVS also now owns Aetna following a $69 billion-dollar deal; and OptumRx was acquired by the largest health insurance company in the United States, UnitedHealth Group.

274.     After merging or acquiring all their competitors and now backed by multi-billion-dollar corporations, PBM Defendants have taken over the market— controlling more than 80% of the market and managing pharmacy benefits for more than 270 million Americans.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

275.    PBM Defendants have near complete control over the Manufacturer Payment market. In addition to their own clients, which represents 80% of the market, PBM Defendants or their controlled affiliate rebate aggregator companies contract with most smaller pharmacy benefit managers, including the largest of those, Prime Therapeutics, to negotiate Manufacturer Payments on their behalf.

276.    PBMs are able to use the consolidation in the market as leverage when negotiating with other entities in the pharmaceutical pricing chain. Industry expert Lindsay Bealor Greenleaf from Advice and Vision for the Healthcare Ecosystem (ADVI) described this imbalance in power, "it's really difficult to engage in any type of fair negotiations when one of the parties has that kind of monopoly power. . . I think that is something that is going to continue getting attention, especially as we see more of these payors and PBMs continue to try to further consolidate."

**The Insulin Pricing Scheme.**

277.    The market for the at-issue diabetes medications is unique in that it is highly concentrated with, until recently, little to no generic/biosimilar options and the drugs have similar efficacy and risk profiles. In fact, PBMs treat the at-issue drugs as commodity products in constructing their formularies.

278.    In such a market, where manufacturing costs have significantly decreased, PBMs should have great leverage in negotiating with the Manufacturer Defendants to drive prices down in exchange for formulary placement.

279.    But the PBMs do not want the prices for diabetes medications to go down because they make more money on higher prices, as do the Manufacturers.

280.    As a result, Defendants have found a way to game the system for their mutual benefit—the Insulin Pricing Scheme.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

281.     PBM Defendants' formularies are at the center of the Insulin Pricing Scheme. Given the asymmetry of information and disparity in market power between payors and PBM Defendants, and the costs associated with making formulary changes, most payors accept the standard formularies offered by the PBMs.

282.     Manufacturer Defendants recognize that because PBM Defendants have such a dominant market share, if they chose to exclude a particular diabetes medication from their standard formularies, or give it a non-preferred position, it could mean billions of dollars in profit loss for Manufacturer Defendants.

283.     For example, Olivier Brandicourt, Sanofi's CEO, in a recent interview stressed the importance of the PBMs' standard formularies: "if you look at the way [CVS Caremark] is organized in the US . . . 15 million [lives] are part of [CVS Caremark's standard] formulary and that's very strict, all right. So, [if we were not included in CVS Caremark's standard formulary] we wouldn't have access to those 15 million lives."

284.     Manufacturer Defendants also recognize that the PBM Defendants' profits are directly tied to the Manufacturers' list prices. For example, the January 2021 Senate Insulin Report, in summarizing the internal documents produced by the Manufacturers, noted the following:

> [B]oth Eli Lilly and Novo Nordisk executives, when considering lower list prices, were sensitive to the fact that PBMs largely make their money on rebates and fees that are based on a percentage of a drug's list price . . . In other words, the drug makers were aware that higher list prices meant higher revenue for PBMs.

285.     Because the Manufacturer Defendants know that—contrary to their public representations—PBM Defendants make more money from increasing prices, over the course of the last 15 years and working in coordination with the PBMs, the Manufacturers have artificially inflated their list prices for the at-issue drugs exponentially, while largely maintaining their net prices by paying larger and larger amounts of Manufacturer Payments back to the PBMs.

56

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

286.    In exchange for the Manufacturers inflating these prices and paying the PBMs substantial amounts in Manufacturer Payments, PBM Defendants grant preferred status on their standard formularies to the Manufacturer Defendants' diabetes medications with the most elevated price and that are the most profitable to the PBMs.

287.    At all times relevant hereto, the PBM Defendants have known that the list prices for the at-issue drugs are grossly inflated. Indeed, the Manufacturers' list prices have become so untethered from the Manufacturers' net prices[13] as to constitute false and unlawful prices.

288.    Despite this knowledge, PBMs include this false and deceptive price— often the AWP price—in their contracts as a basis to set the rate that payors pay for the at-issue drugs and pharmacies are reimbursed for the at-issue drugs.

289.    Moreover, the PBMs also use this false price to misrepresent the amount of "savings" they generate for diabetics, payors, and the healthcare system. For example, in January 2016, Express Scripts' president Tim Wentworth stated at the 34th annual JP Morgan Healthcare Conference that Express Scripts "saved our clients more than $3 billion through the Express Scripts National Preferred Formulary." Likewise, in April 2019, CVS Caremark president Derica Rice stated, "Over the last three years . . . CVS Caremark has helped our clients save more than $141 billion by blunting drug price inflation, prioritizing the use of effective, lower-cost drugs and reducing the member's out-of-pocket spend."[14]

290.    The PBM Defendants also misrepresent the amount of "savings" they generate to their payor clients and prospective clients.

---

[13] "Net Price" refers to the Manufacturers' list price minus all Manufacturer Payments paid to the PBMs.

[14] CVS News Release *"CVS Health PBM Solutions Blunted the Impact of Drug Price Inflation, Helped Reduce Member Cost, and Improved Medication Adherence in 2018"* (April 11, 2019) ( available at https://www.biospace.com/article/releases/cvs-health-pbm-solutions-blunted-the-impact-of-drug-price-inflation-helped-reduce-member-cost-and-improved-medication-adherence-in-2018/) (last accessed June 30, 2022).

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

291.    In making these representations, the PBMs fail to disclose that the amount of "savings" they have generated is calculated based on the false list price, which is not paid by any entity in the pharmaceutical pricing chain and which the PBMs are directly responsible for artificially inflating.

292.    Far from using their prodigious bargaining power to lower drug prices as they claim, Defendants use their dominant positions to work together to generate billions of dollars at the expense of healthcare payors like Jackson County and the Class.

**Defendants Admit That They Have Engaged in the Insulin Pricing Scheme.**

293.    On April 10, 2019, the United States House of Representatives Committee on Energy and Commerce held a hearing on Defendants' Insulin Pricing Scheme titled, "Priced Out of a Lifesaving Drug: Getting Answers on the Rising Cost of Insulin."

294.    Representatives from all Defendants testified at the hearing and each acknowledged before Congress that the price for insulin has increased exponentially in the past 15 years.

295.    Representatives from each Defendant explicitly admitted that the price that diabetics have to pay out-of-pocket for insulin is too high. For example:

a.    Dr. Sumit Dutta, Chief Medical Officer of OptumRx stated, "A lack of meaningful competition allows the [M]anufacturers to set high [list] prices and continually increase them which is odd for a drug that is nearly 100 years old and which has seen no significant innovation in decades. These price increases have a real impact on consumers in the form of higher out-of-pocket costs."

b.    Thomas Moriarty, Chief Policy and External Affairs Officer and General Counsel for CVS Health testified, "A real barrier in our country to achieving good health is cost, including the price of insulin products which are too

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

expensive for too many Americans. Over the last several years, [list] prices for insulin have increased nearly 50 percent. And over the last ten years, [list] price of one product, Lantus, rose by 184 percent."

c.   Mike Mason, Senior Vice President of Eli Lilly when discussing how much diabetics pay out-of-pocket for insulin stated "it's difficult for me to hear anyone in the diabetes community worry about the cost of insulin. Too many people today don't have affordable access to chronic medications . . ."

d.   Kathleen Tregoning, Executive Vice President External Affairs at Sanofi, testified, "Patients are rightfully angry about rising out-of- pocket costs and we all have a responsibility to address a system that is clearly failing too many people. . . we recognize the need to address the very real challenges of affordability . . . Since 2012, average out-of- pocket costs for Lantus have risen approximately 60 percent for patients . . ."

e.   Doug Langa, Executive Vice President of Novo Nordisk, stated, "On the issue of affordability . . . I will tell you that at Novo Nordisk we are accountable for the [list] prices of our medicines. We also know that [list] price matters to many, particularly those in high-deductible health plans and those that are uninsured."[15]

296.   Notably, none of the testifying Defendants claimed that the significant increase in the price of insulin was related to competitive factors such as increased production costs or improved clinical benefit.

---

[15] Testimony for each witness available at https://www.congress.gov/event/116th-congress/house-event/109299

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

297.    Defendants admitted that they agreed to and did participate in the Insulin Pricing Scheme and that the rise in prices was a direct result of the scheme.

298.    For example, at the April 2019 congressional hearing, Novo Nordisk's President, Doug Langa, explained Novo Nordisk's and PBM Defendants' role in perpetuating the "perverse incentives" of the Insulin Pricing Scheme:

> [T]here is this perverse incentive and misaligned incentives (in the insulin pricing system) and this encouragement to keep [list] prices high. And we've been participating in that system because the higher the [list] price, the higher the rebate . . . There is a significant demand for rebates. We spend almost $18 billion in rebates in 2018 . . .
>
> **[I]f we eliminate all the rebates . . . we would be in jeopardy of losing [our formulary] positions.**

299.    Eli Lilly, too, has admitted that it raises list prices as a quid pro quo for formulary positions. At the April 2019 Congressional hearing, Mike Mason, Senior Vice President of Eli Lilly testified:

> **Seventy-five percent of our [list] price is paid for rebates and discounts to secure [formulary position].**
>
> \*\*\*
>
> **We have to provide rebates [to PBMs] in order to provide and compete for [formulary position].**

300.    Sanofi has also conceded its participation in the Insulin Pricing Scheme. When testifying at the April 2019 Congressional hearing, Kathleen Tregoning, Executive Vice President for External Affairs of Sanofi, testified:

> The rebates are how the system has evolved. . . I think the system became complex and rebates generated through negotiations with PBMs are being used to finance other parts of the healthcare system and not to lower prices to the patient.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

301.    PBM Defendants also admitted at the April 2019 congressional hearing that they grant preferred, or even exclusive, formulary position because of higher Manufacturer Payments paid by Manufacturer Defendants. Amy Bricker, President of Express Scripts, when asked to explain why Express Scripts did not grant an insulin with a lower list price preferred formulary status, answered, **"Manufacturers do give higher [payments] for exclusive [formulary] position** . . ."

302.    While all Defendants acknowledged their participation in the Insulin Pricing Scheme before Congress, in an effort to avoid culpability for the precipitous price increase, each Defendant group pointed the finger at the other as the responsible party.

303.    PBM Defendants specifically testified to Congress that Manufacturer Defendants are solely responsible for their price increases and that the Manufacturer Payments that the PBMs receive are not correlated to rising insulin prices.

304.    But the Manufacturers' coordinated lockstep price increases are a direct reflection of the PBMs' coordinated requests for larger Manufacturer Payments. A February 2020 study by the Leonard D. Schaeffer Center for Health Policy & Economics at the University of South California titled "The Association Between Drug Rebates and List Prices," found that an increase in the amount that the Manufacturers pay back to the PBMs is directly correlated to an increase in prices—on average, a $1 increase in Manufacturer Payments is associated with a $1.17 increase in price—and that reducing or eliminating Manufacturer Payments could result in lower prices and reduced out-of-pocket expenditures.[16]

---

[16] Available at https://www.healthpolicy.usc.edu/wp-content/uploads/2020/02/SchaefferCenter_RebatesListPrices_WhitePaper.pdf

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

305.    In addition, a recent report by the National Community Pharmacists Association estimated that Manufacturer Payments add nearly 30 cents per dollar to the price consumers pay for prescriptions.

306.    Further, in large part because of the increased list prices, and related Manufacturer Payments, PBMs' profit per prescription has grown exponentially over the same time period that insulin prices have been artificially increased. By way of example, since 2003, Defendant Express Scripts has seen its profit per prescription increase more than 500% per adjusted prescription.

307.    The Manufacturers, on the other hand, argued before Congress that the PBMs were to blame for high insulin prices because of the PBMs' demands for higher Manufacturer Payments in exchange for formulary placement.

308.    But that also is not true. For example, a 2020 study from the Institute of New Economic Thinking titled, "Profits, Innovation and Financialization in the Insulin Industry," demonstrates that Manufacturer Defendants are still making substantial profits from the sale of insulin products regardless of any Manufacturer Payments they are sending back to the PBMs. During the same time period when insulin price increases were at their steepest, distributions to Manufacturers' shareholders in the form of cash dividends and share repurchases totaled $122 billion. In fact, during this time period the Manufacturers spent a significantly lower proportion of profits on research and development compared to shareholder payouts.[17]

309.    The January 2021 Senate Insulin Report concluded, inter alia:

a.    Manufacturer Defendants are retaining more revenue from insulin than in the 2000s—for example, Eli Lilly has reported a steady increase in Humalog

---

[17] Collington, Rosie, Profits, Innovation and Financialization in the Insulin Industry (March 30, 2020). Institute for New Economic Thinking Working Paper Series No. 120, available at SSRN: https://ssrn.com/abstract=3593906

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

      revenue for more than a decade—from $1.5 billion in 2007 to $3 billion in 2018;

b.    Manufacturer Defendants have aggressively raised the list price of their insulin products absent significant advances in the efficacy of the drugs; and

c.    Manufacturer Defendants only spend a fraction of their revenue related to the at-issue drugs on research and development—Eli Lilly spent $395 million on R&D costs for Humalog, Humulin, and Basaglar between 2014-2018 during which time the company generated $22.4 billion in revenue on these drugs. From 2016 to 2020, Novo Nordisk spent approximately $29 billion on stock buybacks and shareholder dividend payouts while only spending approximately $12 billion on R&D costs.[18]

310.    The truth is—despite their finger pointing in front of Congress— Manufacturers and PBMs are both responsible for their concerted efforts in creating the Insulin Pricing Scheme. This reality was echoed in the statement from the 2021 Senate Insulin Report, summarizing Congress's findings from their two-year probe into the Insulin Pricing Scheme:

> [M]anufacturers and [PBMs] have created a vicious cycle of price increases that have sent costs for patients and taxpayers through the roof . . . This industry is anything but a free market when PBMs spur drug makers to hike list prices in order to secure prime formulary placement and greater rebates and fees.

**Defendants' Recent Efforts in Response to Rising Insulin Prices.**

311.    Defendants have recently begun introducing programs ostensibly aimed at lowering the cost of insulins. However, these "affordability" measures fail to address the structural issues

---

[18] Available at https://www.finance.senate.gov/imo/media/doc/Grassley-Wyden%20Insulin%20Report%20(FINAL%201).pdf

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

that have given rise to the price hikes. Rather, these steps are merely public relations stunts that do not solve the problem.

312.    For example, in March 2019, Defendant Eli Lilly announced that it would produce an authorized generic version of Humalog, "Insulin Lispro," and promised that it would "work quickly with supply chain partners to make [the authorized generic] available in pharmacies as quickly as possible."

313.    However, in the months after Eli Lilly's announcement, reports raised questions about the availability of "Insulin Lispro" in local pharmacies.

314.    Following this, a Congressional staff report was issued examining the availability of this drug. The investigative report, "Inaccessible Insulin: The Broken Promise of Eli Lilly's Authorized Generic," concluded that Eli Lilly's lower-priced, authorized generic insulin is widely unavailable in pharmacies across the country, and that the company has not taken meaningful steps to increase insulin accessibility and affordability.

315.    The conclusion of the report was that: "Eli Lilly has failed to deliver on its promise to put a more-affordable insulin product on the shelves. Instead of giving patients access to its generic alternative, this pharmaceutical behemoth is still charging astronomical prices for a drug people require daily and cannot live without."

316.    In 2019, Novo Nordisk partnered with Walmart to offer ReliOn brand insulins for a discounted price at Walmart. However, experts have warned that the Walmart/Novo Nordisk insulins are not substitutes for most diabetics' regular insulins and should only be used in an emergency or when traveling. In particular, for many diabetics, especially Type 1 diabetics, these insulins can be dangerous.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

317.    Thus, Defendants' "lower priced" insulin campaigns have not addressed the problem.

## TOLLING

318.    Through no fault of their own, neither Jackson County nor the Class received inquiry notice or learned of the factual basis for its claims in this Petition and the injuries suffered therefrom until recently. Consequently, the following tolling doctrines apply:

**Discovery Rule Tolling**

319.    As discussed above, PBM Defendants and Manufacturer Defendants refused to disclose the actual prices of diabetes medications realized by Defendants, the details of the Defendants' negotiations and payments between each other or their pricing structures and agreements—labeling them trade secrets and protecting them with confidentiality agreements.

320.    Each Defendant group also affirmatively blamed the other for the price increases described herein, both during their congressional testimonies and through the media. Defendants essentially continued to work and conspire together to conceal their fraudulent misrepresentations in their blame of the other.

321.    Jackson County and the Class could not have discovered and did not know of facts that would have caused a reasonable person to suspect that Defendants were engaged in the Insulin Pricing Scheme, nor would a reasonable and diligent investigation have disclosed the true facts.

322.    Even today, lack of transparency in the pricing of diabetes medications and the arrangements, relationships and agreements between and among Manufacturer Defendants and PBM Defendants that result from the Insulin Pricing Scheme continue to obscure Defendants' unlawful conduct.

323.    For these reasons, the discovery rule tolls all applicable statutes of limitations.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Fraudulent Concealment Tolling**

324.    Defendants' knowing and active fraudulent concealment and denial of the facts alleged herein, as described in detail above, also tolls any applicable statutes of limitation.

**Estoppel**

325.    Defendants were under a continuous duty to disclose to Jackson County and the Class the true character, quality and nature of the prices upon which payments for diabetes medications were based, and the true nature of the services being provided.

326.    But Defendants intentionally misrepresented the prices. Due to Defendants' misrepresentations, they benefitted from inducing Jackson County, the Class, and other payors to rely upon their misrepresentations.

327.    Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

**Continuing Violations**

328.    Any applicable statutes of limitations are also tolled because Defendants' activities have not ceased and still continue to this day and thus any causes of action are not complete and do not accrue until the tortious and anticompetitive acts have ceased.

## CLASS ACTION ALLEGATIONS

329.    Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

330.    Plaintiff seeks to represent the following Class:

> **Missouri counties and municipalities with a population greater than 20,000 according to the 2020 United States Census.[19]**

---

[19] A list of the Class members may be found in Exhibit A, attached hereto.

66

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

331.     This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria set forth in Missouri Supreme Court Rule 52.08.

332.     **Numerosity**. The proposed Class satisfies the numerosity requirements under Rule 52.08 in that its members are too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail or other means.

333.     **Predominance**. Common questions of law and fact exist as to all members of the proposed Class and predominate over questions affecting only individual class members. These common questions include whether:

a.     Defendants engaged in the Insulin Pricing Scheme;

b.     Defendants concealed and/or hid their conduct in the Insulin Pricing Scheme;

c.     Defendants were unjustly enriched under Missouri law due to the Insulin Pricing Scheme;

d.     Defendants' conduct caused injury to Jackson County and the Class;

e.     Jackson County and the Class are entitled to damages; and

f.     Jackson County and the Class satisfy the requirements of Missouri Supreme Court Rule 52.08.

334.     **Typicality**. Plaintiff's claims are typical of the claims of the proposed Class because it paid for insulin for its employees through its health care plan; this similarity gives rise to substantially the same claims as the proposed Class.

335.     **Adequacy**. Plaintiff is an adequate representative of the proposed Class because its interests do not conflict with the interests of the members of the Class that it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously by monitoring and directing the actions of class

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

counsel. The interests of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

336. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class members availed themselves of individual litigation, the court system could not sustain such an imposition. In addition to the burden and expense of managing many actions arising from the Insulin Pricing Scheme, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

337. In the alternative, the proposed Class may be certified because:

a.   the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.   the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

68

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

c.    Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

## CLAIMS FOR RELIEF

### Count I
### Unjust Enrichment
**(Plaintiff Individually and on behalf of the proposed Class against all Defendants)**

338.    Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

339.    Jackson County and the Class have conferred benefits upon Defendants in the form of healthcare payments for their employees.

340.    Defendants have been and continue to be enriched by the benefits conferred by Jackson County and the Class.

341.    By virtue of the Insulin Pricing Scheme outlined herein, Defendants' enrichment is unjust and inequitable, and Defendants' enrichment is at the expense of healthcare payors such as Jackson County and the Class.

342.    Accordingly, it would be unjust to allow Defendants to retain the benefits conferred upon them at the expense of Jackson County and the Class.

343.    Jackson County and the Class seek actual damages; a declaration that Defendants have been unjustly enriched in violation of Missouri law; and injunctive relief prohibiting Defendants from continuing to engage in the wrongful conduct outlined herein.

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**Count II**
**Civil Conspiracy**
**(Plaintiff Individually and on behalf of the proposed Class against all Defendants)**

344.   Jackson County, on behalf of itself and the proposed Class, re-alleges the foregoing paragraphs as it fully set forth herein.

345.   As set forth herein, two or more Defendants engaged in the Insulin Pricing Scheme.

346.   The Insulin Pricing Scheme was an unlawful object to be accomplished for the purpose of unjustly enriching Defendants at the expense of Jackson County and the Class.

347.   Defendants achieved a meeting of the minds on the Insulin Pricing Scheme.

348.   Defendants individually and collectively engaged in one or more unlawful overt acts to perpetuate and enact the Insulin Pricing Scheme.

349.   Defendants' civil conspiracy damaged Jackson County and members of the Class in their capacity as payors for employee health plans.

350.   Jackson County and the Class seek actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, Jackson County requests that the Court enter a judgment awarding the following relief:

a.   An order certifying the proposed Class and appointing Jackson County and its counsel to represent the Class;

b.   An order awarding Jackson County and the Class members their actual damages, and/or any other form of monetary relief provided by and pursuant law;

c.   An order enjoining Defendants from further engage in the Insulin Pricing Scheme outlined herein; and

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

d.    An order awarding Jackson County Plaintiff and the Class pre-judgment and post-

judgment interest as allowed under the law.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Plaintiff demands a trial by jury on all claims so triable.


DATE: January 11, 2023                    Respectfully submitted,

                                        **WILLIAMS DIRKS DAMERON LLC**

                                        */s/ Matthew L. Dameron*

Matthew L. Dameron         MO Bar No. 52093
Michael A. Williams          MO Bar No. 47538
Eric L. Dirks                     MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:           (816) 945-7100
Facsimile:            (816) 945-7118
matt@williamsdirks.com
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**OFFICE OF THE JACKSON COUNTY COUNSELOR**
Bryan O. Covinsky
County Counselor
415 East Twelfth Street, Suite 200
Kansas City, Missouri 64106
Telephone:           (816) 881-3442
Facsimile:            (816) 881-3398
bcovinsky@jacksongov.org

**2316-CV01801**

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

**EXHIBIT A**
**Missouri Counties and Cities Within Proposed Class Definition**
**(Petition at ¶ 330)**

| NO. | JURISDICTION | POPULATION |
|-----|--------------|------------|
| 1 | St. Louis County | 1,004,125 |
| 2 | Jackson County | 717,204 |
| 3 | City of Kansas City | 508,090 |
| 4 | St. Charles County | 405,262 |
| 5 | City of St. Louis | 301,578 |
| 6 | Greene County | 298,915 |
| 7 | Clay County | 253,335 |
| 8 | Jefferson County | 226,739 |
| 9 | Boone County | 183,610 |
| 10 | City of Springfield | 169,176 |
| 11 | City of Columbia | 126,254 |
| 12 | City of Independence | 123,011 |
| 13 | Jasper County | 122,761 |
| 14 | Cass County | 107,824 |
| 15 | Platte County | 106,718 |
| 16 | Franklin County | 104,682 |
| 17 | City of Lee's Summit | 101,108 |
| 18 | City of O'Fallon | 91,316 |
| 19 | Christian County | 88,842 |
| 20 | Buchanan County | 84,793 |
| 21 | Cape Girardeau County | 81,710 |
| 22 | Cole County | 77,279 |
| 23 | City of St. Joseph | 72,473 |
| 24 | City of St. Charles | 70,493 |
| 25 | St. Francois County | 66,922 |
| 26 | Lincoln County | 59,574 |
| 27 | Newton County | 58,648 |
| 28 | City of Blue Springs | 58,603 |
| 29 | City of St. Peters | 57,732 |
| 30 | Taney County | 56,066 |
| 31 | Johnson County | 54,013 |
| 32 | Pulaski County | 53,955 |
| 33 | City of Florissant | 52,533 |
| 34 | City of Joplin | 51,762 |
| 35 | City of Chesterfield | 49,999 |
| 36 | Phelps County | 44,638 |
| 37 | City of Wentzville | 44,372 |
| 38 | Callaway County | 44,283 |
| 39 | City of Jefferson | 43,228 |
| 40 | Pettis County | 42,980 |

1

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| 41 | Camden County | 42,745 |
|----|---------------|--------|
| 42 | Butler County | 42,130 |
| 43 | Howell County | 39,750 |
| 44 | City of Cape Girardeau | 39,540 |
| 45 | Webster County | 39,085 |
| 46 | Scott County | 38,059 |
| 47 | Lawrence County | 38,001 |
| 48 | City of Oakville | 36,301 |
| 49 | Laclede County | 36,039 |
| 50 | Warren County | 35,532 |
| 51 | City of Wildwood | 35,417 |
| 52 | University City | 35,065 |
| 53 | Barry County | 34,534 |
| 54 | Lafayette County | 32,984 |
| 55 | Polk County | 31,519 |
| 56 | City of Ballwin | 31,103 |
| 57 | Stone County | 31,076 |
| 58 | City of Liberty | 30,167 |
| 59 | City of Raytown | 30,012 |
| 60 | City of Kirkwood | 29,461 |
| 61 | City of Mehlville | 28,955 |
| 62 | Stoddard County | 28,672 |
| 63 | Marion County | 28,525 |
| 64 | City of Maryland Heights | 28,284 |
| 65 | Dunklin County | 28,283 |
| 66 | City of Gladstone | 27,063 |
| 67 | City of Grandview | 26,209 |
| 68 | City of Hazelwood | 25,548 |
| 69 | Adair County | 25,314 |
| 70 | Audrain County | 24,962 |
| 71 | Miller County | 24,722 |
| 72 | Randolph County | 24,716 |
| 73 | Texas County | 24,487 |
| 74 | City of Webster Groves | 24,010 |
| 75 | City of Belton | 23,953 |
| 76 | Washington County | 23,514 |
| 77 | Saline County | 23,333 |
| 78 | McDonald County | 23,303 |
| 79 | City of Nixa | 23,257 |
| 80 | Ray County | 23,158 |
| 81 | Crawford County | 23,056 |
| 82 | City of Raymore | 22,941 |
| 83 | Henry County | 21,946 |
| 84 | City of Sedalia | 21,725 |
| 85 | City of Ozark | 21,284 |

Electronically Filed - Jackson - Kansas City - January 11, 2023 - 11:07 AM

| 86 | Nodaway County | 21,241 |
|----|----------------|--------|
| 87 | Clinton County | 21,184 |
| 88 | Morgan County | 21,006 |
| 89 | City of Arnold | 20,858 |
| 90 | City of Affton | 20,417 |

3



# CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

415 E 12TH
KANSAS CITY, MISSOURI 64106

**MARY A. MARQUEZ**
Court Administrator

**ANTONIA CRAIG**
Director of Civil Records

JANUARY 25, 2023

ANDREW BAILEY, Attorney General
Supreme Court Building
PO Box 899
Jefferson City, Missouri  65102

RE :   JACKSON COUNTY, MISSO V ELI LILLY AND COMPANY ET A

Case No:  2316-CV01801

Enclosed is a copy of the petition filed in the above case.  You are being notified of this action in accordance with Section 407.25 R.S.Mo.

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____Clerk

Enclosure
Mc:  Case File Folder

Case no.  2316-CV01801                 Page 1 of 1                 DMSLCI3 (2/2017)



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:   ELI LILLY AND COMPANY**

# FOR ENTRY

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

25-JAN-2023
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  SANOFI-AVENTIS U.S. LLC**

**FOR ENTRY**

**Alias:**

**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

<u>25-JAN-2023</u>
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only: Document ID# 23-SFCM-6*   1 of 2

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                              Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Service by First Class Mail

**The State of Missouri to:  NOVO NORDISK INC.**                **FOR ENTRY**

**Alias:**

**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>                                          _____
Date Issued                                                                          Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only: Document ID# 23-SFCM-7*                1 of 2

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13                         Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  CVS HEALTH CORPORATION**
                **Alias:**

# FOR ENTRY

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**



*COURT SEAL OF*

*JACKSON COUNTY*

      You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

    25-JAN-2023                                        
    Date Issued                                       Clerk

Further Information:

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:   CVS PHARMACY, INC.              **FOR ENTRY**

Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>               _____
Date Issued                                          Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only: Document ID# 23-SFCM-9*                     1 of 2

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                        Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:** CAREMARK RX, LLC
**Alias:**

# FOR ENTRY

1209 ORANGE STREET
WILMINGTON, DE 19801

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

25-JAN-2023
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail. Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                          Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:**  CAREMARK LLC          FOR ENTRY

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>      25-JAN-2023      </u>          _____
         Date Issued                                                    Clerk

Further Information:

---

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13

Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:  **CAREMARKPCS HEALTH, LLC**       **FOR ENTRY**

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*



*JACKSON COUNTY*

        You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

      25-JAN-2023                                    _____
      Date Issued                                                                Clerk

Further Information:

### Directions to Clerk

      The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:  **EVERNORTH HEALTH, INC.**          **FOR ENTRY**

                        **Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105



*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

        <u>25-JAN-2023</u>                    _____
        Date Issued                                Clerk

    Further Information:

---

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  EXPRESS SCRIPTS, INC.**     **FOR ENTRY**

        **Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

*JACKSON COUNTY*

    You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

       25-JAN-2023                          _____
          Date Issued                                   Clerk

Further Information:

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                  Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

| | |
|---|---|
| The State of Missouri to:  **EXPRESS SCRIPTS ADMINISTRATORS, LLC** | |
| **Alias:** | **FOR ENTRY** |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>
Date Issued

_____ Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13            Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI<br><br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  MEDCO HEALTH SOLUTIONS, INC.**          **FOR ENTRY**

**Alias:**

**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*JACKSON COUNTY*

   You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>                          _____
Date Issued                                                        Clerk

Further Information:

### Directions to Clerk

   The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only:* Document ID# 23-SFCM-16          1 of 2

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                                    Circuit Court of Jackson County

Revised 7/3/13                  Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:   **ESI MAIL PHARMACY SERVICE, INC.**          **FOR ENTRY**

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>    25-JAN-2023    </u>          _____
         Date Issued                                         Clerk

Further Information:

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13

Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |

<div align="right">(Date File Stamp)</div>

## Summons for Service by First Class Mail

**The State of Missouri to:  EXPRESS SCRIPTS PHARMACY, INC.**        **FOR ENTRY**

**Alias:**

**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**



*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>  25-JAN-2023  </u>                    _____
      Date Issued                                             Clerk

Further Information:

### Directions to Clerk

        The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  UNITEDHEALTH GROUP, INC.**

**FOR ENTRY**

Alias:

1209 ORANGE STREET
WILMINGTON, DE  19801

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>
Date Issued

_____ Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                   Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:** OPTUM INC.

# FOR ENTRY

**Alias:**

1209 ORANGE STREET
WILMINGTON, DE  19801

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

25-JAN-2023
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                              Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:** 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  OPTUMINSIGHT, INC.**                     **FOR ENTRY**

                                    **Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

          25-JAN-2023                                    _____
          Date Issued                                                      Clerk

     Further Information:

### Directions to Clerk

     The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:  OPTUMRX HOLDINGS, LLC**  **FOR ENTRY**

**Alias:**

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**

*COURT SEAL OF*

*JACKSON COUNTY*

    You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

_25-JAN-2023_
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only:* Document ID# 23-SFCM-22          1 of 2

**SUMMONS/GARNISHMENT SERVICE PACKETS**
**ATTORNEY INFORMATION**

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney



# IN THE 16TH JUDICIAL CIRCUIT **COURT,** JACKSON COUNTY, **MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br><br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br><br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:   OPTUMRX, INC.**

# FOR ENTRY

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*JACKSON COUNTY*

    You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>25-JAN-2023</u>
Date Issued

_____
Clerk

Further Information:

## Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                      Service Information - Attorney

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**JACKSON COUNTY, MISSOURI,**

               **PLAINTIFF(S),**               **CASE NO.** 2316-CV01801

**VS.**                                       **DIVISION 7**

**ELI LILLY AND COMPANY,**

               **DEFENDANT(S).**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **S MARGENE BURNETT** on **02-MAY-2023** in **DIVISION 7** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at <u>www.16thcircuit.org</u> after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ S MARGENE BURNETT
S MARGENE BURNETT, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ERIC LANDON DIRKS, 1100 MAIN ST, SUITE 2600, KANSAS CITY, MO 64105

MICHAEL A WILLIAMS, SUITE 2600, 1100 MAIN STREET, KANSAS CITY, MO 64105

MATTHEW LEE DAMERON, WILLIAMS DIRKS DAMERON LLC, 1100 MAIN STREET, SUITE 2600, KANSAS CITY, MO 64105

Defendant(s):
ELI LILLY AND COMPANY
SANOFI-AVENTIS U.S. LLC
NOVO NORDISK INC.
CVS HEALTH CORPORATION
CVS PHARMACY, INC.
CAREMARK RX, LLC

CAREMARK LLC
CAREMARKPCS HEALTH, LLC
EVERNORTH HEALTH, INC.
EXPRESS SCRIPTS, INC.
EXPRESS SCRIPTS ADMINISTRATORS, LLC
MEDCO HEALTH SOLUTIONS, INC.
ESI MAIL PHARMACY SERVICE, INC.
EXPRESS SCRIPTS PHARMACY, INC.
UNITEDHEALTH GROUP, INC.
OPTUM INC.
OPTUMINSIGHT, INC.
OPTUMRX HOLDINGS, LLC
OPTUMRX, INC.

Dated: 25-JAN-2023                                     MARY A. MARQUEZ
                                                      Court Administrator

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

## IN THE SIXTEENTH JUDICIAL CIRCUIT COURT OF
## JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| JACKSON COUNTY, MISSOURI,<br>on behalf of itself and the proposed Class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2316-CV01801 |
| ELI LILLY AND COMPANY, | ) ) | **JURY TRIAL DEMANDED** |
| NOVO NORDISK, INC., | ) ) | |
| SANOFI-AVENTIS U.S. LLC, | ) ) | |
| EVERNORTH HEALTH, INC.,<br>EXPRESS SCRIPTS, INC.,<br>EXPRESS SCRIPTS ADMINISTRATORS,<br>LLC<br>ESI MAIL PHARMACY SERVICE, INC.,<br>EXPRESS SCRIPTS PHARMACY, INC.,<br>MEDCO HEALTH SOLUTIONS, INC., | ) ) ) ) ) ) ) ) | |
| CVS HEALTH CORPORATION,<br>CVS PHARMACY, INC.,<br>CAREMARK RX LLC,<br>CAREMARK PCS HEALTH, LLC,<br>CAREMARK LLC, | ) ) ) ) ) ) | |
| UNITEDHEALTH GROUP, INC.,<br>OPTUM, INC.,<br>OPTUMRX, INC.,<br>OPTUMRX HOLDINGS LLC, and<br>OPTUMINSIGHT, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff Jackson County, Missouri, on behalf of itself and the proposed class, by

and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves

for the appointment of HPS Process Service & Investigations, Inc.:

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| | | | |
|---|---|---|---|
| Zenedria Abston | PPS23-0213 | Michael Dunard | PPS23-0046 |
| Vikki Acord | PPS23-0214 | Donald Eskra Jr. | PPS23-0254 |
| Donna Arciuolo | PPS23-0004 | Sadie Estes | PPS23-0255 |
| Tracy Arnold | PPS23-0218 | Cindy Ethridge | PPS23-0256 |
| Vanessa Arredondo | PPS23-0220 | Robert Fairbanks | PPS23-0257 |
| Tonya Arruda | PPS23-0221 | William Ferrell | PPS23-0258 |
| Jodi Ashworth | PPS23-0005 | Ryan Fortune | PPS23-0262 |
| Joseph Baska | PPS23-0008 | James Frago | PPS23-0054 |
| Allison Bernardo | PPS23-0011 | John Frago | PPS23-0055 |
| Keith Blanchard | PPS23-0225 | Richard Gerber | PPS23-0266 |
| Alexander Blea | PPS23-0012 | Kurie Ghersini | PPS23-0057 |
| Dianna Blea | PPS23-0013 | Adam Golden | PPS23-0058 |
| Richard Blea | PPS23-0226 | Bradley Gordon | PPS23-0059 |
| Kathy Broom | PPS23-0020 | Thomas Gorgen | PPS23-0060 |
| Randy Burrow | PPS23-0022 | Kimberly Greenway | PPS23-0061 |
| Gary Burt | PPS23-0023 | Paul Grimes | PPS23-0267 |
| Stephen Buskirk | PPS23-0233 | Mark Hagood | PPS23-0063 |
| Steven Butcher | PPS23-0234 | Eric Hahn | PPS23-0064 |
| Danny Callahan | PPS23-0024 | Nastassja Hall | PPS23-0268 |
| Jake Callahan | PPS23-0025 | Darnell Hamilton | PPS23-0066 |
| Anna Canole | PPS23-0235 | James Hannah | PPS23-0067 |
| Charles Casey | PPS23-0027 | James Ray Harvey | PPS23-0068 |
| George Castillo | PPS23-0028 | Grace Hazell | PPS23-0069 |
| Scott Cisney | PPS23-0238 | Stephen Heitz | PPS23-0269 |
| Kathleen Clor | PPS23-0240 | Austen Hendrickson | PPS23-0070 |
| Glen Cobb | PPS23-0030 | Sharon Hendrickson | PPS23-0071 |
| Chad Compton | PPS23-0033 | Elizabeth Henson | PPS23-0072 |
| Melody Compton | PPS23-0034 | Jessie Hernandez | PPS23-0271 |
| George Covert | PPS23-0035 | Michael Hibler | PPS23-0073 |
| Peggy Cranston-Butcher | PPS23-0037 | Shelby Hibler | PPS23-0272 |
| Ernest Dahl | PPS23-0038 | Trinity Hibler | PPS23-0273 |
| Vito Davis | PPS23-0242 | James Hise | PPS23-0075 |
| Bryce Dearborn | PPS23-0243 | Tony Hitt | PPS23-0274 |
| Robert DeLacy III | PPS23-0244 | Aaron Holt | PPS23-0076 |
| Robert DeLacy Jr. | PPS23-0245 | Martin Hueckel | PPS23-0078 |
| Dominic DellaPorte | PPS23-0039 | Michael Huffman | PPS23-0079 |
| Claudia Dohn | PPS23-0041 | Pamela Huffman | PPS23-0080 |
| Aaron Donarski | PPS23-0044 | Anthony Iavarone | PPS23-0083 |
| Amy Donarski | PPS23-0043 | Megan Jagos | PPS23-0084 |
| Dale Dorning | PPS23-0045 | Frank James | PPS23-0275 |
| Alexander Duaine | PPS23-0250 | Zachary Jenkins | PPS23-0277 |

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| | | | |
|---|---|---|---|
| Betty Johnson | PPS23-0085 | Jose Pena | PPS23-0307 |
| Brent Kirkhart | PPS23-0089 | George Perry | PPS23-0134 |
| Janice Kirkhart | PPS23-0090 | Timothy Pinney | PPS23-0310 |
| Tyler Kirkhart | PPS23-0091 | Nancy Porter | PPS23-0311 |
| Kenneth Klewicki | PPS23-0092 | Kourtney Potter-Acord | PPS23-0140 |
| Michele Kriner | PPS23-0280 | Benjamin Purser | PPS23-0148 |
| Kelly Land | PPS23-0095 | Larry Quintanilla | PPS23-0312 |
| James LaRiviere | PPS23-0098 | Richard Ramirez | PPS23-0313 |
| Marcus Lawing | PPS23-0099 | James Reap | PPS23-0149 |
| John Lichtenegger | PPS23-0101 | Christopher Reed | PPS23-0150 |
| Bryan Liebhart | PPS23-0102 | Cheryl Richey | PPS23-0152 |
| Bert Lott | PPS23-0104 | Richard Rober | PPS23-0316 |
| Rex Louar | PPS23-0283 | David Roberts | PPS23-0156 |
| Robert Maliuuk | PPS23-0285 | Patricia Roberts | PPS23-0157 |
| Winnonna Maliuuk | PPS23-0286 | Anthony Roscoe | PPS23-0317 |
| Michael Marra | PPS23-0105 | Richard Ross | PPS23-0318 |
| Thomas Matthews | PPS23-0288 | Steve Rozhon | PPS23-0319 |
| Shauntranise McGee | PPS23-0291 | Kathy Rulo | PPS23-0165 |
| Michael McMahon | PPS23-0292 | Edna Russell | PPS23-0166 |
| Michael C Meador | PPS23-0111 | Robert Sanders | PPS23-0320 |
| James Meadows | PPS23-0112 | Brenda Schiwitz | PPS23-0167 |
| Krista Meadows | PPS23-0293 | Nathaniel Scott | PPS23-0321 |
| Jerry Melber | PPS23-0113 | Joe Sherrod | PPS23-0169 |
| Jenna Mendoza | PPS23-0114 | Kenneth Short | PPS23-0326 |
| Matthew Millhollin | PPS23-0117 | Anita Skillern | PPS23-0173 |
| Carla Monegain | PPS23-0298 | Thomas Skinner | PPS23-0174 |
| Christopher Moore | PPS23-0297 | Brian Smith | PPS23-0175 |
| Michael Morrison | PPS23-0299 | Bryan Smith | PPS23-0176 |
| Zachary Mueller | PPS23-0300 | Anthony Spada | PPS23-0179 |
| Paul Nardizzi | PPS23-0303 | Melissa Spencer-Bryant | PPS23-0180 |
| Wendy Neff | PPS23-0304 | Keith Stalcup | PPS23-0181 |
| Jeremy Nicholas | PPS23-0119 | Barbara Steil | PPS23-0182 |
| Jeffrey Nichols | PPS23-0121 | Paul Steil | PPS23-0183 |
| Michael Noble | PPS23-0123 | Randy Stone | PPS23-0184 |
| Colter Norris | PPS23-0125 | Sonja Stone | PPS23-0185 |
| Dennis Norris | PPS23-0126 | Steven Stosur | PPS23-0328 |
| Kody Norris | PPS23-0127 | Cody Swartz | PPS23-0189 |
| Daryl Oestreich | PPS23-0130 | Ramona Talvacchio | PPS23-0329 |
| Craig Palmer | PPS23-0306 | Jeffrey Teitel | PPS23-0191 |
| Cynthia Paris | PPS23-0131 | Gabriel Tranum | PPS23-0193 |
| Cody Patton | PPS23-0133 | Blanca Vazquez | PPS23-0337 |

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| Robert Vick II | PPS23-0338 |
|---|---|
| Bradley Votaw | PPS23-0196 |
| Joseph Wachowski | PPS23-0339 |
| Stephen Waters | PPS23-0197 |
| Barbara West | PPS23-0343 |

| Jonathan Wilkerson | PPS23-0205 |
|---|---|
| Gregory Willing | PPS23-0206 |
| Conni Wilson | PPS23-0208 |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*

Matthew L. Dameron          MO Bar No. 52093
Michael A. Williams          MO Bar No. 47538
Eric L. Dirks                MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:          (816) 945-7100
Facsimile:          (816) 945-7118
matt@williamsdirks.com
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**OFFICE OF THE JACKSON COUNTY COUNSELOR**
Bryan O. Covinsky
County Counselor
415 East Twelfth Street, Suite 200
Kansas City, Missouri 64106
Telephone:          (816) 881-3442
Facsimile:          (816) 881-3398
bcovinsky@jacksongov.org

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____

                                                                    Judge or Circuit Clerk

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 02:59 PM

**IN THE SIXTEENTH JUDICIAL CIRCUIT COURT OF
JACKSON COUNTY, MISSOURI**

| | | |
|---|---|---|
| JACKSON COUNTY, MISSOURI, <br> on behalf of itself and the proposed Class, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 2316-CV01801 |
| ELI LILLY AND COMPANY, | ) <br> ) | **JURY TRIAL DEMANDED** |
| NOVO NORDISK, INC., | ) <br> ) | |
| SANOFI-AVENTIS U.S. LLC, | ) <br> ) | |
| EVERNORTH HEALTH, INC., <br> EXPRESS SCRIPTS, INC., <br> EXPRESS SCRIPTS ADMINISTRATORS, <br> LLC <br> ESI MAIL PHARMACY SERVICE, INC., <br> EXPRESS SCRIPTS PHARMACY, INC., <br> MEDCO HEALTH SOLUTIONS, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| CVS HEALTH CORPORATION, <br> CVS PHARMACY, INC., <br> CAREMARK RX LLC, <br> CAREMARK PCS HEALTH, LLC, <br> CAREMARK LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| UNITEDHEALTH GROUP, INC., <br> OPTUM, INC., <br> OPTUMRX, INC., <br> OPTUMRX HOLDINGS LLC, and <br> OPTUMINSIGHT, INC. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

**REQUEST FOR ALIAS SUMMONS AND SERVICE INSTRUCTIONS**

**To:    Jackson County Circuit Clerk**

Please issue Alias Summonses in this action for the following defendants listed below

to be served via private process server. The addresses for the summonses are indicated below:

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 02:59 PM

- Eli Lilly and Company: 120 South Central Avenue, Clayton, MO 63105,

- CVS Health Corporation: 1209 Orange Street, Wilmington, DE 19801,

- CVS Pharmacy, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Caremark RX, LLC: 1209 Orange Street, Wilmington, DE 19801,

- Caremark LLC: 120 South Central Avenue, Clayton, MO 63105,

- CaremarkPCS Health, LLC: 120 South Central Avenue, Clayton, MO 63105,

- Novo Nordisk Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Evernorth Health, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Express Scripts, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Express Scripts Administrators, LLC: 120 South Central Avenue, Clayton, MO 63105,

- ESI Mail Pharmacy Service, Inc.: 120 South Central Avenue, Clayton, MO 631015,

- Medco Health Solutions, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Express Scripts Pharmacy, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- Sanofi-Aventus U.S. LLC: 221 Bolivar Street, Jefferson City, MO 65101,

- UnitedHealth Group, Inc.: 1209 Orange Street, Wilmington, DE 19801,

- Optum, Inc.: 1209 Orange Street, Wilmington, DE 19801,

- OptumInsight, Inc.: 120 South Central Avenue, Clayton, MO 63105,

- OptumRX Holdings, LLC: 1209 Orange Street, Wilmington, DE 19801,

- OptumRX, Inc.: 120 South Central Avenue, Clayton, MO 63105.

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 02:59 PM

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*

| | |
|---|---|
| Matthew L. Dameron | MO Bar No. 52093 |
| Michael A. Williams | MO Bar No. 47538 |
| Eric L. Dirks | MO Bar No. 54921 |

1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:          (816) 945-7100
Facsimile:           (816) 945-7118
matt@williamsdirks.com
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**OFFICE OF THE JACKSON COUNTY COUNSELOR**
Bryan O. Covinsky
County Counselor
415 East Twelfth Street, Suite 200
Kansas City, Missouri 64106
Telephone:          (816) 881-3442
Facsimile:           (816) 881-3398
bcovinsky@jacksongov.org



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |

vs.

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to:  ELI LILLY AND COMPANY<br>Alias:<br>**120 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** | **PRIVATE PROCESS SERVER** |
|---|---|



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                        Date                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | SANOFI-AVENTIS U.S. LLC |
|---|---|
| | Alias: |

**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date                                                 Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                          Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

    Subscribed and sworn to before me on _____ (date).

    My commission expires: _____      _____
                               Date                                  Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-1813   1 of   1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 133 of 216

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                              Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

vs.

## Summons in Civil Case

The State of Missouri to: NOVO NORDISK INC.
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                        Date                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-1818    1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | CVS PHARMACY, INC. |
|---|---|

**Alias:**

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

*(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                        Date                          Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** CAREMARK LLC<br>Alias:<br><br>**120 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** | **PRIVATE PROCESS SERVER** |



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date                                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                Date                                               Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** CAREMARKPCS HEALTH, LLC<br><br>**120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105** | Alias:<br><br>## PRIVATE PROCESS SERVER |



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                               Date                                                    Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

<div align="center">

### Summons in Civil Case

</div>

| | |
|---|---|
| **The State of Missouri to:** | **EVERNORTH HEALTH, INC.**<br>Alias: |
| 120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | **PRIVATE PROCESS SERVER** |



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>17-FEB-2023</u>
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | EXPRESS SCRIPTS, INC. |
|---|---|
| | Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

17-FEB-2023
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server              Signature of Sheriff or Server

*(Seal)*   **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                 Date                Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT **COURT,** JACKSON COUNTY, **MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | EXPRESS SCRIPTS ADMINISTRATORS, LLC |
|---|---|
| | Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

# PRIVATE PROCESS SERVER

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

17-FEB-2023
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                          Date                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-1829    1 of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 147 of 218

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT **COURT**, JACKSON COUNTY, **MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | MEDCO HEALTH SOLUTIONS, INC. |
|---|---|
| | Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

# PRIVATE PROCESS SERVER



***COURT SEAL OF***

***JACKSON COUNTY***

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 17-FEB-2023 | |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                                Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | ESI MAIL PHARMACY SERVICE, INC. |
|---|---|

**Alias:**

**120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105**

# PRIVATE PROCESS SERVER

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*JACKSON COUNTY*

17-FEB-2023
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

*(Seal)*   **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____       _____
Date                                            Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | *(Date File Stamp)* |

## Summons in Civil Case

**The State of Missouri to:** EXPRESS SCRIPTS PHARMACY, INC.
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>17-FEB-2023</u>
Date

_____  Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

    *(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                 Date                                Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-1834   1 of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 153 of 216

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
| Plaintiff/Petitioner:<br> JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br> ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **OPTUMINSIGHT, INC.** |
| | **Alias:** |

**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
——————————
Date

——————————
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                    Signature of Sheriff or Server

*(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                  Date                                         Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: OPTUMRX, INC.<br>Alias:<br><br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | **PRIVATE PROCESS SERVER** |
|---|---|



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*    **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number:  2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to:  **CVS HEALTH CORPORATION** |
|---|

**Alias:**

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>17-FEB-2023</u>
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
    - ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    - ☐ other _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
*(Seal)*  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

### Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent.  If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:  CAREMARK RX, LLC<br>　　　　　　　　　　　Alias: | |
| **1209 ORANGE STREET<br>WILMINGTON, DE  19801** | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*

*JACKSON COUNTY*

　　　　You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default is taken against you for the relief demanded in this action.

17-FEB-2023
Date ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.　I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.　My official title is ＿＿＿＿＿＿＿＿＿＿＿＿＿＿ of ＿＿＿＿＿＿＿＿＿＿ County, ＿＿＿＿＿＿＿＿ (state).
3.　I have served the above summons by:  (check one)
　　☐　delivering a copy of the summons and petition to the Defendant/Respondent.
　　☐　leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿, a person at least 18 years of age residing therein.
　　☐　(for service on a corporation) delivering a copy of the summons and petition to
　　　　＿＿＿＿＿＿＿＿＿＿＿＿ (name) ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ (title).
　　☐　other ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿.
Served at ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ (address)
in ＿＿＿＿＿＿＿＿＿＿ County, ＿＿＿＿＿＿＿＿ (state), on ＿＿＿＿＿＿＿ (date) at ＿＿＿＿＿＿ (time).

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　Printed Name of Sheriff or Server　　　　　　　　　　Signature of Sheriff or Server

**Subscribed and sworn to** me before this ＿＿＿＿ (day) ＿＿＿＿＿＿ (month) ＿＿＿＿ (year)
I am: (check one)　☐　the clerk of the court of which affiant is an officer.
　　　　　　　　　☐　the judge of the court of which affiant is an officer.
*(Seal)*　　　　　☐　authorized to administer oaths in the state in which the affiant served the above summons.
　　　　　　　　　　　(use for out-of-state officer)
　　　　　　　　　☐　authorized to administer oaths.  (use for court-appointed server)

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $＿＿＿＿＿＿＿＿＿＿ |
| Non Est | $＿＿＿＿＿＿＿＿＿＿ |
| Mileage | $＿＿＿＿＿＿＿＿＿＿ (＿＿＿＿ miles @ $＿＿＿ per mile) |
| **Total** | $＿＿＿＿＿＿＿＿＿＿ |

　　　　　　**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:  2316-CV01801** |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| **vs.** | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:  UNITEDHEALTH GROUP, INC.<br>           Alias: | |

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>17-FEB-2023</u>
Date                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

                **Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
                I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*                         ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                     (use for out-of-state officer)
                        ☐ authorized to administer oaths.  (use for court-appointed server)

                                    _____
                                     Signature and Title

**Service Fees, if applicable**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

            **See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent.  If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **OPTUM INC.**
**Alias:**

1209 ORANGE STREET
WILMINGTON, DE  19801

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>17-FEB-2023</u>
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
*(Seal)*   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (11/2021) SM60 (JAKSMOS) For Court Use Only: Document ID# 23-SMOS-236   1  of 2      (2316-CV01801)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent.  If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Rules 54.06, 54.07, 54.14, 54.20, 506.500, 506.510 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **OPTUMRX HOLDINGS, LLC**
Alias:

1209 ORANGE STREET
WILMINGTON, DE  19801

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>17-FEB-2023</u>
Date _____ Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    ☐ other _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent.  If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

**IN THE SIXTEENTH JUDICIAL CIRCUIT COURT OF
JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| JACKSON COUNTY, MISSOURI,<br>on behalf of itself and the proposed Class,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>NOVO NORDISK, INC.,<br><br>SANOFI-AVENTIS U.S. LLC,<br><br>EVERNORTH HEALTH, INC.,<br>EXPRESS SCRIPTS, INC.,<br>EXPRESS SCRIPTS ADMINISTRATORS,<br>LLC<br>ESI MAIL PHARMACY SERVICE, INC.,<br>EXPRESS SCRIPTS PHARMACY, INC.,<br>MEDCO HEALTH SOLUTIONS, INC.,<br><br>CVS HEALTH CORPORATION,<br>CVS PHARMACY, INC.,<br>CAREMARK RX LLC,<br>CAREMARK PCS HEALTH, LLC,<br>CAREMARK LLC,<br><br>UNITEDHEALTH GROUP, INC.,<br>OPTUM, INC.,<br>OPTUMRX, INC.,<br>OPTUMRX HOLDINGS LLC, and<br>OPTUMINSIGHT, INC.<br><br>Defendants. | Case No. 2316-CV01801<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff Jackson County, Missouri, on behalf of itself and the proposed class, by

and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves

for the appointment of HPS Process Service & Investigations, Inc.:

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| | | | |
|---|---|---|---|
| Zenedria Abston | PPS23-0213 | Michael Dunard | PPS23-0046 |
| Vikki Acord | PPS23-0214 | Donald Eskra Jr. | PPS23-0254 |
| Donna Arciuolo | PPS23-0004 | Sadie Estes | PPS23-0255 |
| Tracy Arnold | PPS23-0218 | Cindy Ethridge | PPS23-0256 |
| Vanessa Arredondo | PPS23-0220 | Robert Fairbanks | PPS23-0257 |
| Tonya Arruda | PPS23-0221 | William Ferrell | PPS23-0258 |
| Jodi Ashworth | PPS23-0005 | Ryan Fortune | PPS23-0262 |
| Joseph Baska | PPS23-0008 | James Frago | PPS23-0054 |
| Allison Bernardo | PPS23-0011 | John Frago | PPS23-0055 |
| Keith Blanchard | PPS23-0225 | Richard Gerber | PPS23-0266 |
| Alexander Blea | PPS23-0012 | Kurie Ghersini | PPS23-0057 |
| Dianna Blea | PPS23-0013 | Adam Golden | PPS23-0058 |
| Richard Blea | PPS23-0226 | Bradley Gordon | PPS23-0059 |
| Kathy Broom | PPS23-0020 | Thomas Gorgen | PPS23-0060 |
| Randy Burrow | PPS23-0022 | Kimberly Greenway | PPS23-0061 |
| Gary Burt | PPS23-0023 | Paul Grimes | PPS23-0267 |
| Stephen Buskirk | PPS23-0233 | Mark Hagood | PPS23-0063 |
| Steven Butcher | PPS23-0234 | Eric Hahn | PPS23-0064 |
| Danny Callahan | PPS23-0024 | Nastassja Hall | PPS23-0268 |
| Jake Callahan | PPS23-0025 | Darnell Hamilton | PPS23-0066 |
| Anna Canole | PPS23-0235 | James Hannah | PPS23-0067 |
| Charles Casey | PPS23-0027 | James Ray Harvey | PPS23-0068 |
| George Castillo | PPS23-0028 | Grace Hazell | PPS23-0069 |
| Scott Cisney | PPS23-0238 | Stephen Heitz | PPS23-0269 |
| Kathleen Clor | PPS23-0240 | Austen Hendrickson | PPS23-0070 |
| Glen Cobb | PPS23-0030 | Sharon Hendrickson | PPS23-0071 |
| Chad Compton | PPS23-0033 | Elizabeth Henson | PPS23-0072 |
| Melody Compton | PPS23-0034 | Jessie Hernandez | PPS23-0271 |
| George Covert | PPS23-0035 | Michael Hibler | PPS23-0073 |
| Peggy Cranston-Butcher | PPS23-0037 | Shelby Hibler | PPS23-0272 |
| Ernest Dahl | PPS23-0038 | Trinity Hibler | PPS23-0273 |
| Vito Davis | PPS23-0242 | James Hise | PPS23-0075 |
| Bryce Dearborn | PPS23-0243 | Tony Hitt | PPS23-0274 |
| Robert DeLacy III | PPS23-0244 | Aaron Holt | PPS23-0076 |
| Robert DeLacy Jr. | PPS23-0245 | Martin Hueckel | PPS23-0078 |
| Dominic DellaPorte | PPS23-0039 | Michael Huffman | PPS23-0079 |
| Claudia Dohn | PPS23-0041 | Pamela Huffman | PPS23-0080 |
| Aaron Donarski | PPS23-0044 | Anthony Iavarone | PPS23-0083 |
| Amy Donarski | PPS23-0043 | Megan Jagos | PPS23-0084 |
| Dale Dorning | PPS23-0045 | Frank James | PPS23-0275 |
| Alexander Duaine | PPS23-0250 | Zachary Jenkins | PPS23-0277 |

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| Name | ID | Name | ID |
|------|-----|------|-----|
| Betty Johnson | PPS23-0085 | Jose Pena | PPS23-0307 |
| Brent Kirkhart | PPS23-0089 | George Perry | PPS23-0134 |
| Janice Kirkhart | PPS23-0090 | Timothy Pinney | PPS23-0310 |
| Tyler Kirkhart | PPS23-0091 | Nancy Porter | PPS23-0311 |
| Kenneth Klewicki | PPS23-0092 | Kourtney Potter-Acord | PPS23-0140 |
| Michele Kriner | PPS23-0280 | Benjamin Purser | PPS23-0148 |
| Kelly Land | PPS23-0095 | Larry Quintanilla | PPS23-0312 |
| James LaRiviere | PPS23-0098 | Richard Ramirez | PPS23-0313 |
| Marcus Lawing | PPS23-0099 | James Reap | PPS23-0149 |
| John Lichtenegger | PPS23-0101 | Christopher Reed | PPS23-0150 |
| Bryan Liebhart | PPS23-0102 | Cheryl Richey | PPS23-0152 |
| Bert Lott | PPS23-0104 | Richard Rober | PPS23-0316 |
| Rex Louar | PPS23-0283 | David Roberts | PPS23-0156 |
| Robert Maliuuk | PPS23-0285 | Patricia Roberts | PPS23-0157 |
| Winnonna Maliuuk | PPS23-0286 | Anthony Roscoe | PPS23-0317 |
| Michael Marra | PPS23-0105 | Richard Ross | PPS23-0318 |
| Thomas Matthews | PPS23-0288 | Steve Rozhon | PPS23-0319 |
| Shauntranise McGee | PPS23-0291 | Kathy Rulo | PPS23-0165 |
| Michael McMahon | PPS23-0292 | Edna Russell | PPS23-0166 |
| Michael C Meador | PPS23-0111 | Robert Sanders | PPS23-0320 |
| James Meadows | PPS23-0112 | Brenda Schiwitz | PPS23-0167 |
| Krista Meadows | PPS23-0293 | Nathaniel Scott | PPS23-0321 |
| Jerry Melber | PPS23-0113 | Joe Sherrod | PPS23-0169 |
| Jenna Mendoza | PPS23-0114 | Kenneth Short | PPS23-0326 |
| Matthew Millhollin | PPS23-0117 | Anita Skillern | PPS23-0173 |
| Carla Monegain | PPS23-0298 | Thomas Skinner | PPS23-0174 |
| Christopher Moore | PPS23-0297 | Brian Smith | PPS23-0175 |
| Michael Morrison | PPS23-0299 | Bryan Smith | PPS23-0176 |
| Zachary Mueller | PPS23-0300 | Anthony Spada | PPS23-0179 |
| Paul Nardizzi | PPS23-0303 | Melissa Spencer-Bryant | PPS23-0180 |
| Wendy Neff | PPS23-0304 | Keith Stalcup | PPS23-0181 |
| Jeremy Nicholas | PPS23-0119 | Barbara Steil | PPS23-0182 |
| Jeffrey Nichols | PPS23-0121 | Paul Steil | PPS23-0183 |
| Michael Noble | PPS23-0123 | Randy Stone | PPS23-0184 |
| Colter Norris | PPS23-0125 | Sonja Stone | PPS23-0185 |
| Dennis Norris | PPS23-0126 | Steven Stosur | PPS23-0328 |
| Kody Norris | PPS23-0127 | Cody Swartz | PPS23-0189 |
| Daryl Oestreich | PPS23-0130 | Ramona Talvacchio | PPS23-0329 |
| Craig Palmer | PPS23-0306 | Jeffrey Teitel | PPS23-0191 |
| Cynthia Paris | PPS23-0131 | Gabriel Tranum | PPS23-0193 |
| Cody Patton | PPS23-0133 | Blanca Vazquez | PPS23-0337 |

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

| Robert Vick II | PPS23-0338 |
|---|---|
| Bradley Votaw | PPS23-0196 |
| Joseph Wachowski | PPS23-0339 |
| Stephen Waters | PPS23-0197 |
| Barbara West | PPS23-0343 |

| Jonathan Wilkerson | PPS23-0205 |
|---|---|
| Gregory Willing | PPS23-0206 |
| Conni Wilson | PPS23-0208 |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*
Matthew L. Dameron MO Bar No. 52093
Michael A. Williams MO Bar No. 47538
Eric L. Dirks MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7100
Facsimile: (816) 945-7118
matt@williamsdirks.com
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**OFFICE OF THE JACKSON COUNTY COUNSELOR**
Bryan O. Covinsky
County Counselor
415 East Twelfth Street, Suite 200
Kansas City, Missouri 64106
Telephone: (816) 881-3442
Facsimile: (816) 881-3398
bcovinsky@jacksongov.org

Electronically Filed - Jackson - Kansas City - February 07, 2023 - 01:57 PM

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server

is sustained and that HPS Process Service & Investigations and the above named individuals are

hereby appointed to serve process in the above captioned matter.


DATE: _____          02/17/2023 _____
                                        DEPUTY COURT ADMINISTRATOR

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Caremark LLC, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _____ day
of _____, 2023 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003055

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff"s/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CAREMARK LLC
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

### PRIVATE PROCESS SERVER

COURT SEAL OF

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

JACKSON COUNTY

17-FEB-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to Bonnie love (name) Intake spec (title).

☐ other _____

Served at   120 S Central Ave, Clayton MO 63105   (address)

in   St Louis   (County/City of St. Louis), MO, on   2/24/2023   (date) at   11 52am   (time).

Martin Hueckel                          Martin Hueckel
Printed Name of Sheriff or Server          Signature of Sheriff or Server

(Seal)   **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on   2/27/2023   (date).

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

My commission expires:   3/14/2025
Date

Nick Zotti
Notary Public

### Sheriff's Fees

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1823**  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Caremark RX, LLC, 1209 Orange Street, Wilmington, DE 19801**. I, _____ADAm GOLDEN_____, being duly sworn, depose and say that on the _23_ day of _FEB_, _2023_ at _1:53_pm., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri and Petition in accordance with state statutes in the manner marked below:

(x) REGISTERED AGENT SERVICE: By serving _____NADIA BELLAMY_____
as _____AUTH. TO ACCEPT_____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _1_ day
of _March_ _2023_ by the affiant who is
personally known to me.

_Thomas M. Marshall_
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003048

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:** 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO  64106 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  CAREMARK RX, LLC
Alias:

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

<u>17-FEB-2023</u>
Date                                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _PROCESS SERVER_ of _NEW CASTLE_ County, _DE_ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☒ (for service on a corporation) delivering a copy of the summons and petition to _NADIA BELLAMY_ (name) _AUTH TO ACCEPT_ (title).
    ☐ other _____

Served at _1209 ORANGE ST_ (address)
in _NEW CASTLE_ County, _DE_ (state), on _2-23-23_ (date) at _1:53 Pm_ (time).
_ADAM GOLDEN_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

        Subscribed and sworn to me before this _1_ (day) _March_ (month) _2023_ (year)
I am:  (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*             ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)
                                           _Thomas M. Marshall_
                                                  Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to officer making return on service of summons

THOMAS M. MARSHALL
COMMISS.
EXPIRES
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only*: **Document ID# 23-SMOS-234**  1  of  2          (2316-CV01801)
                                                            Rules 54.06,54.07,54.14, 54.20; 506.500, 506.510 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 182 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Caremarkpcs Health, LLC, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

_(signature)_

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____ , ____ by the affiant who is
personally known to me.

_(signature)_

NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003060

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | CAREMARKPCS HEALTH, LLC |
|---|---|
| | Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

### PRIVATE PROCESS SERVER

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

Bounce love (name) I make spec (title).

☐ other _____

Served at 120 S. Central Ave, Clayton, MO 63105 (address)

in St Louis (County/City of St. Louis), MO, on 2/24/2023 (date) at 11:52 pm (time).

Montin Avecche _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

(Seal)       **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 2/27/2025 (date).

My commission expires: 3/14/2025 _____
Date          Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

### Sheriff's Fees

| Summons | $ _____ |
|---|---|
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $. ____ per mile) |
| Total | $ _____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1824** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 184 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **CVS Health Corporation, 1209 Orange Street, Wilmington, DE 19801**. I, _____ADAM GOLDEN_____ , being duly sworn, depose and say that on the _23_ day of ___FEB___, _2023_ at _1_ :_53_p.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri and Petition in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _____NADIA BELLAMY_____
as _____AUTH. TO ACCEPT_____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _1_ day
of _March 2023_ by the affiant who is
personally known to me.

_Thomas M. Marshall_
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003049

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CVS HEALTH CORPORATION
Alias:

**1209 ORANGE STREET**
**WILMINGTON, DE  19801**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

17-FEB-2023
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ___PROCESS SERVER___ of ___NEW CASTLE___ County, ___DE___ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☒ (for service on a corporation) delivering a copy of the summons and petition to
      ___NADIA BELLAMY___ (name) ___AUTH. TO. ACCEPT___ (title).
   ☐ other _____

Served at ___1209 ORANGE ST___ (address)
in ___NEW CASTLE___ County, ___DE___ (state), on ___2-23-23___ (date) at ___1:53 P___ (time).

___ADAM GOLDEN___
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and sworn to me before this ___1___ (day) ___March___ (month) ___2023___ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

___Thomas M. Marshall___
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

*See the following page for directions to officer making return on service of summons*

THOMAS M. MARSHALL
COMMISSION
EXPIRES
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **CVS Pharmacy, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____, 2023 by the affiant who is
personally known to me.

NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003054

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br><br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CVS PHARMACY, INC.
　　　　　　　　　　　　　　Alias:
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

COURT SEAL OF
*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
　Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

_Bonnie love_ (name) _Intake spec_ (title).

☐ other _____

Served at _120 S Central Ave, Clayton, MO 63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _2/24/2023_ (date) at _11:52am_ (time).

_Martin Huichel_　　　　　　　_Martin Huichel_
Printed Name of Sheriff or Server　　　Signature of Sheriff or Server

(Seal)
NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _2/27/2023_ (date).

My commission expires: _3/14/2025_
　　　　　　　　Date　　　　　　　Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( ___ miles @ $ _____ per mile) | |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1821** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 188 of 216 and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: ELI LILLY AND COMPANY
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

Bounce love (name) INTAKE spec (title).

☐ other _____

Served at 120 S. Central Ave, clayton, MO 63105 (address)

in ST LOUIS (County/City of St. Louis), MO, on 2/24/2023 (date) at 1152am (time).

Mardin Hredul
Printed Name of Sheriff or Server

Martin Hredul
Signature of Sheriff or Server

(Seal)

Must be sworn before a notary public if not served by an authorized officer:



NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
Date

Nick Zt
Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( miles @ $ _____ per mile) | |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only*: **Document Id # 23-SMCC-1815** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Eli Lilly and Company, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the _____ day
of _____ _____ by the affiant who is
personally known to me.

NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2023003053

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **ESI Mail Pharmacy Service, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _____ day
of _____, 2023 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003061

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br><div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

**The State of Missouri to:** ESI MAIL PHARMACY SERVICE, INC.

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

Alias:

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

_Bounce love_ (name) _Intake spec._ (title).

☐ other _____.

Served at _120 S. Central Ave, Clayton, MO 63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _2/24/2023_ (date) at _11:52am_ (time).

_Martin Kuechle_
Printed Name of Sheriff or Server

_Martin Kuechle_
Signature of Sheriff or Server

_(Seal)_

**Must be sworn before a notary public if not served by an authorized officer:**

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Subscribed and sworn to before me on _2/27/2023_ (date).

My commission expires: _3/14/2025_
Date

_Nick Zitti_
Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: **Document Id # 23-SMCC-1832**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
13, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 192 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                                **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Evernorth Health, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____, 2023 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003056

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | **Case Number:** 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** EVERNORTH HEALTH, INC.

Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

_____ Clerk

JACKSON COUNTY

Further Information:

#### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to Bonnie Love (name) Intake Spec (title).

☐ other _____

Served at 120 S Central Ave, Clayton, MO 63105 (address)

in St Louis (County/City of St. Louis), MO, on 2/24/2023 (date) at 11:52am (time).

Martha Avedel
Printed Name of Sheriff or Server

Martin Avedel
Signature of Sheriff or Server

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
Date

Nick Zu
Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

#### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1825**   1  of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                              **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Express Scripts Administrators, LLC, 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

_Martin Hueckel_

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ___/___ day
of ___March___, ___2023___ by the affiant who is
personally known to me.

_Nick_

NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2023003058

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13450023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2316-CV01801 |
| --- | --- |
| S MARGENE BURNETT | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| JACKSON COUNTY, MISSOURI | MATTHEW LEE DAMERON |
| | WILLIAMS DIRKS DAMERON LLC |
| | 1100 MAIN STREET, SUITE 2600 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent: | Court Address: |
| ELI LILLY AND COMPANY | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO 64106 |
| CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: EXPRESS SCRIPTS ADMINISTRATORS, LLC
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**PRIVATE PROCESS SERVER**

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date                                                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

Brancelove _____ (name) Intake spec _____ (title).

☐ other _____

Served at 120 S. Central Ave, Clayton MO 63105 _____ (address)

in ST Louis _____ (County/City of St. Louis), MO, on 2/24/2023 (date) at 11:52am (time).

Martin Hrechel                                    SMartin Hrechel
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

(Seal)

Must be sworn before a notary public if not served by an authorized officer:

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
                        Date                    Notary Public

### Sheriff's Fees

| | |
| --- | --- |
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 23-SMCC-1829   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 196 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Express Scripts Pharmacy, Inc., 120 South Central Avenue, Clayton, MO 63105.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____, 2025 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003062

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br>(Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** EXPRESS SCRIPTS PHARMACY, INC.
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date                                    Clerk

*JACKSON COUNTY*   Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

_Bonnie loot_ (name) _Intake Spec_ (title).

☐ other _____.

Served at _120 S. Central Ave, Clayton, MO   63105_ (address)

in _STLOUIS_ (County/City of St. Louis), MO, on _2/24/2023_ (date) at _11:52am_ (time).

_Martin Huedul_                    _Martin Huedul_
Printed Name of Sheriff or Server       Signature of Sheriff or Server

*(Seal)*   Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _2/27/2023_ (date).

My commission expires: _3/14/2025_
Date                         Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

**Sheriff's Fees**

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**　　　　　　　　**County of Jackson**　　　　　　　　**Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Express Scripts, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the _____ day
of _____, _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003057

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **EXPRESS SCRIPTS, INC.**
Alias:

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

**JACKSON COUNTY**

# PRIVATE PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to
Bonnie Love (name) Intake spec (title).
☐ other _____

Served at 120 S Central Ave, Clayton, MO 63105 (address)
in St Louis (County/City of St. Louis), MO, on 2/24/2023 (date) at 11:52AM (time).

Martha Huecker                    Martha Huecker
Printed Name of Sheriff or Server         Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
Date                                    Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( ___ miles @ $ ___ per mile) |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only*: **Document Id # 23-SMCC-1827**   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                              **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Medco Health Solutions, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I**:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _____ day
of _____ , _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003063

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | MEDCO HEALTH SOLUTIONS, INC. |
|---|---|
| | Alias: |

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

**JACKSON COUNTY**    Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to _Bonnie Cox_ (name) _Intake Spec._ (title).

☐ other _____.

Served at _120 S Central Ave Clayton, MO 63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _2/24/2023_ (date) at _1152 AM_ (time).

_Martin Huedul_    _Martin Huedul_
Printed Name of Sheriff or Server    Signature of Sheriff or Server



_(Seal)_

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _2/27/2023_ (date).

My commission expires: _3/14/2025_
Date

_____
Notary Public

**Sheriff's Fees**

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1830**  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Novo Nordisk Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

_Martin Hueckel_

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____, 2023 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003059

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO  64106<br><br>(Date File Stamp) |

### Summons in Civil Case

| The State of Missouri to: NOVO NORDISK INC.<br><br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | Alias:<br><br>## PRIVATE PROCESS SERVER |
|---|---|

<table>
<tr>
<td><strong>COURT SEAL OF</strong><br><br>JACKSON COUNTY</td>
<td>You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.<br><br>17-FEB-2023<br>Date       Clerk<br><br>Further Information:</td>
</tr>
</table>

#### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

     Brandi Love (name)   Intake spec. (title).

☐ other _____

Served at   120 S Central Ave, Clayton, MO  63105 (address)

in   St Louis (County/City of St. Louis), MO, on   2/24/2023 (date) at   11:52am (time).

   Martin Kueckel _____   Martin Kueckel
Printed Name of Sheriff or Server      Signature of Sheriff or Server

*(Seal)*    Must be sworn before a notary public if not served by an authorized officer:

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Subscribed and sworn to before me on   2/27/2023 (date).

My commission expires:   3/14/2025 _____
           Date         Notary Public

#### Sheriff's Fees

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ S. _____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1818** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 204 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:**<br>S MARGENE BURNETT | **Case Number:** 2316-CV01801 |
| **Plaintiff's/Petitioner:**<br>JACKSON COUNTY, MISSOURI<br><br>vs. | **Plaintiff's/Petitioner's Attorney/Address:**<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| **Defendant/Respondent:**<br>ELI LILLY AND COMPANY<br><br>**Nature of Suit:**<br>CC Other Tort | **Court Address:**<br>415 E 12th<br>KANSAS CITY, MO 64106<br><br><br>(Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: OPTUM INC.
Alias:

**1209 ORANGE STREET**
**WILMINGTON, DE 19801**

*COURT SEAL OF*

*JACKSON COUNTY*

## PRIVATE PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

17-FEB-2023
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ___PROCESS SERVER___ of ___NEW CASTLE___ County, ___DE___ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☒ (for service on a corporation) delivering a copy of the summons and petition to ___NADIA BELLAMY___ (name) ___AUTH. TO ACCEPT___ (title).
   ☐ other _____

Served at ___1209 ORANGE ST___ (address)
in ___NEW CASTLE___ County, ___DE___ (state), on ___2-23-23___ (date) at ___1:53P___ (time).

___ADAM GOLDEN___
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn** to me before this ___1___ (day) ___March___ (month) ___2023___ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
*(Seal)*                ☐ the judge of the court of which affiant is an officer.
                       ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                       ☐ authorized to administer oaths. (use for court-appointed server)
                       ___Thomas M. Marshall___
                                               Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____  ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

*Notary seal:* THOMAS M. MARSHALL — COMMISSION — SEPT. 28, 2024 — NOTARY PUBLIC — STATE OF DELAWARE

See the following page for directions to officer making return on service of summons.

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only*: **Document ID# 23-SMOS-236**   1 of 2          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 205 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Jackson**                **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Optum, Inc., 1209 Orange Street, Wilmington, DE 19801.** I, _____ADAM GOLDEN_____ , being duly sworn, depose and say that on the __23__ day of ___FEB___ , 2023 at _1_ : _53_ p.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri and Petition in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving ___NADIA BELLAMY___
as ___AUTH. TO ACCEPT___ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _1_ day
of ___March___ , 2023 by the affiant who is
personally known to me.

_Thomas M. Marshall_
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003050

THOMAS M. MARSHALL
MY COMMISSION
EXPIRES
SEPT. 2b, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                     **County of Jackson**                     **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Optuminsight, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

*Martin Hueckel*

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ⁷⁸ day
of  Fᵉbᵘᵃʳʸ , 2023  by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2023003065

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Other Tort | KANSAS CITY, MO 64106 |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: | OPTUMINSIGHT, INC. |
|---|---|

120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

Alias:

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to

Bianca Cole (name) Intake spec (title).

☑ other _____

Served at 120 S. Central Ave. Clayton, MO 63105 (address)

in STLOUIS (County/City of St. Louis), MO, on 2/24/2023 (date) at 1152am (time).

Martin Huechel _____ Martin Huechel

Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

*(Seal)* Must be sworn before a notary public if not served by an authorized officer:

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
Date

Notary Public

### Sheriff's Fees

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( _____ miles @ $. _____ per mile) |
| Total | $ |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1856** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 208 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO  64105 |
| vs. | |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: OPTUMRX HOLDINGS, LLC
Alias:

1209 ORANGE STREET
WILMINGTON, DE  19801

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**JACKSON COUNTY**

17-FEB-2023
_____ Date          _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _PROCESS SERVER_ of _NEW CASTLE_ County, _DE_ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☒ (for service on a corporation) delivering a copy of the summons and petition to _NADIA BELLAMY_ (name) _AUTH. TO ACCEPT_ (title).
    ☐ other _____

Served at _1209 ORANGE ST_ (address)
in _NEW CASTLE_ County, _DE_ (state), on _2-23-23_ (date) at _1:53 P_ (time).

_ADAM GOLDEN_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and sworn to me before this _1_ (day) _March_ (month) _2023_ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths. (use court-appointed server)

_(Seal)_
_Thomas M. Marshall_
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to officer making return on service of summons.

THOMAS M. MARSHALL
COMMISSION
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **OptumRX Holdings, LLC, 1209 Orange Street, Wilmington, DE 19801**. I, _Adam Golden_, being duly sworn, depose and say that on the _23_ day of _Feb_, 2023 at _1:53_ p.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri and Petition in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _Nadia Bellamy_
as _Auth. to Accept_ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as_____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _1_ day
of _March_, _2023_ by the affiant who is
personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003052

THOMAS M. MARSHALL
MY COMMISSION
EXPIRES
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**

vs.

Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Optumrx, Inc., 120 South Central Avenue, Clayton, MO 63105**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of February, 2023** at **11:52 am, I**:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Bonnie Love, Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ____ day
of _____ 2023 by the affiant who is
personally known to me.

**NOTARY PUBLIC**

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2023003064

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2316-CV01801 |
|---|---|
| S MARGENE BURNETT | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| JACKSON COUNTY, MISSOURI | MATTHEW LEE DAMERON |
| | WILLIAMS DIRKS DAMERON LLC |
| | 1100 MAIN STREET, SUITE 2600 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent: | Court Address: |
| ELI LILLY AND COMPANY | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO 64106 |
| CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: OPTUMRX, INC. | |
|---|---|
| 120 SOUTH CENTRAL AVENUE | Alias: |
| CLAYTON, MO 63105 | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-FEB-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to

Bonnie Love (name) Intake spec (title).

☐ other

Served at 120 S Central Central Ave, Clayton, MO 63105 (address)

in STLOUIS (County/City of St. Louis), MO, on 2/24/2023 (date) at 1:15 epm (time).

Martin Heard
Printed Name of Sheriff or Server

Martin Heard
Signature of Sheriff or Server

*(Seal)*

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on 2/27/2023 (date).

My commission expires: 3/14/2025
Date

Nick Z
Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1838**   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 212 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                     **County of Jackson**                     **Circuit Court**

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **Sanofi-Aventis, U.S., LLC, 221 Bolivar Street, Jefferson City, MO 65101.** I, _Dino M. Roberts_ , being duly sworn, depose and say that on the _23_ day of _FEB_ , 20_23_ at _2 20_ p.m., executed service by delivering a true copy of the Summons in Civil Case and Petition in accordance with state statutes in the manner marked below:

(✓) REGISTERED AGENT SERVICE: By serving _Lauren Shipley_ _____
as _designee_ _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _23_ day
of _February_ , _2023_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PPS23-0156_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003047

JARON DAVID SKILES
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
My Commission Expires 12/28/2026
Commission # 22321794

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>S MARGENE BURNETT | Case Number: 2316-CV01801 |
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW LEE DAMERON<br>WILLIAMS DIRKS DAMERON LLC<br>1100 MAIN STREET, SUITE 2600<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ELI LILLY AND COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | SANOFI-AVENTIS U.S. LLC<br>Alias: |

**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

17-FEB-2023
Date

_____
Clerk

Further Information:

---

**Sheriff's or Server's Return**

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to

LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other

Served at 221 BOLIVAR ST., JEFFERSON CITY, MO 6510I (address)

in COLE (County/City of St. Louis), MO, on 02/23/23 (date) at 2:20 PM (time).

DAVID M. ROBERTS                    D Moses
Printed Name of Sheriff or Server        Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 02/23/23 (date).

My commission expires: 12/28/2026        Jaron David Skiles
Date                                    Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( ____ miles @ $._____ per mile) |
| Total | $_____ |

JARON DAVID SKILES
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
My Commission Expires 12/28/2026
Commission # 22321794

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

---

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM



**IN THE** 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, **MISSOURI**

| Judge or Division: | Case Number: 2316-CV01801 |
|---|---|
| S MARGENE BURNETT | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| JACKSON COUNTY, MISSOURI | MATTHEW LEE DAMERON |
| | WILLIAMS DIRKS DAMERON LLC |
| | 1100 MAIN STREET, SUITE 2600 |
| vs. | KANSAS CITY, MO  64105 |
| Defendant/Respondent: | Court Address: |
| ELI LILLY AND COMPANY | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO  64106 |
| CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **UNITEDHEALTH GROUP, INC.**
Alias:

1209 ORANGE STREET
WILMINGTON, DE  19801

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

17-FEB-2023
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ~~PROCESS SERVER~~ of ~~NEW CASTLE~~ County, ~~DE~~ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☒ (for service on a corporation) delivering a copy of the summons and petition to ~~NADIA BELLAMY~~ (name) ~~AUTH. TO ACCEPT~~ (title).
   ☐ other _____

Served at ~~1209 ORANGE ST~~ (address)
in ~~NEW CASTLE~~ County, ~~DE~~ (state), on ~~2-23-23~~ (date) at ~~1:53p~~ (time).

~~Adam Golden~~
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and sworn to me before this ~~1~~ (day) ~~March~~ (month) ~~2023~~ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

~~Thomas M. Marshall~~
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ |

See the following page for directions to officer making return on service of summons.

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only*: Document ID# **23-SMOS-235**  1 of 2          **(2316-CV01801)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:23-cv-00206-FJG   Document 1-3   Filed 03/27/23   Page 215 of 216

Electronically Filed - Jackson - Kansas City - March 10, 2023 - 11:13 AM

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Jackson                    Circuit Court

Case Number: 2316-CV01801

Plaintiff/Petitioner:
**JACKSON COUNTY, MISSOURI**
vs.
Defendant/Respondent:
**ELI LILLY AND COMPANY, et al.**

Received by HPS Process Service & Investigations to be served on **UnitedHealth Group, Inc., 1209 Orange Street, Wilmington, DE 19801**. I, ____ADAM GOLDEN____ , being duly sworn, depose and say that on the __23__ day of __FEB__ , 2023 at __1__ :__53__ pm., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri and Petition in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving ____NADIA BELLAMY____
as ____AUTH. TO ACCEPT____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving ____
as ____ for the above-named entity.

( ) CORPORATE SERVICE: By serving ____
as ____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:____
____
____
____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the __1__ day of __March__ , __2023__ by the affiant who is personally known to me.

_Thomas M. Marshall_
NOTARY PUBLIC

PROCESS SERVER # ____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023003051

THOMAS M. MARSHALL
MY COMMISSION
EXPIRES
SEPT. 28, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i